**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

TRUEPOSITION, INC.

Plaintiff,

vs.

LM ERICSSON TELEPHONE COMPANY
(TELEFONAKTIEBOLAGET LM ERICSSON),

QUALCOMM, INC.,

ALCATEL LUCENT, S.A.,

THIRD GENERATION PARTNERSHIP
PROJECT a/k/a 3GPP,

and

EUROPEAN TELECOMMUNICATIONS
STANDARDS INSTITUTE

Defendants.

Case No. 2:11-cv-4574

Oral Argument Requested

**DEFENDANT ALCATEL LUCENT'S MOTION TO DISMISS**

PLEASE TAKE NOTICE, that for the reasons set forth in the Memorandum of

Law in Support of Defendant Alcatel Lucent's Motion to Dismiss and the accompanying

papers, Section III(B) of the Memorandum of Law in Support of Defendant ETSI's

Motion to Dismiss, and Sections II and III of the Memorandum of Law in Support of

Defendant Ericsson's Motion to Dismiss, Defendant Alcatel Lucent respectfully requests

that the Court dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1), 12(b)(2), and

12(b)(6) of the Federal Rules of Civil Procedure.

In particular:

(1)     The action should be dismissed pursuant to Rule 12(b)(1) because Plaintiff lacks standing and because the controversy is not ripe for adjudication.  Accordingly, there is no "case" or "controversy" within Article III of the Constitution, and the Court therefore lacks jurisdiction over the subject matter.  *See* Memorandum of Law in Support of Defendant ETSI's Motion to Dismiss, Section III(B).

(2)     The action should be dismissed pursuant to Rule 12(b)(2) because the Court lacks personal jurisdiction over Alcatel Lucent, which is a French *societe anonyme* with offices, directors, officers, and employees only in France, and without the requisite contacts with the United States.  *See* Memorandum of Law in Support of Defendant Alcatel Lucent's Motion to Dismiss, Section I.

(3)     The action should be dismissed pursuant to Rule 12(b)(6) because, despite its immense length, Plaintiff's Complaint fails to allege facts sufficient to show plausibly any conspiracy involving Alcatel Lucent, and therefore fails to allege a violation of Section 1 or Section 2 of the Sherman Act.  *See* Memorandum of Law in Support of Defendant Alcatel Lucent's Motion to Dismiss, Section II.  The Complaint also fails to allege facts showing that Alcatel Lucent had the necessary specific intent to monopolize a relevant market or that Plaintiff has standing to pursue a claim based on the Radio Access Network equipment market, which are additional bases for dismissal of the Sherman Act claims.  *See* Memorandum of Law in Support of Defendant Ericsson's Motion to Dismiss, Sections II and III.

October 11, 2011

Respectfully submitted,

_____*/s/ Francis P. Newell*
Francis P. Newell
Peter M. Ryan
**Cozen O'Connor**
1900 Market Street
Philadelphia, Pennsylvania 19103
(215) 665-2000

A. Stephen Hut, Jr.
Ali M. Stoeppelwerth
Brian Boynton
**Wilmer Cutler Pickering Hale and Dorr LLP**
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6000
**Counsel for Alcatel Lucent**