# HARKINS CUNNINGHAM LLP

*Attorneys at Law*

2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103-7042

Telephone 215.851.6700
Facsimile 215.851.6710

Writer's Direct Dial
(215) 851-6701
jharkins@harkinscunningham.com

October 27, 2011

The Honorable Robert F. Kelly
United States District Court for the
Eastern District of Pennsylvania
601 Market Street
Room 11613
Philadelphia, PA 19106

Re: *TruePosition, Inc. v. LM Ericsson Telephone Company, et al.*
Civil Action No. 2:11-cv-04574

Dear Judge Kelly:

We respond to the letter of Mr. Brooks, counsel for Qualcomm, sent to Your Honor yesterday to call attention to the Third Circuit's decision in *Burtch v. Milberg Factors, Inc.*, 2011 WL 5027511 (3rd Cir. October 24, 2011).

We disagree with Qualcomm's suggestion that the case in any way requires a plaintiff to show probability, or even greater plausibility. The Court in *Burtch* emphasized that the touchstone under *Twombly* remains plausibility. *Id.* at *5. *Burtch* does not stand for the proposition that a plaintiff must show that its claim is more plausible than the defendants' theory. Specifically, the Court agreed that the plaintiff had alleged only an exchange of credit information which, as a matter of law, does not give rise to a claim for price fixing under Sherman Act Section 1. *Id.* at *7-8. Further, the Court concurred that the allegations did not suggest collusion in fact (*i.e.*, certain defendants continued to extend credit to the plaintiff during the alleged conspiracy). No motive to collude was pled, and the defendants' denials of credit were rational independent responses to the plaintiff's worsening credit situation. Thus, the complaint in *Burtch* was dismissed because the facts and inferences did not give rise to a plausible allegation of conspiracy, not because the defendants' theory was "more likely." *Id* at *13.

Respectfully submitted,

John G. Harkins, Jr.

cc: Counsel of Record (via email)