IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUEPOSITION, INC.,<br>        Plaintiff,<br><br>v.<br><br>LM ERICSSON TELEPHONE COMPANY (Telefonaktiebolaget LM Ericsson), QUALCOMM INC., ALCATEL-LUCENT, S.A., THIRD GENERATION PARTNERSHIP PROJECT a/k/a 3GPP, and EUROPEAN TELECOMMUNICATIONS STANDARDS INSTITUTE,<br>        Defendants. | CIVIL ACTION<br>2:11-cv-04574-RFK |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
EUROPEAN TELECOMMUNICATIONS STANDARDS
INSTITUTE'S MOTION FOR AN ORDER EXTENDING ETSI'S TIME TO
RESPOND TO TRUEPOSITION, INC.'S AMENDED COMPLAINT**

A/74759257.1

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................................. 1
II. STATEMENT OF FACTS .......................................................................................... 2
III. ARGUMENT ............................................................................................................... 4
    A. ETSI's Renewed Motion to Dismiss Will Not Be Ripe Until Jurisdictional Discovery Is Complete ..................................................................... 4
    B. The Court Should Not Consider Any Rule 12 Motion By ETSI Until Personal Jurisdiction Is Determined And The Stipulated Schedule Agreed By TruePosition And The Corporate Defendants Is Not Appropriate For ETSI ............................................................................................. 5
    C. ETSI's Requested Schedule For Responding To The Amended Complaint Will Avoid Judicial Waste And Burden To ETSI, And Will Not Prejudice TruePosition ............................................................................................ 7
IV. CONCLUSION ............................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Am. Bd. of Internal Med. v. Todor*,
   Civil Action No. 10-CV-2678, 2011 WL 344077 (E.D. Pa. Feb. 1, 2011) .................5

*Amkor Tech., Inc. v. Alcatel Bus. Sys.*,
   278 F. Supp. 2d 519 (E.D. Pa. 2003) .................4

*Bird v. Parsons*,
   289 F.3d 865 (6th Cir. 2002) .................6

*Bowers v. Nat'l Collegiate Athletic Ass'n*,
   346 F.3d 402 (3d Cir. 2003) .................6

*Central Wesleyan College v. W.R. Grace & Co.*,
   143 F.R.D. 628 (D.S.C. 1992) .................5

*Chartener v. Provident Mut. Life Ins. Co.*,
   No. Civ. A. 02-8045, 2003 WL 22518526 (E.D. Pa. Oct. 22, 2003) .................7

*Cirino-Encarnacion v. Concilio De Salud Integral De Loiza, Inc.*,
   317 F.3d 69 (1st Cir. 2003) .................4

*Ex parte McCardle*,
   7 Wall. 506, 19 L. Ed. 264 (1868) .................6

*Focht v. Sol Melia S.A.*,
   No. C-10-0906 EMC, 2012 WL 162564 (N.D. Cal. Jan. 19, 2012) .................6

*Haemoscope Corp. v. Pentapharm AG*,
   No. 02 C 4261, 2002 WL 31749195 (N.D. Ill. Dec. 9, 2002) .................6

*Just Enters., Inc. v. O'Malley & Langan, P.C.*,
   560 F. Supp. 2d 345 (M.D. Pa. 2008) .................7

*Landis v. North Am. Co.*,
   299 U.S. 248 (1936) .................7

*Madara v. Hall*,
   916 F.2d 1510 (11th Cir. 1990) .................6

*Marra v. Papandreou*,
   216 F.3d 1119 (D.C. Cir. 2000) .................6

## TABLE OF AUTHORITIES
(cont'd.)

**Page(s)**

*Malaysia Int'l Shipping Corp. v. Sinochem Int'l Co.*,
   436 F.3d 349 (3d Cir. 2006) ............................................................................. 7

*Mansfield, C. & L.M.R. Co. v. Swan*,
   111 U.S. 379 (1884) .......................................................................................... 6

*Ruhrgas AG v. Marathon Oil Co.*,
   526 U.S. 574 (1999) .......................................................................................... 5

*Sokolow v. Palestine Liberation Org.*,
   No. 04 CV 00397(GBD), 2011 WL 1345086 (S.D.N.Y. Mar. 30, 2011) ........... 5

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) ........................................................................................ 6, 7

*Tagayun v. Lever & Stolzenberg*,
   239 Fed. Appx. 708 (3d Cir. 2007) ................................................................... 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 6(b) ................................................................................................. 1

Fed. R. Civ. P. 6(b)(1) ............................................................................................ 4

Fed. R. Civ. P. 12(b)(1) ...................................................................................... 2, 4

Fed. R. Civ. P. 12(b)(2) ................................................................................... 2, 4, 7

Fed. R. Civ. P. 12(b)(6) ................................................................................ 2, 4, 5, 6

Defendant European Telecommunications Standards Institute ("ETSI") submits this Memorandum of Law in support of its Motion, pursuant to Fed. R. Civ. P. 6(b), for an Order extending ETSI's time to respond to the Amended Complaint of plaintiff TruePosition, Inc. ("TruePosition") until 30 days after jurisdictional discovery of ETSI has been completed.

## I.     PRELIMINARY STATEMENT

TruePosition filed its Amended Complaint on February 3, 2012. Absent an extension, ETSI's response to the Amended Complaint would be due on February 21, 2012. As permitted by this Court's January 6, 2012 Order, however, TruePosition is currently seeking jurisdictional discovery of ETSI that is not likely be completed for several months.

Because any motion by ETSI directed to the Amended Complaint would be unripe while jurisdictional discovery is ongoing, ETSI's counsel asked TruePosition's counsel to stipulate to an extension of ETSI's time to respond to the Amended Complaint until after jurisdictional discovery has been completed. TruePosition's counsel refused that request, stating that no extension for ETSI to respond to the Amended Complaint would be agreeable, because TruePosition wanted to "move the whole case forward." TruePosition's counsel further advised that an extension for the corporate defendants would be agreeable, and it has been so stipulated by those parties.

TruePosition's stance is unreasonable. By refusing to agree to an extension for ETSI's response to the Amended Complaint as requested, TruePosition is seeking to force ETSI to file a premature and unripe motion to dismiss that this Court could not consider until after jurisdictional discovery is complete, at which time additional briefing by both parties would be necessary. Such an approach would both waste judicial resources and impose unnecessary burdens on ETSI. Moreover, TruePosition would suffer no prejudice from the schedule proposed by ETSI, because any motion to dismiss the Amended Complaint by ETSI, whether on

jurisdictional or substantive grounds, is unripe and would not in all events be heard by the Court until after jurisdictional discovery is completed.

In these circumstances, good cause exists for an Order extending ETSI's time to respond to TruePosition's Amended Complaint until 30 days after the completion of jurisdictional discovery.

## II.   STATEMENT OF FACTS

On October 11, 2011, ETSI moved to dismiss TruePosition's original complaint as against ETSI pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6). (Dkt. 64).

On January 6, 2012, this Court granted ETSI's motion to dismiss for lack of personal jurisdiction due to TruePosition's failure to make a *prima facie* showing that general jurisdiction could be exercised over ETSI. (Dkt. 86 at 34). Because it found that personal jurisdiction was lacking, the Court did not reach the merits of ETSI's motions under Rules 12(b)(1) and 12(b)(6). (Dkt. 86 at 21).

Although the Court granted ETSI's motion to dismiss, it allowed TruePosition the opportunity to take limited jurisdictional discovery concerning ETSI's "relationships with various [standard-setting organizations] and entities" in the United States such as the U.S. Department of Transportation and ETSI licensees, to determine whether those relationships "are the type that will cause [ETSI] to engage in 'continuous and substantial' contacts with the United States." (Dkt. 86 at 33-34).

On January 13 and 18, 2012, TruePosition served requests for jurisdictional discovery on ETSI by sending them to ETSI's counsel of record by e-mail and first class mail, rather than by issuing them pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil and

Commercial Matters (the "Hague Convention").[1]  As ETSI's counsel had previously advised TruePosition, ETSI faces potential criminal liability under French law if it responds to discovery requests that do not comply with the Hague Convention.  As a result, ETSI's counsel asked TruePosition's counsel to withdraw the discovery requests and to re-serve them under the Hague Convention.  ETSI advised TruePosition that upon such service, ETSI would respond to the discovery permitted by the Court's January 6, 2012 Order, subject to properly asserted objections.[2]  TruePosition refused that request, and ETSI filed a motion for a protective order that is currently pending before this Court. (Dkt. 89).  Regardless how that motion is resolved, it will likely be several months before jurisdictional discovery is complete.

On February 3, 2012, TruePosition filed its Amended Complaint. (Dkt. 90).  The Amended Complaint alleges the same contacts between ETSI and the United States that the Court already determined to be jurisdictionally inadequate. (*See id.* at ¶ 15).

On February 9, 2012, ETSI requested, through counsel, that TruePosition consent to an extension of ETSI's time to respond to the Amended Complaint until after the jurisdictional discovery permitted by the Court is complete.[3]  The following day, counsel for TruePosition responded by e-mail that TruePosition would not "consent to an extension for ETSI to file whatever it wants to file in response to the Amended Complaint."[4]  When ETSI's counsel requested an explanation for the basis for this position, TruePosition's counsel responded that TruePosition "want[ed] to move the whole case forward."[5]

---

[1] Declaration Of William S.D. Cravens In Support Of Defendant European Telecommunications Standards Institute's Motion For An Order Extending ETSI's Time To Respond To TruePosition, Inc.'s Amended Complaint, dated February 16, 2012 ("Cravens Decl."), ¶¶ 2-4 and Exhs. A-C.

[2] *See id.*, Exh. D.

[3] *See* Cravens Decl., ¶ 6.

[4] *Id.*, Exh. E.

[5] *Id.* However, had TruePosition sought jurisdictional discovery through the Hague Convention from the outset, or when requested by ETSI to do so, the discovery process would have already been much further along and the

### III. ARGUMENT

Fed. R. Civ. P. 6(b)(1) provides that "[w]hen an act ... must be done within a specified time, the court may, for good cause, extend the time" if the request is made "before the original time or its extension expires." For the reasons set forth below, good cause exists to extend ETSI's time to respond to the Amended Complaint until after jurisdictional discovery is complete.

**A. ETSI's Renewed Motion to Dismiss Will Not Be Ripe Until Jurisdictional Discovery Is Complete.**

Courts have recognized that where jurisdictional discovery from a party has been authorized, any motion to dismiss by that party – whether pursuant to Rules 12(b)(1), 12(b)(2), or 12(b)(6) – is not ripe until the permitted discovery is complete. *See Amkor Tech., Inc. v. Alcatel Bus. Sys.*, 278 F. Supp. 2d 519, 520 (E.D. Pa. 2003) ("The jurisdictional discovery has now been completed, and the motion to dismiss [for lack of personal jurisdiction and for failure to state a claim] is now ripe for decision."); *cf. Cirino-Encarnacion v. Concilio De Salud Integral De Loiza, Inc.*, 317 F.3d 69, 72 (1st Cir. 2003) (reversing and remanding decision by district court granting motion to dismiss for lack of personal jurisdiction where court-ordered jurisdictional discovery remained outstanding at the time the motion was decided).[6]

Here, the jurisdictional discovery authorized by the Court has not been completed – and will not be completed for several months.[7] Accordingly, if ETSI were forced to renew its motion to dismiss at this time, the motion would be, *inter alia*, directed to the same jurisdictional facts and arguments that the Court addressed in its January 6, 2012 Order, and would be plainly

---

completion of jurisdictional discovery would occur much sooner. TruePosition's own actions, thus, belie its interest in "moving the case forward," at least with respect to ETSI.

[6] *See also Focht v. Sol Melia S.A.*, No. C-10-0906 EMC, 2012 WL 162564, at *1 (N.D. Cal. Jan. 19, 2012) ("The jurisdictional discovery now has been completed, and thus the motion to dismiss for lack of personal jurisdiction is now ripe for resolution.").

[7] While the jurisdictional discovery would likely take several months regardless, TruePosition has, by its refusal to serve its discovery on ETSI pursuant to the Hague Convention, significantly delayed this discovery. *See supra* n.5.

premature. *See Sokolow v. Palestine Liberation Org.*, No. 04 CV 00397(GBD), 2011 WL 1345086, at *1 (S.D.N.Y. Mar. 30, 2011) (noting that Defendants "prematurely renewed their motion to dismiss for lack of personal jurisdiction" while court-authorized jurisdictional discovery remained on-going, but that "[a]fter the Magistrate Judge declared discovery complete, Defendants properly filed the instant motion to dismiss").[8] So long as jurisdictional discovery is ongoing, ETSI should not be compelled to file a motion that is not ripe for the Court's consideration.

**B.     The Court Should Not Consider Any Rule 12 Motion By ETSI Until Personal Jurisdiction Is Determined And The Stipulated Schedule Agreed By TruePosition And The Corporate Defendants Is Not Appropriate For ETSI.**

Nor is it appropriate, or efficient, for ETSI to join in the corporate defendants' motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) while jurisdictional discovery relating to ETSI is proceeding, or for ETSI to make its own motion on the same schedule as the corporate defendants.

By stipulation, approved by the Court, TruePosition and the corporate defendants have agreed to a schedule for the corporate defendants to move to dismiss the Amended Complaint by March 16, 2012, with briefing to be completed by May 7, 2012. (Dkt. 93). Pursuant to the stipulation, the briefing by the corporate defendants will commence prior to the completion of jurisdictional discovery involving ETSI.[9] Jurisdiction to determine whether the Amended Complaint states a claim against ETSI, however, "requires both authority over the category of claim in suit (subject matter jurisdiction) and authority over the parties (personal jurisdiction) so that the court's decision will bind them." *Am. Bd. of Internal Med. v. Todor*, Civil Action No.

---

[8] *See also Central Wesleyan College v. W.R. Grace & Co.*, 143 F.R.D. 628, 646 (D.S.C. 1992) ("In light of this court's finding that certain jurisdictional discovery is appropriate, the Defendants['] ... motions to dismiss are denied at this time. The court believes that this jurisdictional discovery *must* occur before any ruling can be issued on the motions to dismiss, and that adjudication of the issues presented at this time would be *premature. Once discovery is complete*, the defendants may renew or file new motions to dismiss.") (emphasis added).

10-CV-2678, 2011 WL 344077, at *2 (E.D. Pa. Feb. 1, 2011) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)). Until both forms of jurisdiction have been established, "the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L. Ed. 264 (1868)); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 416 (3d Cir. 2003) (courts must "answer questions concerning Article III jurisdiction before reaching other questions"). "The requirement that jurisdiction be established is *inflexible and without exception.*" *Steel Co.*, 523 U.S. at 94 (emphasis added) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

Pursuant to this jurisdictional requirement, courts have consistently held that personal jurisdiction should be determined before a motion to dismiss for failure to state a claim may be considered. *See, e.g., Bird v. Parsons*, 289 F.3d 865, 872 (6th Cir. 2002) ("Although it is tempting to avoid addressing Bird's novel theory of personal jurisdiction [and] proceed directly to [the merits of his Rule 12(b)(6) motion], the Supreme Court [in *Steel Co.*] foreclosed this possibility.").[10]

As explained above, ETSI's renewed motion to dismiss for lack of personal jurisdiction will not be ripe until jurisdictional discovery of ETSI is complete. Because personal jurisdiction cannot be determined until that time, the Court also should not consider the merits of any motion by ETSI to dismiss for failure to state a claim before jurisdictional discovery has been completed. *See Steel Co.*, 523 U.S. at 94; *Tagayun v. Lever & Stolzenberg*, 239 Fed. Appx. 708, 710 (3d Cir. 2007) ("Personal jurisdiction is ... 'an essential element of the jurisdiction of a

---

[9] As noted, ETSI's motion for a protective order to have discovery pursued through the Hague Convention is still pending, and once a decision is made on that motion, the actual discovery will have to proceed.

[10] *See also Marra v. Papandreou*, 216 F.3d 1119, 1122 (D.C. Cir. 2000) ("[A] federal court must establish its jurisdiction to hear a case before adjudicating its merits," including personal jurisdiction); *Madara v. Hall*, 916 F.2d 1510, 1513-14 (11th Cir. 1990) (reversing district court decision granting Rule 12(b)(6) motion where court decided that motion "before it ruled on his 12(b)(2) motion.... The court should have addressed the personal jurisdiction question first"); *Haemoscope Corp. v. Pentapharm AG*, No. 02 C 4261, 2002 WL 31749195, at *9 (N.D. Ill. Dec. 9,

district ... court, without which the court is powerless to proceed to an adjudication.'") (quoting *Malaysia Int'l Shipping Corp. v. Sinochem Int'l Co.*, 436 F.3d 349, 358 (3d Cir. 2006)). Thus, if ETSI were directed to renew its motion to dismiss on the schedule agreed by TruePosition with the corporate defendants or prior to the completion of jurisdictional discovery – *i.e.*, before personal jurisdiction can be determined – such a direction would run afoul of *Steel Co.*, and should be rejected.

C. **ETSI's Requested Schedule for Responding to the Amended Complaint Will Avoid Judicial Waste and Burden to ETSI, and Will Not Prejudice TruePosition.**

Requiring ETSI to prematurely renew its motion would also result in the exact type of inefficiency, undue burden and waste of resources that courts have the power and duty to avoid. *See Chartener v. Provident Mut. Life Ins. Co.*, No. Civ. A. 02-8045, 2003 WL 22518526, at *1 (E.D. Pa. Oct. 22, 2003) (stating that courts have the inherent power to "control the disposition of the cases on its docket with economy of time and effort for itself, counsel, and for litigants") (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Just Enters., Inc. v. O'Malley & Langan, P.C.*, 560 F. Supp. 2d 345, 353 (M.D. Pa. 2008) (noting court's "responsibility to manage its docket in an efficient fashion").

If ETSI were required to renew its motion prior to the completion of jurisdictional discovery, the inefficiencies would be two-fold. *First*, ETSI would be burdened with the preparation of a motion that will not be ripe until jurisdictional discovery is completed. *Second*, because the ultimate resolution of ETSI's Rule 12(b)(2) motion will require consideration of evidence produced during that discovery, additional briefing would be necessary at that time. Neither the Court nor ETSI will benefit from such inefficient proceedings.

---

2002) ("[T]he court cannot rule on Pentapharm AG's motion to dismiss for failure to state a claim unless and until it determines that Pentapharm AG is subject to personal jurisdiction in this court.") (citing *Steel Co.*, 523 U.S. at 94).

Nor will TruePosition suffer any prejudice if ETSI's time to respond is extended until after jurisdictional discovery is completed. Indeed, its professed desire to "move the whole case forward" is in no way served by its insistence upon proceeding in an inefficient and wasteful manner that would require briefing before and after jurisdictional discovery is completed, and would in all events not properly result in a decision on ETSI's motion until after that discovery is completed.

## IV. CONCLUSION

For the foregoing reasons, ETSI respectfully requests that its Motion for an Order extending ETSI's time to respond to TruePosition's Amended Complaint until 30 days after jurisdictional discovery of ETSI is completed be granted.

Dated: February 16, 2012

                          BINGHAM MCCUTCHEN LLP

By: /s/ Richard S. Taffet
Richard S. Taffet, *admitted pro hac vice*
Derek Care, *admitted pro hac vice*
399 Park Avenue
New York, NY 10022-4689
(212) 705-7729
richard.taffet@bingham.com
derek.care@bingham.com

William S.D. Cravens, *admitted pro hac vice*
**BINGHAM McCUTCHEN LLP**
william.cravens@bingham.com
2020 K Street N.W.
Washington, DC 20006-1806
(202) 373-6083
william.cravens@bingham.com

Stephen W. Armstrong
123 South Broad Street
Philadelphia, PA 19109
**MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP**
(215) 772-7552
sarmstrong@mmwr.com

*Attorneys for Defendant
European Telecommunications Standards Institute*