# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUEPOSITION, INC., <br>                                Plaintiff, <br><br>      v. <br><br> LM ERICSSON TELEPHONE COMPANY <br> (Telefonaktiebolaget LM Ericsson), QUALCOMM <br> INC., ALCATEL-LUCENT, S.A., THIRD <br> GENERATION PARTNERSHIP PROJECT a/k/a <br> 3GPP, and EUROPEAN TELECOMMUNICATIONS <br> STANDARDS INSTITUTE, <br>                                Defendants. | CIVIL ACTION <br> 2:11-cv-04574-RFK |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EUROPEAN TELECOMMUNICATIONS STANDARDS INSTITUTE'S MOTION FOR A PROTECTIVE ORDER

## TABLE OF CONTENTS

Page

I.   PRELIMINARY STATEMENT ..................................................................................1

II.  ARGUMENT...........................................................................................................2

    A.   TruePosition Has Failed To Rebut ETSI's Showing That Resort To The
         Hague Convention Would Respect France's Sovereign Interests And
         Would Not Undermine Any Important Interest of the United States ....................2

    B.   Any Possibility Of Criminal Liability Weighs Strongly In Favor Of Resort
         to the Hague Convention ...................................................................................6

    C.   TruePosition's Arguments Under The Remaining *Société Nationale*
         Factors Do Not Weigh Against Use Of The Hague Convention Procedures ........6

III. CONCLUSION .......................................................................................................9

i

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*British Int'l Ins. Co., Ltd. v. Seguros La Republica, S.A.,*
No. 90 Civ. 2370, 2000 WL 713057 (S.D.N.Y. June 2, 2000) ...............................8

*Geo-Culture, Inc. v. Siam Inv. Mgmt. S.A.,*
147 Or. App. 536, 936 P.2d 1063 (1997) .................................................3

*Husa v. Laboratories Servier SA,*
326 N.J. Super. 150, 740 A.2d 1092 (N.J. Super. 1999) .................................5

*In re Air Cargo Shipping Servs. Antitrust Litig.,*
No. 06-MD-1775, 2010 WL 1189341 (E.D.N.Y. Mar. 29, 2010)........................4, 5

*In re Aspartame Antitrust Litig.,*
2:06-CV-1732, 2008 WL 2275531 (E.D. Pa. May 13, 2008) ...........................4

*In re Automotive Refinishing Paint Antitrust Litig.,*
358 F.3d 288 (3d Cir. 2004) ..............................................................3

*In re Global Power Equip. Grp.,*
418 B.R. 833 (Bankr. D. Del. 2009)......................................................5

*In re Honda Am. Motor Co., Inc. Dealership Relations Litig.,*
168 F.R.D. 535 (D. Md. 1996) .........................................................4, 6

*In re Perrier Bottled Water Litig.,*
138 F.R.D. 348 (D. Conn. 1991) .........................................................5

*In re Vitamins Antitrust Litig.,*
120 F. Supp. 2d 45 (D.D.C. 2000)......................................................6, 8

*In re Vitamins Antitrust Litig.,*
No. 99-197TFH, 2001 WL 1049433 (D.D.C. June 20, 2001)...........................4

*Lony v. E.I. Du Pont de Nemours & Co.,*
935 F.2d 604 (3d Cir. 1991) ..............................................................5

*Philadelphia Gear Corp. v. Am. Pfauter Corp.,*
100 F.R.D. 58 (E.D. Pa. 1983) ...........................................................5

*Société Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa,*
482 U.S. 522 (1987) ...............................................................1, 2, 4

# TABLE OF AUTHORITIES

Page(s)

CASES

*Strauss v. Credit Lyonnais, S.A.*,
    249 F.R.D. 429 (E.D.N.Y. 2008)........................................................................8

OTHER AUTHORITIES

Fed. R. Civ. P. 26(c) ......................................................................................................1

A/74759941.1

Defendant European Telecommunications Standards Institute ("ETSI") submits this Reply Brief in further support of its Motion, pursuant to Fed. R. Civ. P. 26(c), for a Protective Order requiring plaintiff TruePosition, Inc. ("TruePosition") to pursue jurisdictional discovery in accordance with the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231, reprinted at 28 U.S.C. § 1781 (the "Hague Convention").

## I.    PRELIMINARY STATEMENT

TruePosition's Opposition to ETSI's motion is entirely misdirected.    TruePosition mischaracterizes and distorts ETSI's arguments in an attempt to obscure ETSI's showing that resort to the Hague Convention is appropriate in the specific circumstances of this case under the balancing test established by the Supreme Court in *Société Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522 (1987).   That balancing test recognizes that the Hague Convention should be used to give "due respect for any … sovereign interest expressed by a foreign state," so long as doing so will not undermine any important interests of the United States. *Id.* at 546. Here, use of the Hague Convention procedures is appropriate, and indeed compelled by the circumstances properly considered, because it would give due respect to France's unequivocally expressed interest in requiring compliance with the Hague Convention with respect to discovery conducted in France, and would not undermine any interest of the United States.

Because this fundamental comity analysis clearly favors use of the Hague Convention in this case, TruePosition seeks to obscure it by attacking arguments that ETSI did not make.  ETSI did not argue, for example, that the existence of the French Blocking Statute automatically requires use of the Hague Convention. (Dkt. 92 at 2-3, 5-10).  ETSI also did not argue that the Blocking Statute is relevant solely because it exposes ETSI to the risk of criminal liability. Rather, most fundamentally, resort to the Hague Convention is appropriate because of the clear

expression of France's sovereign interest in having discovery in France conducted in compliance with the Hague Convention.  TruePosition ignores this compelling interest entirely.

TruePosition also fails to identify any competing interests of the United States that would be undermined by using the Hague Convention for jurisdictional discovery in this case.  And, none exist.

As a result, a proper balancing of French and U.S. interests under *Société Nationale* provides no reason for this Court not to give due respect to France's sovereign interest in ensuring that discovery in France is conducted in compliance with the Hague Convention.

## II.   ARGUMENT

### A.   TruePosition Has Failed To Rebut ETSI's Showing That Resort To The Hague Convention Would Respect France's Sovereign Interests And Would Not Undermine Any Important Interest of the United States.

The critical consideration under *Société Nationale* is whether use of the Hague Convention procedures "would undermine important interests of the United States," and whether failure to use those procedures "would undermine important interests of the state where the information is located."  482 U.S. at 544 n.28.  In connection with this inquiry, courts must "take care to demonstrate due respect for any … sovereign interest expressed by a foreign state." *Société Nationale*, 482 U.S. at 546.

TruePosition acknowledges the importance of this comity analysis under *Société Nationale*, but addresses it only at the very end of its brief.  (Dkt. 92 at 17).  Moreover, TruePosition disregards entirely France's clear sovereign interest in requiring discovery in France to be conducted in compliance with the Hague Convention.  The French Blocking Statute

2

is an unequivocal expression of this interest.[1]  TruePosition further disregards ETSI's showing that France's sovereign interest in ensuring compliance with the Hague Convention is particularly acute here because TruePosition has failed to make even a *prima facie* showing that personal jurisdiction can be exercised over ETSI – a French entity.  (*See* Dkt. 89 at 7).[2]

Not only does TruePosition ignore France's sovereign interests, it also fails to identify *any* interests of the United States that would be undermined in any way by use of the Hague Convention procedures in this case.  TruePosition argues that use of the Federal Rules in this case would promote the joint interests of the United States and France in the enforcement of U.S. antitrust laws (Dkt. 92 at 17-19).  That argument, however, is entirely unfounded.  *First*, allowing TruePosition to use the Federal Rules rather than the Hague Convention to take jurisdictional discovery of ETSI would not promote any U.S. (much less French) interest in the enforcement of U.S. antitrust laws.  None of the cases relied upon by TruePosition suggests

---

[1] *See* Dkt. 89-1 at 7 (collecting cases recognizing the significance of France's expression of its sovereign interests pursuant to the Blocking Statute).  TruePosition makes no effort to address the relevant holdings of these cases.

[2] TruePosition argues that its failure to make a *prima facie* showing of personal jurisdiction does not weigh in favor of application of the Hague Convention, specifically because the Third Circuit has not held that failure to make such a showing requires application of the Hague Convention.  (Dkt. 92 at 3 n.2 (citing *In re Automotive Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 302-03 (3d Cir. 2004)).  This argument mischaracterizes *Automotive Refinishing*.  There, the Court distinguished the situation before it from that in *Geo-Culture, Inc. v. Siam Inv. Mgmt. S.A.*, 147 Or. App. 536, 936 P.2d 1063, 1067 (1997) – in which a plaintiff who was permitted discovery after failing to allege a *prima facie* basis for asserting jurisdiction over the defendant was required to seek such discovery through the Hague Convention – on the grounds that the plaintiffs had, unlike those in *Geo-Culture*, made a *prima facie* showing of personal jurisdiction.  Because such showing had been made, allowing discovery to proceed via the Federal Rules was less offensive to the relevant sovereign interests, those of Germany.  *See Automotive Refinishing*, 358 F.3d at 302-03 ("Unlike *Geo-Culture*, relied on by the appellants, where the plaintiff failed to allege even a prima facie case of personal jurisdiction, the District Court found that the plaintiffs here had established a prima facie case of personal jurisdiction.... The plaintiffs' allegations . . . therefore, [are] not the type of bare-boned allegations that potentially could lead to the fishing expeditions of obvious concern to the signatory countries.") (internal quotations omitted).  Here, because TruePosition has failed to make a *prima facie* showing of personal jurisdiction, ETSI is situated identically to the foreign defendant in *Geo-Culture*, and allowing discovery to proceed via the Federal Rules would present the precise situation that the Third Circuit recognized would be "of obvious concern to the signatory countries" such as France.  *Automotive Refinishing*, 358 F.3d at 302-03.

A/74759941.1

otherwise.[3]  As ETSI has made clear to TruePosition, once service of the jurisdictional discovery is made pursuant to the Hague Convention, thus shielding ETSI from the potential of criminal sanction, ETSI will respond subject only to the same objections that would be applicable regardless of whether the discovery is sought under the Federal Rules or the Hague Convention. (Dkt. 89-1 at 4; Dkt. 89-2, Exh. H at 1).  *Second*, TruePosition's argument assumes that there has been a violation of U.S. antitrust laws that requires enforcement, which cannot be assumed based on the mere filing of the Amended Complaint, especially in light of the Court's prior dismissal of TruePosition's original complaint.[4]  *Third*, TruePosition assumes that France has an interest in the application of U.S. antitrust laws to a French standard-setting organization operating under the auspices of the European Commission.  There is absolutely no basis for this assumption. Rather, France's interest in this matter – clearly expressed by the French Blocking Statute – is to have discovery of ETSI proceed in compliance with the Hague Convention.

TruePosition's reference to the United States' interest in fully and fairly adjudicating matters before its courts (Dkt. 92 at 9-10) also does nothing to support its argument.  In the circumstances of this case, which must be considered under *Société Nationale,* any such interest would in no way be undermined by resort to the Hague Convention procedures.  *Société Nationale,* 482 U.S. at 546 (courts must consider "in each case … the particular facts, sovereign

---

[3] The cases cited by TruePosition all involved situations in which the court had established personal jurisdiction over the foreign parties.  *See In re Air Cargo Shipping Servs. Antitrust Litig.,* No. 06-MD-1775, 2010 WL 1189341, at *4-5 (E.D.N.Y. Mar. 29, 2010) (ordering that discovery of foreign party over whom court had personal jurisdiction proceed pursuant to Federal Rules); *In re Aspartame Antitrust Litig.,* 2:06-CV-1732, 2008 WL 2275531, at *4 (E.D. Pa. May 13, 2008) (same); *In re Vitamins Antitrust Litig.,* No. 99-197TFH, 2001 WL 1049433, at *5 (D.D.C. June 20, 2001) (same); *In re Honda Am. Motor Co., Inc. Dealership Relations Litig.,* 168 F.R.D. 535, 539 (D. Md. 1996) (same).

[4] In contrast, the key cases relied on by TruePosition concerned situations in which a violation of U.S. antitrust laws had *already* been established.  *See Air Cargo,* 2010 WL 1189341, at *4 ("[T]his is a case involving violations of antitrust laws," which violations were simultaneously under investigation by the Department of Justice); *In re Vitamins,* 2001 WL 1049433, at *5 ("[I]f there was ever a case where the foreign defendants should be required to

4

interests, and likelihood that resort to [the Hague Convention] will prove effective").[5]   Indeed,
TruePosition does not even argue (because it would be unsupportable if it did) that it will be
unable to obtain the discovery it requires by using the straightforward Hague Convention
procedures described in ETSI's motion.   At most, TruePosition asserts that "the outcome of
discovery requested pursuant to the Hague Convention 'is by no means certain.'"   (*See* Dkt. 92 at
11 (citing *Air Cargo*, 2010 WL 1189341, at *3)).[6]   That assertion, however, does not justify
circumvention of the Hague Convention.   Rather, the assumption is that discovery sought in
accordance with the Hague Convention procedures will be available in signatory countries.   *See
Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 609 (3d Cir. 1991) ("[T]he Hague
Convention procedures assure that … evidence from [a signatory country] will be available in
the [forum]."); *Philadelphia Gear Corp. v. Am. Pfauter Corp.*, 100 F.R.D. 58, 61 (E.D. Pa. 1983)
("[O]nce plaintiff proceeds in the manner set forth in the Hague Convention, it can be anticipated
that the German authorities will fully cooperate in gathering the necessary evidence.").
Moreover, even if TruePosition were, for some reason not yet articulated, unable to obtain the
discovery it seeks pursuant to the Hague Convention, this Court has the power to order that such
discovery be promptly produced.   *See In re Perrier Bottled Water Litig.*, 138 F.R.D. 348, 356 (D.

---

comply with our discovery rules, it would appear to be this one" as "[m]ost of these foreign defendants have pled
guilty to criminal liability for these alleged antitrust violations").

[5] *See also Husa v. Laboratories Servier SA*, 326 N.J. Super. 150, 155, 740 A.2d 1092, 1095 (N.J. Super. 1999)
(rejecting position that interests present in all circumstances – including the interests of U.S. courts in fully
adjudicating matters before them – barred resort to Hague Convention, as so holding would "effectively would
abrogate the convention").

[6] TruePosition's assertion that the Hague Convention procedures are not "timely" is also irrelevant.   *First*,
TruePosition has not alleged that it would be prejudiced by any delay caused by compliance with the Hague
Convention.   *Second*, any delay could have easily been avoided if TruePosition had simply followed the Hague
Convention procedures at the outset, or at the time ETSI requested that it do so.   Indeed, the French Ministry of
Justice might well have executed the letters of request by now if TruePosition had simply followed the steps
outlined by ETSI.   *See In re Global Power Equip. Grp.*, 418 B.R. 833, 840 (Bankr. D. Del. 2009) (noting that, once
Letters of Commission are issued by the Court and sent to the French Ministry of Justice, "processing Letters of
Commission through the Ministry of Justice takes approximately two to six weeks").

Conn. 1991). And, as commented, once service pursuant to the Hague Convention is accomplished, ETSI has represented that it will respond to the discovery requests that comport with the Court's order allowing jurisdictional discovery and subject to proper objections. Accordingly, requiring TruePosition to resort to the Hague Convention in the first instance poses no threat to the United States' interest in fully and fairly adjudicating matters before its courts. [7]

**B.      Any Possibility Of Criminal Liability Weighs Strongly In Favor Of Resort To The Hague Convention.**

TruePosition argues at length that there is little likelihood that ETSI will face criminal liability if its responds to TruePosition's discovery requests as served, and that, as a result, ETSI would face no hardship if forced to proceed pursuant to the Federal Rules. This argument misses the point. TruePosition acknowledges the penal nature of the French Blocking Statute, and the possibility of criminal sanctions for its violation. (Dkt. 92 at 5). And, TruePosition cannot assure, and its arguments do not suggest otherwise, that no risk of criminal penalties exists. Thus, any risk of criminal prosecution is sufficient to warrant use of the Hague Convention procedures when there is no countervailing reason not to do so. In the instant circumstances there is also a compelling reason to have even the potential risk of criminal penalty (regardless of how remote) weigh in favor of use of the Hague Convention. ETSI is not only a French entity, it is also a standard-setting organization operating under the auspices of the European Commission, of which the French government is a member. Given that role, ETSI has a particularly strong

---

[7] TruePosition's suggestion that use of the Hague Convention would require "solicitude to foreign procedures" and would be "a particularly significant intrusion upon American sovereignty" is not at all supported by the cited case, and is indeed inconsistent with the teaching of *Société Nationale*. (Dkt. 92 at 21 (quoting *Honda*, 168 F.R.D. at 539)). In *Honda*, the foreign defendant sought to conduct depositions via the discovery rules of Japan – a non-signatory to the Hague Convention. *Honda*, 168 F.R.D. at 538 (noting that "Japan has refused to sign the Hague Convention"). Such "foreign procedures" are simply not analogous to Hague Convention procedures, to which the United States has consented. *See In re Vitamins Antitrust Litig.*, 120 F. Supp. 2d 45, 55 (D.D.C. 2000) ("Since *Aerospatiale* is concerned exclusively with the question of whether to apply the Federal Rules or the Hague

interest in being permitted to comply with French law and avoid even the suggestion that it may be subject to criminal liability.

**C.      TruePosition's Arguments Under The Remaining *Société Nationale* Factors Do Not Weigh Against Use Of The Hague Convention Procedures.**

TruePosition's arguments under the remaining *Société Nationale* factors – *i.e.*, that the discovery sought is important, that the discovery sought is "specific and limited," and that the Federal Rules should govern regardless where the discovery sought is located – are equally misdirected.

*First*, while TruePosition describes the discovery it seeks as "important" for purposes of its opposition, it took the position just two months ago that it did not require jurisdictional discovery at all because so many ETSI documents are in fact publicly available through the ETSI website. (Dkt. 89-2, Exh. D at 116:13-22). In addition, the "importance" of the discovery is only relevant to the inquiry under *Société Nationale* if use of the Hague Convention procedures would somehow prevent a party from obtaining it. That is not the case here (especially given the representations by ETSI to TruePosition regarding responding to the discovery), and TruePosition does not allege otherwise. TruePosition can obtain its jurisdictional discovery just as effectively via the Hague Convention as under the Federal Rules. The alleged "importance" of the discovery is thus irrelevant.

*Second,* TruePosition argues that its discovery requests are "specific and limited," and that this weighs against use of the Hague Convention. Again, this argument misses the point. Although the discovery to which TruePosition is *entitled* is indeed limited, it does not follow that the discovery it *seeks* is appropriately limited. Indeed, TruePosition has submitted more than 80

---

Convention to discovery being sought from a signatory country, the Supreme Court's holding in that case is clearly limited to countries that have adopted the Hague Convention procedures for the taking of evidence.").

document requests and requests for admission – many of which appear to be outside the scope of limited jurisdictional discovery permitted by the court concerning ETSI's relationship with U.S. standard-setting organizations and other entities.  As ETSI comments in its opening brief, this weighs in favor of using the Hague Convention, which would allow this Court to confine the discovery requests to the appropriate scope in the process of issuing letters of request to the French Ministry of Justice.  (Dkt. 89-1 at 9 n.16 (citing *In re Vitamins*, 120 F. Supp. 2d at 50 (noting that potential for "fishing expeditions" in connection with foreign legal proceedings was an "obvious concern to the signatory countries" to the Hague Convention))).

*Finally,* because ETSI's only offices and all of its employees are located in France, all of the documents and information TruePosition seeks are also located in France – a factor that weighs in *favor* of following the Hague Convention procedures.  *See Strauss v. Credit Lyonnais, S.A.*, 249 F.R.D. 429, 441 (E.D.N.Y. 2008) (that "the majority of the requested discovery originated outside the United States" weighs in favor of resort to Hague Convention).  This is particularly true with respect to the deposition of ETSI's employee, Adrian Scrase.  *See British Int'l Ins. Co., Ltd. v. Seguros La Republica, S.A.*, No. 90 Civ. 2370, 2000 WL 713057, at *9 (S.D.N.Y. June 2, 2000) (origination factor "augurs against [compelling Mexican defendant to produce witnesses residing in Mexico for deposition in violation of Mexican law] since all of [the notices of depositions] are apparently directed to … people located in Mexico").  TruePosition makes no serious attempt to argue that the location of responsive information in France could possibly weigh *against* using the Hague Convention in compliance with French law.

## III.   CONCLUSION

For the foregoing reasons, and for the reasons set forth in its Memorandum of Law in Support of its Motion For A Protective Order, ETSI respectfully requests that TruePosition be required to pursue its jurisdictional discovery of ETSI in accordance with the Hague Convention.

Dated:  February 21, 2012

**BINGHAM MCCUTCHEN LLP**

By:   /s/ Richard S. Taffet
      Richard S. Taffet, *admitted pro hac vice*
      Derek Care, *admitted pro hac vice*
      399 Park Avenue
      New York, NY 10022-4689
      (212) 705-7729
      richard.taffet@bingham.com
      derek.care@bingham.com

      William S.D. Cravens, *admitted pro hac vice*
      **BINGHAM McCUTCHEN LLP**
      william.cravens@bingham.com
      2020 K Street N.W.
      Washington, DC  20006-1806
      (202) 373-6083
      william.cravens@bingham.com

      Stephen W. Armstrong
      **MONTGOMERY, MCCRACKEN,**
      **WALKER & RHOADS, LLP**
      123 South Broad Street
      Philadelphia, PA  19109
      (215) 772-7552
      sarmstrong@mmwr.com

      *Attorneys for Defendant*
      *European Telecommunications Standards Institute*

9

A/74759941.1

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2012, I served the foregoing Reply Memorandum Of Law In Support Of Defendant European Telecommunications Standards Institute's Motion For A Protective Order, dated February 21, 2012, on all parties to this litigation by ECF and first class mail.

/s/ Derek Care
Derek Care

A/74759941.1