## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUEPOSITION, INC. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LM ERICSSON TELEPHONE COMPANY, )<br>)<br>)<br>QUALCOMM INC., )<br>)<br>)<br>ALCATEL-LUCENT, S.A., )<br>)<br>THIRD GENERATION PARTNERSHIP )<br>PROJECT a/k/a 3GPP, )<br>)<br>and )<br>)<br>EUROPEAN TELECOMMUNICATIONS )<br>STANDARDS INSTITUTE )<br>)<br>Defendants. )<br>_____ ) | Case No. 2:11-cv-4574 (RK) |

## **ORDER**

AND NOW, this _____ day of _____, 2012, upon consideration of the Motion of Defendant European Telecommunications Standards Institute for an Order extending ETSI's time to respond to TruePosition's Amended Complaint until after jurisdictional discovery is completed, it is HEREBY ORDERED that the Motion is DENIED.

BY THE COURT

_____
Hon. Robert F. Kelly

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUEPOSITION, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:11-cv-4574 (RK) |
| ) | |
| LM ERICSSON TELEPHONE COMPANY, ) | |
| ) | |
| QUALCOMM INC., ) | |
| ) | |
| ALCATEL-LUCENT, S.A., ) | |
| ) | |
| THIRD GENERATION PARTNERSHIP ) | |
| PROJECT a/k/a 3GPP, ) | |
| ) | |
| and ) | |
| ) | |
| EUROPEAN TELECOMMUNICATIONS ) | |
| STANDARDS INSTITUTE ) | |
| ) | |
| Defendants. ) | |

**OPPOSITION OF TRUEPOSITION, INC. TO DEFENDANT**
**EUROPEAN TELECOMMUNICATIONS STANDARDS**
**INSTITUTE'S MOTION FOR AN ORDER EXTENDING ETSI'S**
**TIME TO RESPOND TO TRUEPOSITION, INC.'S AMENDED COMPLAINT**

ETSI's motion seeking to allow completion of jurisdictional discovery before it is required to respond to TruePosition's Amended Complaint rests on faulty foundations. It should be denied.

First, ETSI opens its brief by baselessly chiding TruePosition for not having agreed to its initial open-ended request for an extension of the time to respond to TruePosition's Amended

Complaint after completion of jurisdictional discovery. After an exchange of e-mails, TruePosition in fact proposed to extend ETSI's time to respond to the complaint in accordance with the extended schedule on which the other corporate defendants were working, but ETSI rejected that proposal. *See* Exhibit E to Cravens Declaration in support of ETSI's motion. ETSI has now retreated from its initial "open-ended" position to request a delay of 30 days after jurisdictional discovery of ETSI has been completed. For the reasons set forth below, that request should still be denied.

Second, ETSI's motion proceeds from the erroneous premise that TruePosition was required to resort initially to the Hague Convention on the Taking of Evidence Abroad. ETSI Mem. at 3 & n.5. In fact, the Supreme Court and the Third Circuit have unequivocally held that there is *no* rule requiring first resort to Hague Convention procedures. *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa ("Aerospatiale")*, 482 U.S. 522, 542 (1987); *In re Automotive Refinishing Paint Antitrust Litig. ("Automotive Paint")*, 358 F.3d 288, 300 (3d Cir. 2004). TruePosition properly propounded jurisdictional discovery in a timely fashion after this Court's Order granting jurisdictional discovery and used the "normal methods" and procedures contemplated by the Federal Rules. *Automotive Paint*, 358 F.3d at 300 (quoting *Aerospatiale*, 482 U.S. at 536). It is ETSI that has delayed progress of this discovery. ETSI has refused to provide any response or disclose any objections to the substance of the discovery requests. ETSI waited two weeks after discovery was served before moving to secure a protective order on the frivolous grounds that Hague Convention procedures *must* apply instead of the Federal Rules and waited *another* three weeks before requesting the extension of its time to respond to TruePosition's Amended Complaint.

Third, ETSI also suggests that Hague Convention discovery would now be well on its way to completion. ETSI Mem. at 3 and n.5; 4 n. 7.[1] This is contrary to the conclusions of numerous courts that have described discovery under the Hague Convention to be far more time-consuming than discovery under the Federal Rules. *Automotive Paint*, 358 F.3d at 300 ("the convention procedures would be unduly time-consuming and expensive, and less likely to produce needed evidence than direct use of the Federal Rules."); *see also In re Vitamins Antitrust Litig.*, 120 F.Supp.2d 45, 54 (D.D.C. 2000) (finding the Hague Convention "would be extremely unlikely to provide efficient and effective discovery in this case"); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 06-MD-1775, M.D.L. No. 1775, 2010 U.S. Dist. LEXIS 30598, at *57-58 (E.D.N.Y. Mar. 29, 2010) (noting that discovery pursuant to the Hague Convention "will undeniably result in delays of unknown, and perhaps considerable, duration."). If, for all the reasons set forth in TruePosition's opposition to ETSI's motion for a protective order, ETSI had responded to the Federal Rules-based discovery in a timely manner, as it should have, that discovery – including the deposition of the ETSI witness noticed by TruePosition – would have been substantially, if not entirely, completed by now.[2]

---

[1] In its reply brief in support of its motion for a protective order, filed on February 21, 2012 (Dkt. 96), ETSI now projects another step before Hague discovery could even begin. It suggests at page 8 that this Court will first need to rule on ETSI's objections to the discovery before issuing letters of request to the French Ministry of Justice. Of course, this will not preclude the French Ministry from imposing additional limitations.

[2] True Position served its document requests and requests for admission on January 13, responses to which were due in 30 days. No answers or objections were served. The deposition of Mr. Scrase was noticed for February 22, 2012, not February 18 as the Cravens Declaration states. The deposition did not take place.

3

Fourth, ETSI proceeds from the additional erroneous premise that, unless its motion for an extension of time to answer or respond is granted, this Court will *necessarily* have to rule on any motion to dismiss that ETSI files under Rule 12(b)(6) *before personal jurisdiction has been established over ETSI*. That is simply not the case. This Court has complete control over its own schedule and the order in which it will consider various matters. Thus, the Court can decide that it will rule on ETSI's motion to dismiss based on Rule 12(b)(6) grounds only after it decides whether ETSI is subject to the Court's personal jurisdiction. If ETSI is subject to personal jurisdiction, the Court can then go on to address any merits motion ETSI has filed. If the Court determines that it lacks personal jurisdiction, the Court need not decide *any* question affecting ETSI on the merits. In any event, this should not have any impact on ETSI's obligation to answer or move to dismiss the Amended Complaint in a timely fashion along with all other defendants as to all issues other than personal jurisdiction that it can presently address.

To allow ETSI to indefinitely postpone jurisdictional discovery and by the same token also indefinitely postpone its response to TruePosition's Amended Complaint would only serve to give ETSI the unfair advantage of a third bite at the apple. Potentially months after all other defendants have submitted their motions to dismiss and the Court has ruled on those motions, ETSI would be allowed to re-argue the same issues in a *third* round of briefing. This patently unreasonable outcome can be avoided by requiring ETSI to respond on the merits at the same time as all other defendants, with the ability later, after jurisdictional discovery is completed, to address any potential grounds for dismissal based only on personal jurisdiction.

In this context, TruePosition's response to ETSI's request for an open-ended extension made perfect sense. That response contemplated that ETSI and TruePosition would promptly

4

move ahead with jurisdictional discovery, and that ETSI would respond to the Amended Complaint (other than on personal jurisdiction) on the same schedule as all other defendants. The schedule which has been agreed upon by the other three defendants and approved by the Court provides that final briefs on any Rule 12(b)(6) motions will be filed in the early part of May. If ETSI were proceeding under the Federal Rules, by then, ETSI would have responded to the outstanding discovery, that discovery would be complete, and the personal jurisdiction issue would be ready to be addressed by ETSI and by the Court. In the meantime, briefing from all defendants on all issues other than ETSI's personal jurisdiction issue would also have been completed. Thus, as counsel for TruePosition indicated to ETSI counsel, this "would move the whole case forward" as opposed to leaving any decision as to ETSI's ultimate involvement in limbo.[3]

    In short, the Court can cut through all the dissembling by ETSI by first ruling that ETSI needs to respond to jurisdictional discovery under the Federal Rules, consistent with Supreme Court and Third Circuit precedent that TruePosition has cited and that ETSI simply shrugs off. ETSI should then submit, along with all other defendants, its response to the Amended Complaint as to all issues except personal jurisdiction. The Court could adopt, at its discretion, a more flexible schedule regarding the narrow issue of ETSI's personal jurisdiction. By the time

---

[3] ETSI cites numerous cases in its brief in support of its motion (Brief at pp. 4-7); but all of its pages of discussion can be boiled down to the teachings by the Supreme Court in one case, *Ruhrgas AG v. Marathon Oil Company, et al.*, 526 U.S. 574 (1999). However, nothing in *Ruhrgas* deprives a court of control over the order of briefing, or requires a court to delay briefing of merits issues in a motion to dismiss until after personal jurisdiction is established. That is particularly inappropriate here, where issues that might be raised by ETSI under Fed. R. Civ. P. 12(b)(6) would likely be the same as, and intertwined with, those of its co-defendants.

the Court decides the personal jurisdiction issue, ETSI's position on the merits would also be ripe for resolution without further delay.

## CONCLUSION

TruePosition requests that the Court deny ETSI's motion to postpone ETSI's obligation to respond on the merits to the Amended Complaint pending jurisdictional discovery. The Court can make clear that any motion by ETSI on personal jurisdiction grounds can await the conclusion of jurisdictional discovery. To move the case forward, TruePosition also requests that the Court deny ETSI's pending and fully briefed motion for a protective order.

Respectfully submitted,

    s/John G. Harkins, Jr.
John G. Harkins, Jr. (Atty. I.D. 04441)
Colleen Healy Simpson (Atty. I.D. 84956)
HARKINS CUNNINGHAM LLP
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103-7042
(215) 851-6700

Douglas E. Rosenthal
Seth D. Greenstein
Aymeric Dumas-Eymard
David Golden
CONSTANTINE CANNON LLP
1301 K Street, NW
Suite 1050 East Tower
Washington, D.C. 20005
(202) 204-3500

- and -

                                                Gordon Schnell
                                                Alysia Solow
                                                CONSTANTINE CANNON LLP
                                                335 Madison Avenue
                                                9th Floor
                                                New York, N.Y. 10017
                                                (202) 350-2700

Date:   February 23, 2012

## **CERTIFICATE OF SERVICE**

I, Evelyn R. Protano, hereby certify that on February 23, 2012, I caused a true and correct copy of the Opposition of TruePosition, Inc. to Defendant European Telecommunications Standards Institute's Motion for an Order Extending ETSI's Time to Respond to TruePosition, Inc.'s Amended Complaint to be electronically filed and served on the following, pursuant to the Court's ECF system, and also by e-mail and First Class mail, postage prepaid:

**Counsel for Qualcomm Inc.**

Robert N. Feltoon
Conrad O'Brien PC
1500 Market Street
Centre Square West Tower, Ste. 3900
Philadelphia, PA  19102-2100
rfeltoon@conradobrien.com

Evan R. Chesler
Roger G. Brooks
Gary A. Bornstein
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, N.Y. 10019-7475
echesler@cravath.com
rbrooks@cravath.com
gbornstein@cravath.com

**Counsel for Alcatel Lucent**

Francis P. Newell
Peter Michael Ryan
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103
fnewell@cozen.com
pryan@cozen.com

Ali M. Stoeppelwerth
Brian Boynton
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
steve.hut@wilmerhale.com
ali.stoeppelwerth@wilmerhale.com
brian.boynton@wilmerhale.com

**Counsel for ETSI**

Stephen W. Armstrong
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
sarmstrong@mmwr.com

Derek Care
Richard S. Taffet
Bingham McCutchen LLP
399 Park Avenue
New York, NY  10022-4689
derek.care@bingham.com
richard.taffet@bingham.com

William S.D. Cravens
Bingham McCutchen LLP
2020 K Street, N.W.
Washington, DC  20006-1806
william.cravens@bingham.com

**Counsel for 3GPP**

Richard S. Taffet
Bingham McCutchen LLP
399 Park Avenue
New York, NY  10022-4689
richard.taffet@bingham.com

**Counsel for LM Ericsson Telephone Company
(Telefonaktiebolaget LM Ericsson)**

    Steven E. Bizar
    Buchanan Ingersoll & Rooney PC
    Two Liberty Place
    50 S. 16th Street, Ste. 3200
    Philadelphia, PA  19102-2555
    steven.bizar@bipc.com

    Arman Y. Oruc
    Conor A. Reidy
    Simpson Thacher & Bartlett LLP
    1155 F Street, N.W.
    Washington, DC  20004
    AOruc@stblaw.com
    CReidy@stblaw.com

    Kevin J. Arquit
    Joseph F. Tringali
    Peri L. Zelig
    Simpson Thacher & Bartlett LLP
    425 Lexington Avenue
    New York, NY  10017-3954
    karquit@stblaw.com
    jtringali@stblaw.com
    pzelig@stblaw.com

                                            s/Evelyn R. Protano
                                              Evelyn R. Protano