

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUEPOSITION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:11-cv-4574 (RK) |
| | ) | |
| LM ERICSSON TELEPHONE COMPANY, | ) | |
| | ) | |
| | ) | |
| QUALCOMM INC., | ) | |
| | ) | |
| | ) | |
| ALCATEL-LUCENT, U.S.A., | ) | |
| | ) | |
| THIRD GENERATION PARTNERSHIP | ) | |
| PROJECT a/k/a 3GPP, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EUROPEAN TELECOMMUNICATIONS | ) | |
| STANDARDS INSTITUTE | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff TruePosition, Inc., and

Defendant European Telecommunications Standards Institute ("ETSI"), through their attorneys,

as follows:

WHEREAS, documents and information have been and may be sought, produced or

exhibited by and among the Plaintiff and the Defendant ETSI (collectively, the "Parties" and

each individually a "Party"), for the sole purpose of conducting jurisdictional discovery under

the Court's January 6, 2012 Order.  ("Discovery Material")  Those documents and information may contain confidential and sensitive commercial, financial, insurance or business information;

WHEREAS, good cause therefore exists to protect the Parties' confidential Discovery Material from public disclosure;

WHEREAS, the Parties request the Court's entry of an Order imposing the protective measures set forth below and further submit that the production of these Discovery Materials may assist in the resolution of this case or narrow the issues that must be litigated;

NOW, THEREFORE, an Order of this Court protecting such confidential Discovery Materials shall be and hereby is made by this Court on the following terms to which the Parties have stipulated and agreed:

1. "Non-Party" means any person or entity not a Party to this Stipulated Protective Order.

2. "Action" means the above captioned action.

3. "Production" means: (a) documents or information provided in this Action by the Parties in response to any subpoena or discovery request; (b) documents or information produced in this Action by any Non-Party ("Producing Party" refers to the Party or Non-Party that has produced Discovery Material and "Receiving Party" is any Party that receives Discovery Material); or (c) documents or information marked as exhibits or provided during depositions in this Action.

4. "Confidential Discovery Material" shall mean documents or information designated as Confidential Discovery Material, including notes, papers, summaries, abstracts, memoranda or other instruments that comprise, embody, summarize, discuss or quote

2

from the Confidential Discovery Material. Any Producing Party may designate any Discovery Material as "Confidential Discovery Material" under the terms of this Stipulated Protective Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, personal, proprietary, commercially sensitive information or trade secrets that requires the protections provided in this Stipulated Protective Order (hereinafter "Confidential Discovery Material"). Confidential Discovery Material shall be used solely for purposes of this Action, including any appeal and retrial, and shall not be used for any other purpose, including, without limitation, any business, insurance or commercial purpose or any other suit or litigation. Any person or entity in possession of Discovery Material designated Confidential Discovery Material shall maintain those materials consistent with the terms of this Stipulated Protective Order.

5. Parties and Non-Parties may designate as Confidential Discovery Material:

   (a) Any information or document contained in a Production or response to other discovery request which any Party or Non-Party in good faith claims is non public, confidential, personal, proprietary, commercially sensitive, contains trade secrets or is otherwise protected from disclosure; the Party or Non-Party shall make this designation by placing a "Confidential" stamp in the header or footer of each page of each document containing such information.

   (b) Information disclosed at depositions designated by a Party or Non-Party in good faith as Confidential Discovery Material; such designation may be made either at the time of the deposition or by notifying the other Party in writing,

within fourteen (14) calendar days of the receipt of the deposition transcript, of the specific pages and lines of the transcript and the specific exhibits that contain Confidential Discovery Material and providing a Confidential stamped copy of the deposition transcript and exhibits.  Exhibits previously stamped as Confidential shall remain confidential.  The entire deposition transcript and the exhibits thereto shall be treated as Confidential Discovery Material until the time for designating confidential portions has expired. Notwithstanding the foregoing, the fourteen (14) days set forth above shall be reduced to seven (7) days where such deposition transcript is received within ten (10) days of hearing.

6. All Confidential designations shall be binding until and unless the Court, on its own motion or by motion of any Party, rules otherwise.  Nothing herein shall limit or curtail a receiving Party's ability to object to the designation of Discovery Material as confidential or to seek a ruling from the Court regarding the confidential nature of such Discovery Material.

7. The Parties (and Non-Parties subject to the terms hereof) will not directly or indirectly, at any time, disclose or disseminate to anyone or make use of, for any purpose whatsoever, any Confidential Discovery Material designated as such by any Party or Non-Party hereto, or the fact that Confidential Discovery Material has been received or transmitted, except as set forth below in paragraph 8.

8. Confidential Discovery Material may only be disclosed to:

4

(a) Counsel for the Parties (including employees and support staff of said counsel) solely for the purpose of assisting a Party in the analysis of this Action;

(b) Experts, consultants or investigators retained by a Party (or by that Party's counsel) solely for the purposes of assisting in the Party's analysis of this Action;

(c) Judges, special masters, discovery referees, court officers, stenographers, other judicial employees or jurors whose official duties relate to this Action;

(d) A Party (including the officers and employees of a Party), solely for the purpose of participating in the analysis of this Action, provided that the Party officers and employees are explicitly informed that this Protective Order forbids them from disclosing the Confidential Discovery Material except as permitted under this Protective Order and that they are subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(e) A Party or Non-Party witness in preparation for or while testifying at a deposition or hearing or at trial in this Action, or for other trial or hearing preparation purposes in this Action provided that the witness is explicitly informed that this Protective Order forbids him or her from disclosing the Confidential Discovery Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order; and

5

(f)  Other persons only upon Order of the Court, or upon written stipulation of the Producing Party or Non-Party.

9.  If disclosure is to be made to persons identified in paragraph 8(b) above, the disclosure shall not be made unless, prior to the disclosure, the disclosing Party obtains the recipient's written acknowledgement, in the form attached hereto as Exhibit A, to be bound by all the terms of this Stipulated Protective Order.  Signed acknowledgment forms shall be retained by counsel for the disclosing Party.

10. Any party who intends to use Confidential Discovery Material in any court filing or proceeding related to this action shall make a Motion requesting permission from the Court to file such Confidential Discovery Material under seal.  Such Motion shall contain an offer to the Court for *in camera* review of the documents, but shall omit the Confidential Discovery Material from the filing.  Prior to the receipt of an Order on the Motion to Seal, any brief referring to the Confidential Discovery Material shall be filed without such Material, and shall be supplemented in accordance with the Order, after the Order is entered.  A party who inadvertently publicly files Confidential Discovery Material produced in the Action does not violate this Order if a Motion to Seal was filed with respect to that Confidential Discovery Material, but the Motion was denied by the Court.

11. Subject to the provisions of paragraph 10 above: (a) in the event that any materials designated as Confidential are used in any court proceeding, said materials shall not lose their designated status through such use; and (b) counsel shall confer on such procedures as are necessary to protect the confidentiality of any confidential

6

documents or information used in any court proceedings no later than five (5) days prior to such proceedings or, in exigent circumstances, within a reasonable period of time prior to such proceedings.

12. If any Party or Non-Party produces documents and/or information that contain confidential information but inadvertently fails to designate the documents and/or information as Confidential, each Party reserves the right to designate any documents and/or information so produced as Confidential, and the production of such documents and/or information shall not constitute a specific, general or subject matter waiver of confidentiality with respect to such documents and/or information. Any Producing Party invoking this provision with respect to particular documents and/or information must do so by notifying the other Party or Parties in writing, specifically identifying the document and/or information improperly designated, and providing replacement copies of the documents and/or information properly designated, within the later of (a) fourteen (14) days of providing such documents and/or information to the other Party; (b) fourteen (14) days from the date this Stipulated Protective Order is so ordered and filed of record; or (c) fourteen (14) days from the date the Producing Party discovers that the documents and/or information was inadvertently disclosed without proper designation. Upon such notice, the Receiving Party shall mark as Confidential the designated documents and/or information. In the event that a Party files with the Court or otherwise disseminates to any third parties any Discovery Material following production, but prior to receiving written notice pursuant to this paragraph, the Receiving Party shall have no obligation to seek confidential treatment

of such Discovery Material by the Court or such third parties, and the Producing Party shall bear all costs and expenses in connection with securing the confidential treatment of such Discovery Material by the Court or third parties.

13. In the event of an inadvertent disclosure of another party's Confidential Discovery Material, the party making the inadvertent disclosure shall, upon learning of the disclosure:

    (a) Promptly notify the person to whom the disclosure was made that it contains information subject to this Order:

    (b) Promptly make all reasonable efforts to obtain the return of and preclude dissemination or use of Confidential Discovery Material by the person to whom the disclosure was inadvertently made; and

    (c) Within five (5) days, notify the Producing Party of the identity of the person to whom the disclosure was made, the information disclosed, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

14. Nothing contained in this Stipulated Protective Order shall preclude any Producing Party or Non-Party from asserting the attorney-client privilege, work product protection, or any other applicable privilege or protection as to any document or information.  Inadvertent or unintentional production of documents subject to attorney-client privilege, work product protection, or any other protection from production shall not constitute a waiver of the respective privilege or protections.  All copies of such inadvertently or unintentionally produced documents shall be returned

8

to the Producing Party upon request.  No use shall be made of such documents, including during depositions or at trial, nor shall they be shown to anyone subsequent to the request to return them.  The Receiving Party shall not argue waiver of any privilege or protection based on such inadvertent or unintentional production.  The Receiving Party shall retrieve and destroy all copies and any portions of notes, papers, summaries, or other instruments that comprise, embody, summarize, discuss or quote from documents or things for which the attorney client privilege, work product protection, or other protection from production is asserted and shall provide written notification of the destruction to the Producing Party.  The Producing Party shall identify the documents inadvertently produced on a privilege log within five (5) days of advising the Receiving Party of the inadvertent production or at the time agreed to by the Parties for the production of a privilege log.  Nothing herein shall prevent the Receiving Party from challenging the privileged status of any inadvertently or unintentionally produced documents other than on the basis of waiver of the privilege as a result of the inadvertent or unintentional production.  Any such challenge with the Court must be filed under seal to the degree necessary to protect the materials claimed to be privileged or otherwise protected from waiver and disclosure.

15. Nothing contained in this Stipulated Protective Order, nor any action taken in compliance with it, shall operate as an admission by any Party or Non-Party that any particular material is or is not confidential within the contemplation of the law, nor shall it prejudice in any way the right of any Party or Non-Party to seek a Court

determination of whether or not any particular material should be disclosed or if disclosed whether or not it should be subject to the terms of this Stipulated Protective Order.

16. Nothing contained herein shall prevent any Party or Non-Party from seeking from the Court confidential treatment of testimony, information or documents not already covered hereby or seeking from the Court *in camera* or other confidential treatment thereof at any hearing herein or otherwise during the course of these proceedings.

17. Nothing contained herein shall affect the right of any Party or Non-Party to make any objection, claim, or other response to discovery requests or deposition questions.

18. If any person utilizes or discloses documents or information designated as Confidential in violation of this Order, the person is subject to injunctive relief and such other relief and remedies as ordered by the Court, including attorneys' fees.

19. Each signatory hereto represents that he or she is authorized to execute this Stipulated Protective Order on behalf of the Party listed beside the signature hereon.

20. This Stipulated Protective Order constitutes the entire agreement and understanding between and among the Parties with respect to the subject matter hereof and supersedes all other prior or contemporaneous agreements, undertakings, understandings and negotiations between or among the Parties hereto.

21. If a provision of this Stipulated Protective Order is rendered unenforceable, for any reason, the remaining provisions shall nevertheless be of full force and effect.

22. Any Notice permitted or required to be provided to any Party pursuant to this Stipulated Protective Order must be in writing, directed to the Parties as follows:

For the Plaintiff: John G. Harkins, Jr.
 Colleen Healy Simpson
 HARKINS CUNNINGHAM, LLP
 2800 One Commerce Square
 2005 Market Street
 Philadelphia, PA 19103-7042
 (215) 851-6700

For the Defendant: Richard S. Taffet
 Derek Care
 BINGHAM McCUTCHEN LLP
 399 Park Avenue
 New York, NY 10022-4689
 (212) 705-7729

23. This Stipulated Protective Order may be executed in one or more counterparts, each of which shall constitute an original, but all of which taken together shall constitute the same agreement.

24. No amendment or modification of this Stipulated Protective Order shall be valid or binding unless made in writing and signed by all Parties.  Such an amendment or modification may be executed in one or more counterparts, each of which shall constitute an original.

25. Within sixty (60) days after termination of this Action, including termination of any appeals, and upon the written request of any Party or Non-Party, any Confidential Discovery Material provided by a Party or Non-Party, including copies thereof, except to the extent contained in Court submissions, shall be destroyed, and written confirmation of such destruction shall be given to the requesting Party or Non-Party within thirty (30) days of the written request for destruction.

26. The termination of proceedings in this Action shall not thereafter relieve any person to whom Confidential Discovery Material was disclosed, including counsel for the Parties, from the obligation of maintaining the confidentiality of all such material received pursuant to this Stipulated Protective Order.

27. Counsel for the Parties shall jointly seek Court approval of this Stipulated Protective Order, which shall remain effective as an enforceable agreement between the parties pending such approval in any event.

28. This Stipulated Protective Order shall be effective as of the date it is approved by the Court and shall only apply to jurisdictional discovery.

Signed this 2 4 day of April, 2012

John G. Harkins, Jr.
Colleen Healy Simpson
HARKINS CUNNINGHAM LLP
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103-7042

Douglas E. Rosenthal
Seth D. Greenstein
Aymeric Dumas-Eymard
David Golden
CONSTANTINE CANNON LLP
1301 K Street, NW
Suite 1050 East Tower
Washington, DC 20005

William S. D. Cravens
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, DC 20006-1806

Derek Care
Richard S. Taffet
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, NY 10022-4689

Stephen W. Armstrong
MONTGOMERY, McCRACKEN, WALKER &
RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109

26. The termination of proceedings in this Action shall not thereafter relieve any person to whom Confidential Discovery Material was disclosed, including counsel for the Parties, from the obligation of maintaining the confidentiality of all such material received pursuant to this Stipulated Protective Order.

27. Counsel for the Parties shall jointly seek Court approval of this Stipulated Protective Order, which shall remain effective as an enforceable agreement between the parties pending such approval in any event.

28. This Stipulated Protective Order shall be effective as of the date it is approved by the Court and shall only apply to jurisdictional discovery.

Signed this _25_ day of April, 2012

_____
John G. Harkins, Jr.
Colleen Healy Simpson
HARKINS CUNNINGHAM LLP
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103-7042

Douglas E. Rosenthal
Seth D. Greenstein
Aymeric Dumas-Eymard
David Golden
CONSTANTINE CANNON LLP
1301 K Street, NW
Suite 1050 East Tower
Washington, DC 20005

_____
William S. D. Cravens
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, DC 20006-1806

Derek Care
Richard S. Taffet
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, NY 10022-4689

Stephen W. Armstrong
MONTGOMERY, McCRACKEN, WALKER &
RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109

12

Gordon Schnell
Alysia Solow
Taline Sahakian
CONSTANTINE CANNON LLP
335 Madison Avenue, 9t h Floor
New York, NY 10017

Stuart Salen
Shelby Haverson
TRUEPOSITION, INC.
1000 Chesterbrook Blvd., Suite 200
Berwyn, PA 19132

IT IS SO ORDERED this 27 day of *April* 2012:

_____
Kelly, J.

13

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUEPOSITION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:11-cv-4574 (RK) |
| | ) | |
| LM ERICSSON TELEPHONE COMPANY, | ) | |
| | ) | |
| | ) | |
| QUALCOMM INC., | ) | |
| | ) | |
| | ) | |
| ALCATEL-LUCENT, U.S.A., | ) | |
| | ) | |
| THIRD GENERATION PARTNERSHIP | ) | |
| PROJECT a/k/a 3GPP, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EUROPEAN TELECOMMUNICATIONS | ) | |
| STANDARDS INSTITUTE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## STATEMENT AGREEING TO
## CONFIDENTIAL TREATMENT OF MATERIALS

I, _____, being duly sworn, state that:

    (a) My present residential address is

    _____

    _____

    (b) My present employer is _____

    and the address of my present employer is _____

    (c) My present occupation or job description is _____

    _____

(d) I have received and carefully read the Stipulated Protective Order dated _____, and understand its provisions.  Specifically, I understand that I am obligated to hold in confidence and not to disclose the contents of any document marked Confidential to anyone except as permitted by Paragraph 9 of the Stipulated Protective Order.  I further understand that I am not to disclose to anyone except as permitted by Paragraph 9 of the Protective Order any words, substances, summaries, abstracts, or indices of the confidential information, documents, or things disclosed to me.  I will never use the information, directly or indirectly, in competition with the disclosing party nor will I permit others to do so.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Stipulated Protective Order.

(e) At the termination of this action or at any time requested by counsel, I will destroy or return to counsel for the party by whom I am employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting confidential information that have come into my possession, and will destroy or return all documents or things I have prepared relating to or reflecting such information.

(f) I understand that if I violate the provisions of this Stipulated Protective Order, I will be subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.  I consent to the exercise of personal jurisdiction by the District Court for the Eastern District of Pennsylvania with respect to any violations of this Stipulated Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

_____

SUBSCRIBED AND SWORN to before me
this _____ day of _____, _____.


_____
Notary Public

My Commission Expires _____

2