IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUEPOSITION, INC.,<br><br>                                     Plaintiff,<br><br>vs.<br><br>LM ERICSSON TELEPHONE COMPANY (TELEFONAKTIEBOLAGET LM ERICSSON),<br><br>QUALCOMM INC.,<br><br>ALCATEL-LUCENT USA INC.<br><br>THIRD GENERATION PARTNERSHIP PROJECT a/k/a 3GPP,<br><br>    and<br><br>EUROPEAN TELECOMMUNICATIONS STANDARDS INSTITUTE,<br><br>                                    Defendants. | Case No. 2:11-cv-4574 (RK)<br><br>Oral Argument Requested |

ALCATEL-LUCENT'S REPLY MEMORANDUM
OF LAW IN SUPPORT OF THE JOINT MOTION OF DEFENDANTS
QUALCOMM, ERICSSON AND ALCATEL-LUCENT
TO DISMISS THE AMENDED COMPLAINT OF TRUEPOSITION, INC.

# TABLE OF CONTENTS

Page

I. ALU'S SUPPORT FOR U-TDOA STANDARDIZATION EVISCERATES TRUEPOSITION'S CONSPIRACY CLAIM ..................................................................2

II. ALU HAD NO MOTIVE TO PREVENT U-TDOA STANDARDIZATION.....................3

III. TRUEPOSITION FAILS TO IDENTIFY ANY PLUS FACTORS LINKING ALU TO THE ALLEGED CONSPIRACY........................................................................................5

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................................................ 2

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................................................ 2

*Burtch v. Milberg Factors, Inc.,*
    662 F.3d 212 (3d Cir. 2011), *cert. denied*, ___ U.S. ___, No. 11-932, 2012 WL
    296904 (Apr. 2, 2012) ..................................................................................................... 2

*Little Rock Cardiology Clinic, P.A. v. Baptist Health,*
    573 F. Supp. 2d 1125 (E.D. Ark. 2008) ......................................................................... 5

*Monsanto Co. v. Spray-Rite Service Corp.,*
    465 U.S. 752 (1984) ........................................................................................................ 3

## PRELIMINARY STATEMENT

Alcatel-Lucent's ("ALU") Supplemental Memorandum ("Memorandum") identified two critical concessions in the Amended Complaint that make TruePosition's conspiracy claim against ALU wholly implausible:

(1) Far from conspiring to exclude U-TDOA from the 4G standard, ALU *supported* U-TDOA standardization by, among other things, *signing on to TruePosition's own work item* a mere *three months* after also supporting the December 2008 work item that allegedly embodies the unlawful agreement in this case. Am. Compl. ¶ 87; *see also* Oral Arg. Tr. 67:4-7, 93:2-8; March 2009 Work Item, Exhibit A to the Declaration of Francis P. Newell in Support of Alcatel-Lucent's Supplemental Memorandum of Law in Support of the Joint Motion of Defendants Qualcomm, Ericsson and Alcatel-Lucent to Dismiss the Amended Complaint of TruePosition, Inc. ("Newell Decl. Ex. A").

(2) Unlike TruePosition, Ericsson and Qualcomm, ALU is not alleged to be a seller or licensor of the technologies constituting what TruePosition contends is the relevant product market, i.e., highly accurate positioning technologies for locating mobile devices, Am. Compl. ¶ 3, 18, 30, 123. On the contrary, as TruePosition acknowledges, such technologies may be integrated with or into ALU's RAN equipment, Am. Compl. ¶ 132, and ALU thus has no economic incentive to exclude from the standard any technology option that is potentially useful or attractive to its customers.

Even apart from these fatal admissions, the Memorandum pointed out that, once again, TruePosition has not established any plus factors capable of supporting an inference that ALU's alleged conduct was coordinated with the other defendants, rather than unilateral. TruePosition's response to these dispositive arguments is to ignore or mischaracterize its own allegations and

1

point to baseless, conclusory assertions in the Amended Complaint to the effect that various ALU actions were made in furtherance of the purported conspiracy. These last-ditch efforts to salvage TruePosition's case do not satisfy the pleading requirements articulated by the Supreme Court in *Twombly*[1] and *Iqbal*[2] and interpreted by the Third Circuit in *Burtch*.[3] The conspiracy claim against ALU must therefore be dismissed.[4]

## ARGUMENT

### I. ALU'S SUPPORT FOR U-TDOA STANDARDIZATION EVISCERATES TRUEPOSITION'S CONSPIRACY CLAIM

TruePosition itself has conceded that ALU was in favor of U-TDOA standardization and demonstrated that support by signing on to TruePosition's March 2009 work item and submitting simulation results for the technology. Am. Compl. ¶¶ 85, 87; *see also* Oral Arg. Tr. 67:4-7, 93:2-8; Newell Decl. Ex. A. These actions by ALU plainly are fundamentally inconsistent with what TruePosition asserts is the object of the purported conspiracy, i.e., "to exclude or delay U-TDOA from the 3GPP LTE standards." Am. Compl. ¶ 49.

Notably, TruePosition's Opposition makes *no mention whatsoever* of ALU's co-sponsorship of its work item, but instead maintains that because ALU's support for U-TDOA was "eventual" and "selective," it is somehow "completely consistent with the goals of the conspiracy." Opp. at 37. That argument is nonsense. ALU's "eventual" support came just *three*

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[3] *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212 (3d Cir. 2011), *cert. denied*, ___ U.S. ___, No. 11-932, 2012 WL 296904 (Apr. 2, 2012).

[4] In addition to the points made herein, the arguments in TruePosition's Opposition to Joint Motion of Defendants Qualcomm, Ericsson and Alcatel-Lucent to Dismiss Amended Complaint and Supplemental Memorandum of Alcatel-Lucent ("Opp.") should be rejected for the reasons outlined in the Reply Memorandum of Law In Support of Joint Motion of Defendants Qualcomm, Ericsson and Alcatel-Lucent to Dismiss the Amended Complaint of TruePosition, Inc. ("Joint Reply").

2

*months* after the purported "inception of the conspiracy," and this Court has already ruled that "selectivity" in the sense of a firm's limiting its advocacy for a technology to what its own products can support is "entirely consistent with lawful, independent and unilateral conduct." Slip Op. at 41, 45. ALU's early and incontrovertible support for U-TDOA on its own terms renders implausible and therefore irrelevant the allegations in the Amended Complaint simply asserting — without factual support — that various actions by ALU in its role as chairman of 3GPP committees were taken pursuant to a conspiratorial agreement with Ericsson and Qualcomm. Put plainly, there are no factual allegations suggesting ALU's "conscious commitment to a *common* scheme *designed to achieve an unlawful objective*" with any of the other defendants. *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 768 (1984) (emphasis added). Absent such allegations, nothing is left of TruePosition's case against ALU.

## II.   ALU HAD NO MOTIVE TO PREVENT U-TDOA STANDARDIZATION

Even if TruePosition could somehow explain away ALU's support for the March 2009 work item and subsequent efforts on behalf of U-TDOA (which it cannot), ALU's lack of any motive to participate in the imagined conspiracy would still be dispositive. The Amended Complaint alleges that ALU is "the second largest seller of mobile RAN equipment to U.S. telecommunications carriers" and that it "intends to sell RAN equipment that integrates ... either O-TDOA or U-TDOA positioning technology." Am. Compl. ¶¶ 13, 132. By contrast, it describes Ericsson and Qualcomm as holders of essential patents in and "*sell[ers]* [of] O-TDOA technology," which competes with U-TDOA — the positioning technology TruePosition developed and sells. Am. Compl. ¶¶ 3, 30, 126, 132 (emphasis added).[5] It is therefore clear

---

[5]   Thus, the primary motive for entering into a conspiracy ascribed by TruePosition to *all three* corporate defendants — i.e., "to assure their own technology got accelerated approval," Opp. at 4 — is directly contradicted as to ALU by TruePosition's own allegations.

3

from TruePosition's own allegations that ALU is differently situated from Ericsson,[6] Qualcomm, and TruePosition because it seeks to incorporate *either* O-TDOA or U-TDOA into its RAN equipment. And like any other firm that has to obtain inputs for its products from third parties, ALU benefits from more, rather than fewer, choices in positioning technology — an economic interest that reinforces the implausibility of TruePosition's conspiracy theory.

TruePosition's response is to assert that ALU's characterizations of its admissions on this point are a "fabrication" and to newly contend that ALU "competes head-to-head against TruePosition and other LMU vendors." Opp. at 36-37. But once again, TruePosition's own statements trip it up. In the same paragraph that it denies ALU's status as a buyer of positioning technology, TruePosition concedes that "Alcatel-Lucent *may need to take reasonable and non-discriminatory licenses for UTDOA*," Opp. at 37, thus indicating TruePosition's recognition that ALU cannot be a seller of either U-TDOA or O-TDOA if it may have to obtain rights to use positioning technologies from others. As a result, just as ALU explained in its opening brief,[7] it has no vested interest in excluding any technology from the standard that its customers may demand.[8]

TruePosition's new contention that it and ALU are "head-to-head" competitors is similarly belied by its own allegations and, in any event, irrelevant. According to the Amended Complaint, the only relevant product market alleged in this case consists of "highly accurate positioning technologies that locate mobile devices by making measurements of signals from the

---

[6] Ericsson is alleged to be a major manufacturer of RAN equipment, Am. Compl. ¶ 11, as well as a seller of OTDOA, but the Amended Complaint admits that the Location Measurement Units ("LMUs") that TruePosition sells and which incorporate U-TDOA "are separate from" and do not compete with RAN equipment. *Id.* ¶ 19; *see also id.* ¶ 130 (LMUs must be able to interoperate with (i.e., are not substitutes for) RAN equipment).

[7] ALU Mem. 7.

[8] And according to the Amended Complaint, certain telecommunications carriers prefer O-TDOA, while others (e.g., AT&T) are fans of U-TDOA. Am. Compl. ¶¶ 62, 64.

4

cellular network." Am. Compl. ¶ 123. As noted above, however, ALU is not alleged to be a seller of such technologies — rather, it is described as a manufacturer of RAN equipment that may, or may not,[9/] "integrate" positioning technology. *Id.* ¶ 132. TruePosition and ALU, therefore, *do not compete in the only relevant market TruePosition has alleged,* and the resulting absence of any economic incentive on ALU's part to exclude U-TDOA from this "market" further exposes the gaping holes in TruePosition's conspiracy theory.[10/]

### III. TRUEPOSITION FAILS TO IDENTIFY ANY PLUS FACTORS LINKING ALU TO THE ALLEGED CONSPIRACY

In a final effort to rescue its claims against ALU, TruePosition makes three assertions that it contends qualify as plus factors suggesting ALU's involvement in the alleged conspiracy. Opp. at 38. First, the Opposition maintains that "Alcatel-Lucent's failure, through prior unilateral action, to prevent U-TDOA standardization for 3G provides a motive for Alcatel-Lucent to enter into the conspiracy." *Id.* at 38. Putting aside the fact that this statement is entirely conclusory and newly asserted in the Amended Complaint,[11/] it runs aground on the same basic contradiction that renders implausible all of TruePosition's other allegations about

---

[9/] *See* Am. Compl. ¶ 130 ("[p]ositioning technology is not intrinsic to the design, manufacture, and sale of RAN equipment").

[10/] Moreover, the notion that the LMUs incorporating U-TDOA that TruePosition sells compete with ALU's RAN equipment is refuted by the Amended Complaint itself. Two products are generally understood to compete with each other when they are substitutes, i.e., a customer can buy one in place of the other. *See, e.g., Little Rock Cardiology Clinic, P.A. v. Baptist Health,* 573 F. Supp. 2d 1125, 1143 (E.D. Ark. 2008) ("[s]ubstitutes are goods that can replace one another and thus 'compete' for the user's purchase") (quoting 2B Phillip E. Areeda et al., *Antitrust Law* ¶ 565a (3d ed. 2007)). But the Amended Complaint makes clear that standalone LMUs are not substitutes for RAN equipment — in fact they are complements — because they do not work without RAN equipment. Am. Compl. ¶ 130 ("high accuracy cellular-based positioning technology requires interoperability with RAN equipment").

[11/] In TruePosition's original complaint, only Ericsson was mentioned as having favored the predecessor technology to O-TDOA and opposing U-TDOA's inclusion in SSO standards prior to 4G. Compl. ¶¶ 38, 48. The reference to ALU in connection with this time period is a new — and wholly unsupported — addition to the Amended Complaint.

ALU's supposedly conspiratorial conduct, *i.e.*, TruePosition's own admission that ALU *supported* inclusion of U-TDOA in the 4G standard.[12]

Second, TruePosition argues that if ALU is a potential licensee of positioning technology, "imposing delays and roadblocks to U-TDOA standardization" was contrary to ALU's self interest. Opp. at 38. As noted above, however, ALU acted affirmatively to *support* U-TDOA standardization, and the only qualifications to this support identified in the Amended Complaint are alleged ALU preferences for waiting until its RAN products were able to support U-TDOA and for implementations in RAN equipment (which ALU sells) rather than LMUs (which it does not). Am. Compl. ¶¶ 85, 92. But, as this Court has previously concluded, both of these positions are entirely consistent with ALU's self interest and do not depend upon the existence of a conspiracy to be economically rational. Slip Op. at 41.

Finally, TruePosition repeats the unsupported assertion from the Amended Complaint that ALU acted against its interests by refusing the requests of AT&T (one of its biggest customers) "for prompt U-TDOA standardization." Opp. at 38. In light of TruePosition's own previous statements effectively acknowledging that ALU did no such thing, and indeed *took the exact same positions as AT&T* in signing on to both the December 2008 work item for O-TDOA and the March 2009 work item for U-TDOA,[13] this contention is simply inapplicable to ALU.

---

[12] *See also* Joint Reply 10-12.

[13] *See* Oral Arg. Tr. 67:4-7, 93:2-8; Newell Decl. Ex. A.

## CONCLUSION

TruePosition has now had two opportunities to come up with a plausible conspiracy theory including ALU. It has failed dismally both times. For the foregoing reasons and those outlined in ALU's opening brief, TruePosition's Amended Complaint against ALU should be dismissed with prejudice.

May 7, 2012

Respectfully submitted,

s/ Francis P. Newell
Francis P. Newell
Peter M. Ryan
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

Ali M. Stoeppelwerth
Brian M. Boynton
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6000

Counsel for Alcatel-Lucent USA Inc.

7

## CERTIFICATE OF SERVICE

I hereby certify that I am causing to be transmitted on this date, May 7, 2012, a PDF document to the Clerk's Office of the Eastern District of Pennsylvania, which is a copy of Defendant Alcatel-Lucent's Reply Memorandum of Law in Support of the Joint Motion of Defendants Qualcomm, Ericsson and Alcatel-Lucent to Dismiss the Amended Complaint of TruePosition, Inc. Notice of the filing of this document and its availability for viewing and downloading is to be sent to all parties of record by operation of the Court's electronic filing system.

/s/   F Brenden Coller
F Brenden Coller