IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| |
TRUEPOSITION, INC.,                          |
                                             |
         Plaintiff,                          |
                                             |
v.                                           |     Case No. 2:11-CV-4574(RK)
                                             |
LM ERICSSON TELEPHONE CO., et al.,           |
                                             |
         Defendants.                         |

**AMENDED APPLICATION FOR ENTRY OF DEFAULT**

TO:  THE CLERK OF COURT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff TruePosition,

Inc. requests that you enter the default of Defendant Third Generation Partnership Project a/k/a

3GPP ("3GPP") for failure to plead in or otherwise defend this action for the reasons stated

below and in the Affidavit for Entry of Default ("Affidavit") annexed hereto at Exhibit "A":

1.      The Complaint in this matter was filed on July 20, 2011.  (Docket Entry (D.E.)

No. 1).

2.      Pursuant to Federal Rule of Civil Procedure 4(f)(1), service was attempted via

registered mail on July 22, 2011, at 3GPP's office at 650 Route des Lucioles, 06921 Sophia-

Antipolis Cedex, France in accordance with Article 10(a) of the Hague Convention on the

Service Abroad of Judicial and Extrajudicial Documents.  (Aff. ¶ 2).

3.      The return receipt for the registered mail was never returned.  (*Id*. ¶ 3).

4.      On September 12, 2011, Plaintiff TruePosition, Inc. attempted service on 3GPP at

its office in Sophia-Antipolis, France pursuant to Article 6 of the Hague Convention on the

Service Abroad of Judicial and Extrajudicial Documents' Central Authority in accordance with

Federal Rule of Civil Procedure 4(f)(1).  (*Id*. ¶¶ 4-5).

5.      3GPP shares an office address with another Defendant named in this action, European Telecommunications Standards Institute ("ETSI").  (*See* 3GPP Webpage listing office address as 3GPP Mobile Competence Centre, c/o ETSI, 650, route des Lucioles, 06921 Sophia-Antipolis Cedex FRANCE, http://www.3gpp.org/Contact; *see also* the Declaration of Jean-Paul Barnel at ¶ 2 (hereinafter "Barnel Aff."), attached as Exhibit 1 to Exhibit A ("Affidavit for Entry of Default")).

6.      French process server Jean-Paul Barnel was responsible for service of the summons and complaint pursuant to the Hague Convention on both ETSI and 3GPP.  (Barnel Aff. ¶ 1).

7.      In addition to sharing an office address with ETSI, 3GPP's website identifies ETSI's legal affairs department as the contact for certain 3GPP legal issues, such as copyrights and trademarks.  3GPP logo use is also subject to ETSI's approval and monitoring, and misuse of the trademarks should be brought to the attention of ETSI legal affairs.  (*See* http://www.3gpp.org/Legal-Notice; http://www.3gpp.org/3GPP-Logo-use).

8.      Furthermore, ETSI is a member and founding Organizational Partner of 3GPP, and the ETSI Secretariat provides administrative and legal support for 3GPP.  (Harkins Nov. 1 Decl. ¶¶ 8(a), 11(a)&(b), Exs. 6, 9, D.E. 73).

9.      Upon his arrival at the office of 3GPP and ETSI, the clerk deputized by Mr. Barnel was met by Erik Jansen, the Director of Legal Affairs for ETSI.   (Barnel Aff. ¶ 3).

10.      Mr. Jansen is part of the Secretariat Organization of ETSI, which is charged with responsibility for supporting ETSI's partnership projects, including 3GPP.  (Harkins Nov. 1 Decl. ¶¶ 6, 11, Exs. 4, 9, D.E. 73).

11.     Mr. Jansen accepted service on behalf of ETSI, but refused to accept service on behalf of 3GPP on the grounds that "the summoned party was not a body corporate, but only an informal association of several entities, including his company . . . ETSI."  (Barnel Aff. ¶ 3).

12.     TruePosition filed the Affidavit of Jean-Paul Barnel on November 1, 2011, attached to its Response in Opposition to ETSI's Motion to Dismiss, indicating that 3GPP had refused service.  (D.E. 72-1).

13.     Service of the complaint was effected on 3GPP under Rule 4(f) of the Federal Rules of Civil Procedure because service cannot be defeated by knowing refusal to accept service.

14.     On November 14, 2011, TruePosition filed an Application for Entry of Default against 3GPP pursuant to Federal Rule of Civil Procedure 55(a) because 3GPP had failed to plead or otherwise defend in response to the complaint served pursuant to the Hague Convention on September 12, 2011.  (Aff. ¶ 12; D.E. 76).

15.     Along with its Application for Entry of Default, TruePosition filed the Affidavit for Entry of Default of John G. Harkins, Jr. on November 14, 2011.  (D.E. 76-2).  Attached to the November 14, 2011 Harkins Affidavit was the Affidavit of Jean-Paul Barnel referenced in ¶ 12, and previously filed with TruePosition's Response in Opposition to ETSI's Motion to Dismiss, D.E. 72-1.  (D.E. 76-3).  Also attached to the November 14, 2011 Harkins Affidavit was a stamped copy of the Request for Service Abroad of Judicial or Extrajudicial Documents indicating that service was refused.  (D.E. 76-4).

16.     On November 22, 2011, counsel for 3GPP entered a special appearance accompanied by a letter to the Court responding to the Application for Entry of Default.  (Aff. ¶ 13; D.E. 80; Special Appearance and Letter Attached hereto at Exhibit B).

17.     On  November 23, 2011, TruePosition filed an amendment to the Application for Entry of Default to clarify that service was accomplished pursuant to the Hague Convention in accordance with Federal Rule of Civil Procedure 4(f)(1).  (D.E. 81).

18.     On November 23, 2011, TruePosition sent a letter to the Court in response to 3GPP's counsel's letter asserting that 3GPP's counsel's letter was procedurally and substantively inappropriate. (Aff. ¶ 14; Letter Attached hereto at Exhibit C).

19.     Before any default was entered, TruePosition filed an amended complaint on February 3, 2012.  (D.E. 91).

20.     At the same time it filed the amended complaint, TruePosition served 3GPP's counsel with the amended complaint in accordance with Rule 5(b)(1) of the Federal Rules of Civil Procedure. (Aff. ¶ 16; Certificate of Service attached hereto at Exhibit D).

21.     More than thirty (30) days have elapsed since 3GPP was served with the amended complaint.  (Aff. ¶ 17).

22.     As of the date of the filing of this amended application for entry of default, no answer or other responsive pleading pursuant to Federal Rule of Civil Procedure 12(b) has been filed on behalf of 3GPP.  (Aff. ¶ 18).

WHEREFORE, for the foregoing reasons, Plaintiff TruePosition, Inc. respectfully requests that you enter a default against Defendant 3GPP for failing to plead or otherwise defend against the claims alleged against 3GPP.

Date:  June 11, 2012                                Respectfully submitted,

                                                   s/  Colleen Healy Simpson
                                                   John G. Harkins, Jr. (Atty. I.D. 4441)
                                                   Colleen Healy Simpson (Atty.  I.D. 84956)
                                                   HARKINS CUNNINGHAM LLP
                                                   2800 One Commerce Square
                                                   2005 Market Street
                                                   Philadelphia, PA 19103-7042
                                                   (215) 851-6700

                                                   Douglas E. Rosenthal
                                                   Seth D. Greenstein
                                                   Aymeric Dumas-Eymard
                                                   David Golden
                                                   CONSTANTINE CANNON LLP
                                                   1301 K Street, NW
                                                   Suite 1050 East Tower
                                                   Washington, D.C. 20005
                                                   (202) 204-3500

                                                   Gordon Schnell
                                                   Alysia Solow
                                                   CONSTANTINE CANNON LLP
                                                   335 Madison Avenue
                                                   9th Floor
                                                   New York, N.Y. 10017
                                                   (202) 350-2700

                                                   Stuart Salen
                                                   Shelby Haverson
                                                   TRUEPOSITION, INC.
                                                   1000 Chesterbrook Blvd.
                                                   Suite 200
                                                   Berwyn, PA 19312
                                                   (610) 680-1000

                                                   *Attorneys for Plaintiff TruePosition, Inc.*