# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUEPOSITION, INC.,<br>         Plaintiff,<br>  v.<br>LM ERICSSON TELEPHONE COMPANY (Telefonaktiebolaget LM Ericsson), QUALCOMM INC., ALCATEL-LUCENT, S.A., THIRD GENERATION PARTNERSHIP PROJECT a/k/a 3GPP, and EUROPEAN TELECOMMUNICATIONS STANDARDS INSTITUTE,<br>         Defendants. | CIVIL ACTION<br>2:11-cv-04574-RFK |

## NOTICE OF SPECIAL APPEARANCE OF COUNSEL ON BEHALF OF
## DEFENDANT THIRD GENERATION PARTNERSHIP PROJECT

PLEASE TAKE NOTICE that Richard S. Taffet, William S.D. Cravens and Derek Care, of Bingham McCutchen LLP, and Stephen W. Armstrong of Montgomery, McCracken, Walker & Rhoads, LLP, hereby enter this Special Appearance as counsel for Defendant Third Generation Partnership Project ("3GPP") in the above-captioned matter for the limited purpose of responding to the Application for Entry of Default by Plaintiff TruePosition, Inc. ("TruePosition") against 3GPP, dated November 14, 2011 (D.I. 76).

A/74602200.1

This appearance is without waiver of or prejudice to any of 3GPP's defenses in connection with TruePosition's claims, including but not limited to defenses that: 1) 3GPP has not been served with process in any manner authorized by the Federal Rules of Civil Procedure or the Hague Convention; 2) 3GPP lacks contacts with the forum sufficient to permit the exercise of personal jurisdiction over 3GPP; and 3) 3GPP is not a juridical entity and does not have the capacity to be sued.

Dated November 22, 2011

                                        BINGHAM MCCUTCHEN LLP

By:   /s/ Richard S. Taffet  
       Richard S. Taffet, *admitted pro hac vice*  
       Derek Care, *admitted pro hac vice*  
       399 Park Avenue  
       New York, NY 10022-4689  
       (212) 705-7729  
       richard.taffet@bingham.com  
       derek.care@bingham.com

       William S.D. Cravens, *admitted pro hac vice*  
       **BINGHAM McCUTCHEN LLP**  
       william.cravens@bingham.com  
       2020 K Street N.W.  
       Washington, DC 20006-1806  
       (202) 373-6083  
       william.cravens@bingham.com

       Stephen W. Armstrong  
       **MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP**  
       Stephen W. Armstrong  
       123 South Broad Street  
       Philadelphia, PA 19109  
       (215) 772-7552  
       sarmstrong@mmwr.com

       *Attorneys for Third Generation Partnership Project, Specially Appearing*

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2011, I served the foregoing Notice of Special Appearance of Counsel on Behalf of Defendant Third Generation Partnership Project, dated November 22, 2011, on all parties to this litigation by ECF and first class mail.

/s/ Derek Care
Derek Care

A/74602200.1

# BINGHAM

Richard S. Taffet
Direct Phone: 212.705.7729
richard.taffet@bingham.com

November 22, 2011

**BY FACSIMILE (215-580-2143) and FEDEX**

The Honorable Robert F. Kelly
United States District Court for the
Eastern District of Pennsylvania
601 Market Street
Room 11613
Philadelphia, PA 19106

Re: *TruePosition, Inc. v. LM Ericsson Telephone Company, et al.*,
Case No. 2:11-cv-04574-RK

Dear Judge Kelly:

The undersigned entered a special appearance today as counsel for Defendant Third Generation Partnership Project ("3GPP") in the above-captioned matter for the limited purpose of responding to the Application for Entry of Default by Plaintiff TruePosition, Inc. ("TruePosition") against 3GPP, dated November 14, 2011 (D.I. 76). This letter responds briefly to the Application, but we are also available to address it more fully according to the court's direction and schedule.

TruePosition's Application fails to show, or even allege, that 3GPP has been served. Instead, TruePosition merely alleges that it has attempted unsuccessfully to serve 3GPP in two deficient ways: (1) via direct mail from TruePosition to 3GPP's alleged offices in France without prior approval of the Court; and (2) via a failed attempt at personal service on an employee of defendant European Telecommunications Standards Institute ("ETSI"), who is not even alleged to be authorized to accept service on behalf of 3GPP. As neither of these attempts at service was valid or successful, TruePosition's Application establishes only that 3GPP has *not* yet been served, and that there are therefore no grounds for entry of default against 3GPP.

TruePosition first claims that it attempted service on 3GPP via direct mail pursuant to Fed. R. Civ. P. Rule 4(f)(3), which authorizes service "by other means not prohibited by international agreement, *as the court orders.*" *Id.* (emphasis added). (*See* Affidavit for Entry of Default, dated November 14, 2011 (D.I. 76-2) at ¶ 2). This Court, however, has not issued any order allowing direct service by mail – nor did TruePosition even seek such an order before attempting service by mail on 3GPP. TruePosition's attempted service of process via direct mail is thus invalid, and TruePosition does not even attempt to argue otherwise. *The Knit With v. Knitting Fever*, Civ. A. Nos. 08-4221, 2010 WL 2788203, at *9 (E.D. Pa. July 13, 2010) (attempted direct service by mail not authorized under Rule 4(f)(3) where plaintiff did not seek prior court approval).

TruePosition's second unsuccessful attempt at service was not even directed to 3GPP. Rather, TruePosition alleges that a French process server asked Erik Jansen, Director of

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

T +1.212.705.7000
F +1.212.752.5378
bingham.com

A/74602233.1

The Honorable Robert F. Kelly
November 22, 2011
Page 2

Legal Affairs for ETSI (not 3GPP) to accept service on behalf of 3GPP, which Mr. Jansen refused to do. (*See* D.I. 76-2 at ¶ 9). TruePosition does not even allege (nor could it) that Mr. Jansen is an agent of 3GPP authorized to accept service on 3GPP's behalf. Nor does TruePosition allege that service was accepted – in fact TruePosition confirms that it was not. (*See* D.I. 76-2 at ¶ 9).

The fact that TruePosition has made two unsuccessful attempts to effect service on 3GPP by invalid means does not relieve TruePosition of its obligation to serve 3GPP by valid means. Until it has done so, and has filed a return of service with this Court (which it has not done), 3GPP is under no obligation to respond to the Complaint, and TruePosition's application for entry of default should be denied.

Respectfully submitted,

Richard S. Taffet

cc: Counsel of Record (via e-mail)