## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| TRUEPOSITION, INC., <br>                               Plaintiff, <br><br>      v. <br><br> LM ERICSSON TELEPHONE COMPANY (Telefonaktiebolaget LM Ericsson), QUALCOMM INC., ALCATEL-LUCENT, S.A., THIRD GENERATION PARTNERSHIP PROJECT a/k/a 3GPP, and EUROPEAN TELECOMMUNICATIONS STANDARDS INSTITUTE, <br>                              Defendants. | CIVIL ACTION <br> 2:11-cv-04574-RFK |

## MEMORANDUM OF LAW IN SUPPORT OF THE EXPEDITED MOTION OF DEFENDANT THIRD GENERATION PARTNERSHIP PROJECT FOR AN ORDER EXTENDING THE TIME TO RESPOND TO TRUEPOSITION'S MOTION TO STRIKE AND ESTABLISHING A COORDINATED BRIEFING SCHEDULE

# TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ........................................................................1

II.     FACTUAL BACKGROUND........................................................................2

III.    ARGUMENT........................................................................4

IV.     REQUEST FOR EXPEDITED CONSIDERATION ........................................6

V.      CONCLUSION ........................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Schaefer Salt Recovery, Inc.,*
542 F.3d 90 (3d Cir. 2008) ......................................................................................5

*Jackson v. Univ. of Pittsburgh,*
141 F.R.D. 253 (W.D. Pa. 1992) ..............................................................................5

*Landis v. N. Am. Co.,*
299 U.S. 248 (1936) .................................................................................................6

*Lawrence v. Richman Grp. of CT LLC,*
620 F.3d 153 (2d Cir. 2010) ....................................................................................5

*Pittsburgh Home and Garden Show, Inc. v. Scripps Networks, Inc.,*
No. 11-61903-CV, 2008 WL 728537 (W.D. Pa. Mar. 17, 2008) .........................5, 6

*Rhodes v. Indep. Blue Cross,*
Civil Action No. 11-1881, 2012 WL 447544 (E.D. Pa. Feb. 9, 2012) ....................6

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,*
Docket Nos. 10-4931-cv(L), 11-16-cv(XAP), 2012 WL 2124698 (2d Cir. June 13,
2012) .........................................................................................................................5

OTHER AUTHORITIES

Fed. R. Civ. P. 4 ................................................................................................1, 2, 3

Fed. R. Civ. P. 4(l) ......................................................................................................2

Fed. R. Civ. P. 5 ..........................................................................................................3

Fed. R. Civ. P. 6(b)(1)(A) ...................................................................................1, 4, 7

Fed. R. Civ. P. 11 ...............................................................................................*passim*

Fed. R. Civ. P. 11(b)(1-2) ...........................................................................................3

Fed. R. Civ. P. 11(c) ...................................................................................................4

Fed. R. Civ. P. 11(c)(2) .......................................................................................1, 2, 5

Defendant Third Generation Partnership Project ("3GPP"), through counsel appearing in this proceeding pursuant to a special appearance noticed June 15, 2012 (Dkt. 115), submits this Memorandum of Law in Support for its Motion, pursuant to Fed. R. Civ. P. 6(b)(1)(A), for an Order extending the time for 3GPP to respond to the Motion of Plaintiff TruePosition, Inc. to Strike Letter of 3GPP's Counsel dated June 15, 2012 (Dkt. 116) (the "Motion to Strike"), and establishing a coordinated briefing schedule to address the Motion to Strike together with 3GPP's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (the "Rule 11 Motion"), noticed for filing no earlier than July 12, 2012.[1]

## I.    PRELIMINARY STATEMENT

Four days after receiving 3GPP's notice of its intent to pursue Rule 11 sanctions for TruePosition's invalid submission of its Amended Application for Entry of Default against 3GPP, TruePosition filed a Motion to Strike 3GPP's response to the Amended Application. The Motion to Strike anticipates 3GPP's Rule 11 Motion and attempts to lay a basis for TruePosition to argue that its attempts to serve process on 3GPP were effective under Rule 4 and justify its attempt to obtain a default.  Because TruePosition framed its Motion to Strike to argue the substantive basis of 3GPP's noticed Rule 11 Motion, 3GPP asked TruePosition to stipulate to a coordinated briefing schedule so that the two motions could be considered most efficiently by the Court at the same time, after the 21-day safe harbor period for the Rule 11 Motion has passed. Consistent with its past practice of needlessly multiplying proceedings, TruePosition declined – demanding that the motions be briefed on separate schedules that will duplicate the parties' efforts and create needless burden and costs for the parties and the Court.

---

[1] 3GPP served the Rule 11 Motion on TruePosition on June 21, 2012.  Pursuant to Fed. R. Civ. P. 11(c)(2), 3GPP will file that motion with the Court if TruePosition does not withdraw the submissions that are the subject of the

Addressing the Motion to Strike and the Rule 11 Motion separately would be inherently wasteful, and good cause therefore exists for an Order establishing a coordinated briefing schedule enabling the issues to be addressed in an orderly fashion for the court's benefit. The staggered schedule TruePosition would require would not merely be inefficient, it would also defeat the purpose of the "safe harbor" procedure established by Fed. R. Civ. P. 11(c)(2) by forcing the parties and the Court to address the propriety of TruePosition's submission before TruePosition has had an opportunity to consider withdrawing it.

## II.      <u>FACTUAL BACKGROUND</u>

On November 14, 2011, TruePosition filed an Application for Entry of Default against 3GPP (Dkt. 76) (the "Application"). The affidavits accompanying the Application acknowledge TruePosition did not serve process on 3GPP in a manner authorized by Fed. R. Civ. P. 4. The French process server whose affidavit accompanied TruePosition's original Application did not declare that he delivered the summons and complaint to anyone authorized to accept service on behalf of 3GPP and shows that he did not leave the summons and complaint at 3GPP's address with any indication that service had been made as required to effectuate service. (Dkt. 76.) As a result, TruePosition has never filed (and cannot file) proof of service as required by Fed. R. Civ. P. 4(l). The Clerk properly did not enter default and instead referred the Application to the Court. Counsel for 3GPP entered a special appearance (Dkt. 77) for the sole purpose of responding to the original Application, which he did by letter to the Court dated November 22, 2012.[2]

---

motion before July 12, 2012 (within 21 days after service of the Motion).

[2] *See* Declaration Of William S.D. Cravens In Support Of In Support of the Expedited Motion of Defendant Third Generation Partnership Project For an Order Extending the Time to Respond to TruePosition's Motion to Strike and Establishing A Coordinated Briefing Schedule, dated June 25, 2012 ("Cravens Decl."), Exh. A at 1-2 (setting forth

On February 6, 2012, TruePosition filed its Amended Complaint. (Dkt. 91.) TruePosition made no effort to serve process for the Amended Complaint on 3GPP in any manner permitted under Federal Rule of Civil Procedure 4, and did not file any proof of service of process for the Amended Complaint. More than four months later, however, on June 14, 2012, TruePosition filed an Amended Application for Entry of Default against 3GPP (Dkt. 114) ("Amended Application").[3] The Amended Application repeats the arguments TruePosition made in its first Application concerning TruePosition's legally deficient and therefore ineffective attempts to serve 3GPP with the original Complaint. (*See id.* at ¶¶ 2-15.) TruePosition also attempts to support its "Amended Application" by incorrectly arguing that counsel's previous special appearance on behalf of 3GPP to challenge the first Application allowed TruePosition to serve the Amended Complaint on 3GPP's counsel under Fed. R. Civ. P. 5. (*See* Dkt. 114 at ¶¶ 16-22.)

On June 15, 2012, counsel for 3GPP entered a second special appearance for the limited purpose of addressing and responding to the "Amended Application". (*See* Dkt. 115.) On that day, 3GPP's counsel: (1) submitted a letter to the Court pointing out deficiencies in the Amended Application; and (2) advised TruePosition's counsel by letter of 3GPP's intent to serve a motion for Rule 11 sanctions if the Amended Application was not withdrawn by June 21, 2012, specifically because the Amended Application has no valid legal basis and served only the improper purpose of harassing 3GPP and increasing its litigation costs in violation of Rules 11(b)(1-2) (*see* Cravens Decl., Exhs. B and C).

---

the reasons that TruePosition's attempts to serve the original Complaint on 3GPP failed to comply with the Federal Rules of Civil Procedure and were thus legally ineffective).

Four days later, on June 19, 2012, TruePosition filed its Motion to Strike.  While the motion makes a perfunctory argument to strike 3GPP counsel's June 15 letter to the Court, TruePosition used the motion to present an extensive argument on a separate subject, the sufficiency of its service of process, in order to anticipate the arguments that 3GPP has indicated will be the subject of its Rule 11 Motion, also repeating arguments TruePosition made in its improper Amended Application.  (Dkt. 116.)  The deadline for 3GPP to respond to the Motion to Strike is July 10, 2012, unless the court grants 3GPP's requested extension and schedule.

On June 21, 2012, 3GPP served its Rule 11 Motion on TruePosition pursuant to Rule 11(c), stating that it will file the Rule 11 Motion with the Court if TruePosition fails to withdraw both its Amended Application and the Motion to Strike within 21 days.  (Cravens Decl., Exh. D.)  At the same time 3GPP's counsel sent a letter to TruePosition's counsel proposing a coordinated briefing schedule for TruePosition's Motion to Strike and 3GPP's Rule 11 Motion, because the two motions necessarily will address the same issues so it would be most efficient for the Court and the parties to address them at the same time.  Specifically, 3GPP proposed that (1) oppositions to both motions be submitted ten days after the filing of 3GPP's Rule 11 motion and (2) replies to the opposition be submitted 20 days after the filing of 3GPP's Rule 11 motion. (*Id.*, Exh. E).  TruePosition rejected 3GPP's request for a coordinated briefing schedule the following day by letter dated June 22, 2012. ( *Id.*, ¶ 7.)

### III.   ARGUMENT

Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time:  (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."  Moreover, the Court "has inherent authority to determine the sequence in which it will rule on pending motions in such a manner to make efficient use of judicial resources."

4

*Pittsburgh Home and Garden Show, Inc. v. Scripps Networks, Inc.*, No. 11-61903-CV, 2008 WL 728537, at *1 (W.D. Pa. Mar. 17, 2008) (citing *Jackson v. Univ. of Pittsburgh*, 141 F.R.D. 253, 254 (W.D. Pa. 1992)).

Good cause undoubtedly exists to extend the time for 3GPP to respond to TruePosition's Motion to Strike and to establish a coordinated briefing schedule so that TruePosition's Motion to Strike and 3GPP's Rule 11 Motion can be briefed and heard at the same time. The two motions on their face address the same central issues: whether TruePosition's attempts to serve the original Complaint on 3GPP were effective, and whether TruePosition's applications for entry of default as to 3GPP complied with the Federal Rules of Civil Procedure. (Dkt. 116 at 6-20; Cravens Decl., Exh. F at 1-2.) By insisting on separate briefing schedules, however, TruePosition is seeking to force 3GPP and the Court to address that issue twice, in connection with two separate motions, needlessly multiplying proceedings and increasing litigation costs.

Forcing 3GPP to respond to the Motion to Strike before 3GPP's Rule 11 Motion is filed would also defeat the purpose of the 21-day "safe harbor" provision in Fed. R. Civ. P. 11(c)(2) by needlessly burdening the Court with motion practice that would be avoided if TruePosition ultimately withdraws its improper filings during the Rule 11(c)(2) safe harbor period. *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008) (Rule 11's safe harbor provision is intended "to give parties the opportunity to correct their errors," thereby "streamlining litigation . . . without burdening the court." ); *see also Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, Docket Nos. 10-4931-cv(L), 11-16-cv(XAP), 2012 WL 2124698, at *4 (2d Cir. June 13, 2012) (noting that the purpose of the Rule 11(c)(2) safe harbor provision is to "to reduce, if not eliminate, the unnecessary expenditure of ... adversary resources") (quoting *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 156 (2d Cir. 2010)).

5

In sum, good cause exists to extend the time for 3GPP to respond to TruePosition's Motion to Strike, and to establish a coordinated briefing schedule to address the overlapping issues raised by TruePosition's Motion to Strike and 3GPP's Rule 11 Motion.  Allowing the two motions to be briefed and heard at the same time would also be wholly consistent with the Court's responsibility and authority to manage its docket "with economy of time and effort for itself, counsel, and for litigants."  *Rhodes v. Indep. Blue Cross*, Civil Action No. 11-1881, 2012 WL 447544, at *3 (E.D. Pa. Feb. 9, 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

The coordinated briefing schedule proposed by 3GPP would allow both motions to be fully briefed within 20 days after 3GPP's Rule 11 Motion is filed (if necessary) on July 12, 2012.  Assuming filing of the Rule 11 motion on that date, the oppositions to both motions would be submitted on or before July 23, 2012, and replies to the oppositions would be submitted on or before August 2, 2012.   This coordinated schedule is entirely reasonable, and would not materially delay consideration of TruePosition's Motion to Strike.

## IV.    REQUEST FOR EXPEDITED CONSIDERATION

Absent the Court's intervention, 3GPP's response to TruePosition's Motion to Strike will be due before this motion for an extension is fully briefed.   Accordingly, to avoid the inefficiencies identified above, 3GPP respectfully requests that the Court consider and rule on the instant Motion on an expedited basis, and in all events before July 10, 2012, which is the date 3GPP's opposition to the Motion to Strike will be due absent the relief requested herein.  To allow for the Court to address this motion on such expedited basis, 3GPP respectfully requests that TruePosition be directed to submit any opposition to this motion on or before July 2, 2012, with any reply by 3GPP to be submitted on or before July 6, 2012. *See Pittsburgh Home*, 2008 WL 728537, at *1, *supra*.

## V.    CONCLUSION

For the foregoing reasons, 3GPP respectfully requests that the Court grant its Motion pursuant to Fed. R. Civ. P. 6(b)(1)(A) for an Order extending 3GPP's time to respond to the Motion to Strike, and establishing a coordinated briefing schedule for TruePosition's Motion to Strike and 3GPP's Rule 11 Motion, such that (1) oppositions to both motions be submitted ten days after the filing of 3GPP's Rule 11 motion, and (2) replies to the oppositions be submitted 20 days after the filing of 3GPP's Rule 11 motion.   Further, 3GPP respectfully requests that TruePosition be ordered to submit any opposition to this motion on or before July 2, 2012, with any reply by 3GPP to be submitted on or before July 6, 2012.

**BINGHAM MCCUTCHEN LLP**

By:    /s/ Richard S. Taffet
Richard S. Taffet, *admitted pro hac vice*
Derek Care, *admitted pro hac vice*
399 Park Avenue
New York, NY 10022-4689
(212) 705-7729
richard.taffet@bingham.com
derek.care@bingham.com

William S.D. Cravens, *admitted pro hac vice*
**BINGHAM McCUTCHEN LLP**
2020 K Street N.W.
Washington, DC 20006-1806
(202) 373-6083
william.cravens@bingham.com

Stephen W. Armstrong
**MONTGOMERY, MCCRACKEN,
WALKER & RHOADS, LLP**
123 South Broad Street
Philadelphia, PA 19109
(215) 772-7552
sarmstrong@mmwr.com

*Attorneys for Third Generation
Partnership Project*

7