**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| TRUEPOSITION, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION |
| LM ERICSSON TELEPHONE COMPANY | ) | 2:11-cv-04574-RFK |
| (Telefonaktiebolaget LM Ericsson), QUALCOMM | ) | |
| INC., ALCATEL-LUCENT, S.A., THIRD | ) | |
| GENERATION PARTNERSHIP PROJECT a/k/a | ) | |
| 3GPP, and EUROPEAN TELECOMMUNICATIONS | ) | |
| STANDARDS INSTITUTE, | ) | |
| Defendants. | ) | |

**DECLARATION OF WILLIAM S.D. CRAVENS IN SUPPORT OF
THE EXPEDITED MOTION OF DEFENDANT THIRD GENERATION
PARTNERSHIP PROJECT FOR AN ORDER EXTENDING THE TIME
TO RESPOND TO TRUEPOSITION'S MOTION TO STRIKE
AND ESTABLISHING A COORDINATED BRIEFING SCHEDULE**

WILLIAM S.D. CRAVENS, ESQ. declares pursuant to 28 U.S.C. § 1746 as follows:

1.      I am counsel for defendant Third Generation Partnership Project ("3GPP"), and I make this Declaration in support of 3GPP's Expedited Motion For an Order Extending the Time to Respond to TruePosition's Motion to Strike and Establishing a Coordinated Briefing Schedule.

2.      A true and correct copy of a November 22, 2011 letter from Richard S. Taffet, Esq., counsel for 3GPP, to the Court is attached hereto as Exhibit A.

3.      A true and correct copy of a June 15, 2012 letter from Mr. Taffet to the Court is attached hereto as Exhibit B (exhibits omitted).

4.      A true and correct copy of a June 15, 2012 letter from Mr. Taffet to Colleen Healy Simpson, counsel for plaintiff TruePosition, Inc. ("TruePosition") is attached hereto as Exhibit C.

5.      A true and correct copy of a June 21, 2012 letter from me to Ms. Simpson is attached hereto as Exhibit D.

6.      A true and correct copy of a June 21, 2012 letter from me to John G. Harkins, Jr., Esq., counsel for TruePosition, and Ms. Simpson is attached hereto as Exhibit E.

7.      By letter dated June 22, 2012, Mr. Harkins rejected the proposed briefing schedule set forth in my June 21, 2012 letter to him and Ms. Simpson.

8.      A true and correct copy of a 3GPP's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, dated and served June 21, 2012, is attached hereto as Exhibit F.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 25, 2012.

/s/ William S.D. Cravens
William S.D. Cravens

A/74991789.1

**EXHIBIT A**

**TO**

**DECLARATION OF WILLIAM S.D. CRAVENS IN SUPPORT OF
THE EXPEDITED MOTION OF DEFENDANT THIRD GENERATION
PARTNERSHIP PROJECT FOR AN ORDER EXTENDING THE TIME
TO RESPOND TO TRUEPOSITION'S MOTION TO STRIKE
AND ESTABLISHING A COORDINATED BRIEFING SCHEDULE**

# BINGHAM

Richard S. Taffet
Direct Phone: 212.705.7729
richard.taffet@bingham.com

November 22, 2011

**BY FACSIMILE (215-580-2143) and FEDEX**

The Honorable Robert F. Kelly
United States District Court for the
Eastern District of Pennsylvania
601 Market Street
Room 11613
Philadelphia, PA 19106

Re: *TruePosition, Inc. v. LM Ericsson Telephone Company, et al.,*
    Case No. 2:11-cv-04574-RK

Dear Judge Kelly:

The undersigned entered a special appearance today as counsel for Defendant Third Generation Partnership Project ("3GPP") in the above-captioned matter for the limited purpose of responding to the Application for Entry of Default by Plaintiff TruePosition, Inc. ("TruePosition") against 3GPP, dated November 14, 2011 (D.I. 76). This letter responds briefly to the Application, but we are also available to address it more fully according to the court's direction and schedule.

TruePosition's Application fails to show, or even allege, that 3GPP has been served. Instead, TruePosition merely alleges that it has attempted unsuccessfully to serve 3GPP in two deficient ways: (1) via direct mail from TruePosition to 3GPP's alleged offices in France without prior approval of the Court; and (2) via a failed attempt at personal service on an employee of defendant European Telecommunications Standards Institute ("ETSI"), who is not even alleged to be authorized to accept service on behalf of 3GPP. As neither of these attempts at service was valid or successful, TruePosition's Application establishes only that 3GPP has *not* yet been served, and that there are therefore no grounds for entry of default against 3GPP.

TruePosition first claims that it attempted service on 3GPP via direct mail pursuant to Fed. R. Civ. P. Rule 4(f)(3), which authorizes service "by other means not prohibited by international agreement, *as the court orders.*" *Id.* (emphasis added). (*See* Affidavit for Entry of Default, dated November 14, 2011 (D.I. 76-2) at ¶ 2). This Court, however, has not issued any order allowing direct service by mail – nor did TruePosition even seek such an order before attempting service by mail on 3GPP. TruePosition's attempted service of process via direct mail is thus invalid, and TruePosition does not even attempt to argue otherwise. *The Knit With v. Knitting Fever*, Civ. A. Nos. 08-4221, 2010 WL 2788203, at *9 (E.D. Pa. July 13, 2010) (attempted direct service by mail not authorized under Rule 4(f)(3) where plaintiff did not seek prior court approval).

TruePosition's second unsuccessful attempt at service was not even directed to 3GPP. Rather, TruePosition alleges that a French process server asked Erik Jansen, Director of

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

T +1.212.705.7000
F +1.212.752.5378
bingham.com

A/74602233.1

The Honorable Robert F. Kelly
November 22, 2011
Page 2

Legal Affairs for ETSI (not 3GPP) to accept service on behalf of 3GPP, which
Mr. Jansen refused to do. (*See* D.I. 76-2 at ¶ 9). TruePosition does not even allege (nor
could it) that Mr. Jansen is an agent of 3GPP authorized to accept service on 3GPP's
behalf. Nor does TruePosition allege that service was accepted – in fact TruePosition
confirms that it was not. (*See* D.I. 76-2 at ¶ 9).

The fact that TruePosition has made two unsuccessful attempts to effect service on 3GPP
by invalid means does not relieve TruePosition of its obligation to serve 3GPP by valid
means. Until it has done so, and has filed a return of service with this Court (which it has
not done), 3GPP is under no obligation to respond to the Complaint, and TruePosition's
application for entry of default should be denied.

Respectfully submitted,

Richard S. Taffet

cc:     Counsel of Record (via e-mail)

**EXHIBIT B**

**TO**

**DECLARATION OF WILLIAM S.D. CRAVENS IN SUPPORT OF
THE EXPEDITED MOTION OF DEFENDANT THIRD GENERATION
PARTNERSHIP PROJECT FOR AN ORDER EXTENDING THE TIME
TO RESPOND TO TRUEPOSITION'S MOTION TO STRIKE
AND ESTABLISHING A COORDINATED BRIEFING SCHEDULE**

# BINGHAM

Richard S. Taffet
Direct Phone: 212.705.7729
Direct Fax:    212.702.3603
richard.taffet@bingham.com

June 15, 2012

**VIA FACSIMILE (215-580-2143) and FEDEX**

The Honorable Robert F. Kelly
United States District Court for the
Eastern District of Pennsylvania
601 Market Street
Room 11613
Philadelphia, PA 19106

Re:  *TruePosition, Inc. v. LM Ericsson Telephone Company, et al.,*
     **Case No. 2:11-cv-04574-RK**

Dear Judge Kelly:

The undersigned entered a special appearance today as counsel for defendant Third Generation Partnership Project ("3GPP") in the above-captioned matter for the limited purpose of addressing the Amended Application for Entry of Default by plaintiff TruePosition, Inc. ("TruePosition") against 3GPP, dated June 11, 2012 (Dkt. 114). This letter briefly responds to the Amended Application. We are also available to address it more fully according to the Court's direction and schedule.

TruePosition's Amended Application largely repeats the same arguments TruePosition made in its original Application for Entry of Default (Dkt. 76) concerning its legally deficient and therefore ineffective attempts to serve 3GPP with the original Complaint. That original Application is still pending before the Court. The defects in TruePosition's arguments are set forth at length in the undersigned's November 22, 2011 letter to the Court responding to TruePosition's original Application.[1] In sum, 3GPP was never served with process, which TruePosition's supporting affidavits admit, and indeed no return of service was ever filed.

Because the issues raised by the Amended Application are already addressed in TruePosition's original Application, TruePosition's Amended Application can be understood to serve no purpose other than to harass 3GPP and waste resources in violation of Rule 11(b)(1).

---

[1] A copy of the November 22, 2011 letter response is attached hereto as Exhibit A for the Court's convenience, and is incorporated by reference herein. The November 22, 2011 letter response was submitted pursuant to a previous special appearance (Dkt. 80) made for the sole purpose of responding to TruePosition's original Application.

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

T +1.212.705.7000
F +1.212.752.5378
bingham.com

A/74972978.1

The Honorable Robert F. Kelly
June 15, 2012
Page 2

Moreover, the only new argument included in the Amended Application – that the previous special appearance by counsel for 3GPP to challenge the original Application for Entry of Default allowed TruePosition to subsequently effect service of the Amended Complaint on 3GPP by sending it to 3GPP's counsel pursuant to Fed. R. Civ. P. 5(b)(1) (Dkt. 114 at ¶ 20) – is unsupported by, and indeed contrary to, established law, and is thus in violation of Rule 11(b)(2).

*First,* valid service of process is a prerequisite to the use of Fed. R. Civ. P. 5(b)(1). Here, TruePosition never served its original Complaint on 3GPP in a manner authorized by Fed. R. Civ. P. 4, and it therefore cannot effect service of the Amended Complaint under Fed. R. Civ. P. 5. *See Cryer v. UMass Med. Corr. Health,* Civil Acton No. 10-11346-PBS, 2011 WL 841248, at *1 (D. Mass. Mar. 7, 2011) (holding that allowing plaintiff to serve amended complaint pursuant to Rule 5 on defendant who had not been properly served with the original complaint "would eviscerate the detailed requirements under Rule 4 for noticing defendants of claims against them"); *Kohus v. Ohio State Highway Patrol,* No. 1:09-cv-658, 2009 WL 6808780, at *3 (S.D. Ohio Dec. 22, 2009) (denying application for default judgment based on defendant's failure to respond to amended complaint served under Rule 5 where that defendant was not properly served with the original complaint).[2]   Accordingly, sending an electronic copy of the Amended Complaint to 3GPP's counsel did not effect service on 3GPP, and was of no legal significance at all.

*Second,* the special appearance by counsel for 3GPP to challenge the original Application for Entry of Default did not waive 3GPP's right to proper service of process in a manner authorized by Fed. R. Civ. P. 4. *Leach v. BB & T Corp.,* 232 F.R.D. 545, 551 (N.D. W. Va. 2005) (a party "does not waive his right to service of process whenever an attorney appears on his behalf") (citing *Kiro v. Moore,* 229 F.R.D. 228, 231 (D.N.M. 2005) (same)); *see also Fehl v. Manhattan Ins. Grp.,* No. 11-CV-02688-LHK, 2012 WL 1831584, at *3 (N.D. Cal. May 18, 2012) ("The filing of an appearance in a lawsuit alone does not relieve plaintiff from executing proper service of process upon defendants."). This is particularly true here because counsel for 3GPP made the previous special appearance for the sole and specific purpose of addressing TruePosition's failure to properly serve 3GPP in connection with the original Application. *See F.T.C. v. NHS Sys., Inc.,* 708 F. Supp. 2d 456, 463 n.8

---

[2] *See also Brewer v. Assoc. of Apartment Owners of Southpointe at Waiakoa Condo.,* Cv. No. 10-00315 DAE-BMK, 2011 WL 2532757, at *1 n.2 (D. Haw. June 23, 2011) ("Although [defendant] is challenging service of Plaintiff's amended complaint, Rule 4 nonetheless applies here, rather than Rule 5, because there is no evidence that Plaintiff's original complaint was properly served.") (citing *Emp. Painters' Trust v. Ethan Enters., Inc.,* 480 F.3d 993, 995-96 (9th Cir. 2007) (clarifying that "an amended complaint can often be served in the same manner as any other pleading [in accordance with Rule 5] *if* the original complaint is properly served and the defendants appeared in the first instance") (emphasis added)).

The Honorable Robert F. Kelly
June 15, 2012
Page 3

(E.D. Pa. 2009) (special appearance to challenge jurisdiction based on plaintiff's failure to properly serve process on that defendant did not waive right to assert that challenge). Indeed, TruePosition's argument is nonsensical, as it would mean that a defendant could never challenge the sufficiency of service, because by specially appearing to challenge service he would be effectively waiving the very right he was appearing to assert.

In these circumstances, as a courtesy we have requested that TruePosition's counsel withdraw the Amended Application within five days to avoid further motion practice seeking sanctions pursuant to Fed. R. Civ. P. 11(c)(2).  (*See* Exhibit B hereto.)

We stand ready to provide the Court with any additional information as Your Honor may think appropriate.  At present, however, because TruePosition has not properly served either its original or Amended Complaint on 3GPP, both the original and the Amended Applications for default should be denied.

Respectfully submitted,

*Richard S. Taffet /DC*

Richard S. Taffet

cc:      Counsel of Record (via e-mail)

Bingham McCutchen LLP
bingham.com
A/74972978.1

**EXHIBIT C**

**TO**

**DECLARATION OF WILLIAM S.D. CRAVENS IN SUPPORT OF
THE EXPEDITED MOTION OF DEFENDANT THIRD GENERATION
PARTNERSHIP PROJECT FOR AN ORDER EXTENDING THE TIME
TO RESPOND TO TRUEPOSITION'S MOTION TO STRIKE
AND ESTABLISHING A COORDINATED BRIEFING SCHEDULE**

# BINGHAM

Richard S. Taffet
Direct Phone:  212.705.7729
Direct Fax:      212.702.3603
richard.taffet@bingham.com

June 15, 2012

**VIA E-MAIL**

Colleen Healy Simpson, Esq.
Harkins Cunningham
2800 One Commerce Square
2005 Market Street
Philadelphia, PA  19103-7042

Re:  *TruePosition, Inc. v. LM Ericsson Telephone Company, et al.,*
     **Case No. 2:11-cv-04574-RK**

Dear Colleen:

We write on behalf of 3GPP in connection with TruePosition's Amended Application for
Entry of Default, dated June 11, 2012 (Dkt. 114), and pursuant to the special appearance
we entered today for the specific purpose of addressing that Amended Application.  As
explained  below, the Amended Application is sanctionable under Fed. R. Civ. P. 11 for
two reasons.  As a result, we ask that TruePosition withdraw the Amended Application
within 5 days, or we will proceed to serve a motion for sanctions pursuant to Fed. R. Civ.
P. 11(c)(2).

*First*, the Amended Application simply repeats arguments that are already before the
Court as a result of TruePosition's original Application for Entry of Default.  Filing the
Amended Application can, therefore, be construed only to be for the improper purpose of
harassing 3GPP, and needlessly increasing the costs of litigation, in violation of Fed. R.
Civ. P. 11(b)(1).  *See* Fed. R. Civ. P. 11(b)(1) (motions and other papers must not be
"presented for any improper purpose, such as to harass, cause unnecessary delay, or
needlessly increase the cost of litigation"); *see also Stewart v. State Farm Fire & Cas.
Co.*, No. CIV. A. 96–0441, 1997 WL 727493, at *2-3 (E.D. Pa. Nov. 21, 1997) (Kelly,
J.) (awarding sanctions against litigant pursuant to Fed. R. Civ. P. 11(b)(1) for filing
frivolous and unnecessary motions directed to matters previously addressed by the Court
because "[t]he only explanation for his behavior is that he intends to harass, annoy, and
delay both this Court and opposing counsel").

*Second*, the sole new argument advanced in the Amended Application – that our
previous special appearance on behalf of 3GPP to challenge the original Application
for Entry of Default allowed TruePosition to subsequently effect service of the
Amended Complaint on 3GPP through service on counsel – is unsupported by, and
indeed contrary to, established law.   The point is not debatable; TruePosition's
argument is simply incorrect as a matter of law, and therefore in violation of Fed. R.
Civ. P. 11(b)(2).  *See* Fed. R. Civ. P. 11(b)(2) (legal contentions must be "warranted
by existing law or by a nonfrivolous argument for extending, modifying, or reversing
existing law or for establishing new law"); *Leib v. Topstone Indus., Inc.*, 788 F.2d
151, 157 (3d Cir. 1986) (to satisfy the requirements of Rule 11, counsel must

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

T +1.212.705.7000
F +1.212.752.5378
bingham.com

A/74974192.1

Colleen Healy Simpson, Esq.
June 15, 2012
Page 2

conduct "a normally competent level of legal research to support the presentation");
*Lease v. Fishel*, Civ. A. No. 1:07-CV-0003, 2009 WL 922486, at *10 (M.D. Pa. Apr. 3,
2009) (finding that counsel who asserted claims not "warranted by existing law or by
nonfrivolous argument for extending, modifying, or creating new law" violated Rule
11(b)(2)); *Cornish v. Goshen*, Civ. A. No. 1:04-CV-0232, 2005 WL 5394660, at *1
(M.D. Pa. Aug. 1, 2005) (sanctioning attorney who submitted brief making "plainly
baseless" legal argument in violation of Rule 11(b)(2)).

In these circumstances, it is clear that prior to signing the Amended Application you
did not conduct a reasonable inquiry to determine that it was not submitted for any
improper purpose, and did not contain legally frivolous or unsupportable arguments,
as required by Fed. R. Civ. P. 11(b)(1)-(2).  We hope you will, therefore, reconsider
and withdraw the Amended Application within 5 days of this letter and avoid the
need for motion practice seeking Rule 11 sanctions.

Very truly yours,

*Richard S. Taffet / DC*

Richard S. Taffet

cc:  Counsel of record

**EXHIBIT D**

**TO**

**DECLARATION OF WILLIAM S.D. CRAVENS IN SUPPORT OF
THE EXPEDITED MOTION OF DEFENDANT THIRD GENERATION
PARTNERSHIP PROJECT FOR AN ORDER EXTENDING THE TIME
TO RESPOND TO TRUEPOSITION'S MOTION TO STRIKE
AND ESTABLISHING A COORDINATED BRIEFING SCHEDULE**

# BINGHAM

William S.D. Cravens
Direct Phone: 202.373.6083
william.cravens@bingham.com

June 21, 2012

**VIA EMAIL AND U.S. MAIL**

Colleen Healy Simpson, Esq.
Harkins Cunningham
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103-7042

Re:   *TruePosition, Inc. v. LM Ericsson Telephone Company, et al.,*
       **Case No. 2:11-cv-04574-RK**

Dear Colleen:

Further to our June 15, 2012 letter, enclosed please find Defendant Third Generation
Partnership Project's Motion For Sanctions Pursuant To Fed. R. Civ. P. 11. The Motion
is being served pursuant to Rule 11(c)(2), and if TruePosition does not withdraw both its
Amended Application for Entry of Default Against 3GPP (Dkt. 114) and its Motion to
Strike (Dkt. 116) within 21 days, we will file the enclosed along with a supporting
memorandum of law and declaration.

I note that your submission of the Motion to Strike underscores the improper purpose of
TruePosition's conduct by multiplying proceedings even further, and repeating the same
unsupportable arguments already made in the original and Amended Applications. None
of those arguments excuses TruePosition's decision to repeatedly seek entry of default
against 3GPP when service has never been made pursuant to applicable rules, and no
return of service has ever been filed. From the outset, TruePosition could have proceeded
pursuant to the rules that govern service of process and the procedure for determining the
sufficiency of that service, but TruePosition has stubbornly declined to do so, and instead
has engaged in needless and costly motion practice. Raising additional issues on the
sufficiency of plaintiff's service of process in the Motion to Strike after twice seeking a
default against 3GPP does not avoid or overcome plaintiff's failures to satisfy the express
requirements of the rules governing service of process and entry of default.

It is my sincere hope that you will withdraw the Amended Application and Motion to
Strike, and proceed to address the issue of service in accordance with the applicable rules.

Sincerely yours,

William S.D. Cravens

Encl.

cc:  Counsel of record

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

T +1.202.373.6000
F +1.202.373.6001
bingham.com

A/74987151.1

**EXHIBIT E**

**TO**

**DECLARATION OF WILLIAM S.D. CRAVENS IN SUPPORT OF
THE EXPEDITED MOTION OF DEFENDANT THIRD GENERATION
PARTNERSHIP PROJECT FOR AN ORDER EXTENDING THE TIME
TO RESPOND TO TRUEPOSITION'S MOTION TO STRIKE
AND ESTABLISHING A COORDINATED BRIEFING SCHEDULE**

# BINGHAM

William S.D. Cravens
Direct Phone:  202.373.6083
Direct Fax:     202.373.6383
william.cravens@bingham.com

June 21, 2012

**VIA E-MAIL**

John G. Harkins, Jr., Esq.
Colleen Healy Simpson, Esq.
Harkins Cunningham
2800 One Commerce Square
2005 Market Street
Philadelphia, PA  19103-7042

Re:  *TruePosition, Inc. v. LM Ericsson Telephone Company, et al.,*
     Case No. 2:11-cv-04574-RK

Dear John and Colleen:

As you know, by letter of even date, TruePosition has been given notice that 3GPP will file a Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 no earlier than 21 days from today unless TruePosition withdraws its Amended Application for Entry of Default Against 3GPP (Dkt. 114) and Motion to Strike (Dkt. 116).  That motion introduces completely new issues not within the scope of the original and Amended Applications going to whether plaintiff has satisfied its service of process obligations, which are essential prerequisites to the requested default, and should be presented to the Court on their own grounds.  Because 3GPP's Rule 11 Motion and TruePosition's Motion to Strike address many of the same issues, it would be most efficient for the parties and the Court if the two motions are briefed and considered at the same time.  To that end, we propose the following briefing schedule:

- Deadline for filing oppositions to (1) TruePosition's Motion to Strike; and (2) 3GPP's Rule 11 Motion (assuming no withdrawal of the Amended Application and Motion to Strike) - 10 days from filing of 3GPP's motion.

- Deadline for filing replies in further support of (1) TruePosition's Motion to Strike; and (2) 3GPP's Rule 11 Motion - 20 days from filing of 3GPP's motion.

Please advise by close of business tomorrow whether you agree to or would like to discuss the above-proposed schedule or other issues and we will prepare a joint stipulation for submission to the Court.

Sincerely yours,

William S.D. Cravens

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

T +1.202.373.6000
F +1.202.373.6001
bingham.com

A/74987475.1

**EXHIBIT F**

**TO**

**DECLARATION OF WILLIAM S.D. CRAVENS IN SUPPORT OF
THE EXPEDITED MOTION OF DEFENDANT THIRD GENERATION
PARTNERSHIP PROJECT FOR AN ORDER EXTENDING THE TIME
TO RESPOND TO TRUEPOSITION'S MOTION TO STRIKE
AND ESTABLISHING A COORDINATED BRIEFING SCHEDULE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUEPOSITION, INC.,<br>                                    Plaintiff,<br><br>        v.<br><br>LM ERICSSON TELEPHONE COMPANY<br>(Telefonaktiebolaget LM Ericsson), QUALCOMM<br>INC., ALCATEL-LUCENT, S.A., THIRD<br>GENERATION PARTNERSHIP PROJECT a/k/a<br>3GPP, and EUROPEAN TELECOMMUNICATIONS<br>STANDARDS INSTITUTE,<br>                                    Defendants. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION<br>)   2:11-cv-04574-RFK<br>)<br>)<br>)<br>)<br>)<br>) |

---

## DEFENDANT THIRD GENERATION PARTNERSHIP PROJECT'S
## MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

Pursuant to Federal Rule of Civil Procedure 11, defendant Third Generation Partnership Project ("3GPP") hereby moves the Court for sanctions against plaintiff TruePosition, Inc. ("TruePosition") and its counsel in connection with TruePosition's submission of its (1) Amended Application for Entry of Default against 3GPP (Dkt. 114) (the "Amended Application"); and (2) Motion to Strike Letter of 3GPP's Counsel dated June 15, 2012 or, in the Alternative, to Treat the Letter as a Response To TruePosition's Amended Application for Entry of Default as to 3GPP and the Accompanying Memorandum as a Reply to that Response (Dkt. 116) (the "Motion to Strike").[1]

The Amended Application was submitted in violation of Rule 11 for two reasons.

---

[1] This Motion is made pursuant to a special appearance by counsel for 3GPP for the sole purpose of responding to and addressing the Amended Application, including as relates to the Motion to Strike, and is without waiver of or prejudice to any of 3GPP's defenses in connection with TruePosition's claims, including but not limited to defenses that: (1) 3GPP has not been served with process in any manner authorized by the Federal Rules of Civil Procedure or the Hague Convention; (2) 3GPP lacks contacts with the forum sufficient to permit the exercise of personal jurisdiction over 3GPP; and (3) 3GPP is not a juridical entity and does not have the capacity to be sued. (Dkt. 115 at 1.)

*First*, the Amended Application simply repeats arguments that are already before the Court as a result of TruePosition's original Application for Entry of Default. (*See* Dkt. 76 at ¶¶ 2-5; Dkt. 114 at ¶¶ 2-12). Filing the Amended Application can, therefore, be construed only to be for the improper purpose of harassing 3GPP, and needlessly increasing the costs of litigation, in violation of Rule 11(b)(1). *See* Fed. R. Civ. P. 11(b)(1) (motions and other papers must "not be presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation").

*Second*, the sole new argument advanced in the Amended Application – that the previous special appearance by counsel on behalf of 3GPP to challenge the original Application for Entry of Default allowed TruePosition to subsequently effect service of the Amended Complaint on 3GPP through service on counsel (Dkt. 114 at ¶¶ 16, 19-21) – is unsupported by, and indeed contrary to, established law, and is therefore in violation of Rule 11(b)(2). *See* Fed. R. Civ. P. 11(b)(2) (legal contentions must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law").

TruePosition's Motion to Strike further violates Rule 11 because it was submitted in support of the improper Amended Application, and because it repeats and compounds the repetitive and legally unsupported arguments raised in the Amended Application. (*See* Dkt. 116 at 3-6, 8-12.)

WHEREFORE, for the reasons set forth above and in the supporting memorandum of law and declaration to be filed herewith, 3GPP respectfully requests that the Court grant the Motion in its entirety and award all necessary and appropriate sanctions against TruePosition and its counsel pursuant to Rule 11(c), including but not limited to:

(1) an award of 3GPP's costs and fees incurred in response to the Amended Application and the Motion to Strike, and in connection with this Motion;

(2) denial of the Amended Application and the Motion to Strike; and

(3) a declaration by the Court that TruePosition has failed to serve process on 3GPP in any manner authorized by the Federal Rules of Civil Procedure.

Oral argument is respectfully requested.

Respectfully submitted,

Dated: June 21, 2012

/s/ Richard S. Taffet
Richard S. Taffet, *admitted pro hac vice*
Derek Care, *admitted pro hac vice*
**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY 10022-4689
(212) 705-7729
richard.taffet@bingham.com
derek.care@bingham.com

William S.D. Cravens, *admitted pro hac vice*
**BINGHAM McCUTCHEN LLP**
william.cravens@bingham.com
2020 K Street N.W.
Washington, DC 20006-1806
(202) 373-6083
william.cravens@bingham.com

Stephen W. Armstrong
**MONTGOMERY, MCCRACKEN,
WALKER & RHOADS, LLP**
123 South Broad Street
Philadelphia, PA 19109
(215) 772-7552
sarmstrong@mmwr.com

*Attorneys for Defendant*
*Third Generation Partnership Project*

3

## **CERTIFICATE OF SERVICE**

I, Derek Care, hereby certify that on June 21, 2012, I caused true and correct copies of

the foregoing Motion of Defendant Third Generation Partnership Project's Motion For Sanctions

Pursuant To Fed. R. Civ. P. 11 to be served on all counsel of record by e-mail and first class mail

Dated:  June 21, 2012

/s/ Derek Care
Derek Care