**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUEPOSITION, INC. )<br>)<br>Plaintiff, )<br>v. )<br>)<br>LM ERICSSON TELEPHONE COMPANY, )<br>)<br>QUALCOMM INC., )<br>)<br>ALCATEL-LUCENT, USA INC., )<br>)<br>THIRD GENERATION PARTNERSHIP )<br>PROJECT a/k/a 3GPP, )<br>)<br>and )<br>)<br>EUROPEAN TELECOMMUNICATIONS )<br>STANDARDS INSTITUTE )<br>)<br>Defendants. ) | Case No. 2:11-cv-4574 (RK) |

## ORDER

AND NOW, this _____ day of _____, 2012, upon consideration of Defendant Third Generation Partnership Project's Motion for an Order Extending the Time to Respond to TruePosition's Motion to Strike and Establishing a Coordinated Briefing Schedule, and TruePosition Inc.'s opposition and any reply thereto, it is hereby ORDERED that Defendant's Motion is DENIED.

BY THE COURT

_____
R. Kelly, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUEPOSITION, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:11-cv-4574 (RK) |
| ) | |
| LM ERICSSON TELEPHONE COMPANY, ) | |
| ) | |
| QUALCOMM INC., ) | |
| ) | |
| ALCATEL-LUCENT, USA INC., ) | |
| ) | |
| THIRD GENERATION PARTNERSHIP ) | |
| PROJECT a/k/a 3GPP, ) | |
| ) | |
| and ) | |
| ) | |
| EUROPEAN TELECOMMUNICATIONS ) | |
| STANDARDS INSTITUTE ) | |
| ) | |
| Defendants. ) | |

**TRUEPOSITION'S OPPOSITION TO EXPEDITED MOTION OF DEFENDANT
THIRD GENERATION PARTNERSHIP PROJECT FOR AN ORDER EXTENDING
THE TIME TO RESPOND TO TRUEPOSITION'S MOTION TO STRIKE AND
<u>ESTABLISHING A COORDINATED BRIEFING SCHEDULE</u>**

The Court should deny defendant Third Generation Partnership Project's ("3GPP's") Expedited Motion for an Order Extending the Time to Respond to TruePosition's Motion to Strike and Establishing a Coordinated Briefing Schedule.

3GPP's plan to combine briefing on its proposed Rule 11 Motion with the briefing on TruePosition's Motion to Strike simply delays resolution of the key questions – was 3GPP properly served under the Hague Convention and is a default now in order. Those two questions rest, in turn, on a number of underlying issues, each of which has been briefed by TruePosition

and as to each of which the facts necessary for their consideration have been placed of record. There is no reason why 3GPP cannot address those issues by July 6, 2012, the date when its reply to TruePosition's Motion is due.[1]

The relevant issues arise as follows:

1.      In July 2011, TruePosition attempted service upon 3GPP under the Hague Convention by Registered Mail. The return receipt for the Registered Mail was never returned, and service was effectively refused. In the second effort to effect service through the Hague Convention, this time through the Central Authority, the French process server went to the 3GPP/ETSI address in Sophia-Antipolis, France on September 12, 2011, and was directed to Erik Jansen, ETSI's Director of Legal Affairs. Jansen was a member of the ETSI Secretariat that provides administrative and legal support to 3GPP. ETSI characterizes 3GPP as an ETSI Partnership Project and, therefore, part of ETSI itself.[2] Jansen accepted service of the Complaint on behalf of ETSI, but stated to the process server that he could not accept service on behalf of 3GPP since that "summoned party was not a body corporate, but only an informal association of several entities, including his company . . . ETSI."[3] These facts lead to the following legal questions:

---

[1] TruePosition filed its Motion to Strike on June 19, 2012, serving it by e-mail. Under the Rules, 3GPP must respond by July 6, 2012, not July 10 as it seems to believe is the date. *See* Fed. R. Civ. P. 6(d) and Loc. R. Civ. P. 7.1(c).

[2] *See* Docket Entry (hereinafter "D.E.") 116, TruePosition Motion to Strike at 11; D.E. 91, Amended Complaint ¶ 15.

[3] More recently, 3GPP counsel has tried to suggest that there is no proof that Jansen had authority to accept service for 3GPP. That was not the basis upon which Jansen refused to

2

    a.  Is 3GPP, as an unincorporated association, capable of being served under Fed. R. Civ. P. 17(b)(3)(A)?

    b.  Was 3GPP service under the Hague Convention effected when Erik Jansen consciously refused to take the papers being served on 3GPP while accepting service for ETSI?

  2.  3GPP did not respond to service by, for example, a Rule 12 motion questioning the sufficiency of service, nor did it move to dismiss the Complaint for failure to state a claim or raise any other defense.[4] After more than thirty days elapsed without any response from 3GPP, TruePosition filed an Application for Entry of Default Against 3GPP.  (D.E. 76, Nov.14, 2011).  Counsel for 3GPP (also counsel for ETSI) then filed what it labeled as a "Special Appearance" purporting not to waive certain defenses.  This leads to the following legal questions:

    a.  Does the law recognize any difference today between a so-called special appearance and a general appearance?

    b.  Given the appearance, was it appropriate for TruePosition thereafter to serve 3GPP counsel under Rule 5 with its Amended Complaint (to which 3GPP counsel offered

---

accept service and there has been no declaration from Jansen or other form of proof that would support this speculation.  Counsel's suggestion is not evidence and should be ignored.

[4] *See Corestates Leasing, Inc. v. Wright-Way Express, Inc.*, 190 F.R.D. 356, 358 (E.D. Pa. 2000) (R. Kelly, J.) ("[W]hen the party has received actual notice of the suit there is no due process problem in requiring him to object to the ineffective service within the period prescribed by Rule 12(h)(1) and the defense is one that he certainly can waive if he wishes to do so [footnote omitted]. This is because the defendant has failed to do what the rule says he must do if he is to avoid a waiver. Furthermore, a more permissive construction would reduce the effectiveness of Rule 12(h)(1) sharply.") (quoting Wright & Miller Federal Practice and Procedure: Civil 2d § 1391).

no objection), and later, to serve 3GPP counsel with TruePosition's Amended Application for Entry of Default Against 3GPP?

The idea of 3GPP counsel that its intended Rule 11 motion will add something that the Court needs to consider when it rules on the foregoing issues is meritless.[5]  Presumably, the threat of a Rule 11 motion is meant to have some *in terrorem* effect on TruePosition or achieve some tactical goal; but TruePosition is not going to withdraw either its Amended Application for Entry of Default or its Motion to Strike under this threat.  Each of TruePosition's filings with this Court is fully supported by facts and by law as required by Rule 11(b).  If the Court agrees with TruePosition on the foregoing issues, then there is no support whatsoever for a Rule 11 motion; and even if the Court should disagree, it will not be because there was a lack of good faith advocacy with respect to fact and law.  The orderly way to proceed at this point is to address the issues set forth above and to do so promptly.[6]

---

[5]  Rather than quietly serve TruePosition with a proper Rule 11 motion, 3GPP has attempted to adversely influence the Court by sending it a letter on Friday, June 15, 2012, referencing a forthcoming (but unsupportable) Rule 11 motion and attaching a letter to TruePosition's counsel threatening the same.  3GPP's Expedited Motion actually attaches the Rule 11 motion that it served on TruePosition's counsel despite the fact that Rule 11(c)(2) explicitly forbids this behavior, stating: "The motion must be served under Rule 5, ***but it must not be filed or be presented to the court*** if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." (Emphasis added).  This violation by 3GPP is blatant and improper.  It should not be tolerated.

[6]  In addition, when 3GPP served the Rule 11 motion on TruePosition's counsel (with no memorandum of law attached), it failed to cite *any* authority (other than Rule 11) for its assertions.  This is not the type of particularized notice contemplated by Rule 11.  Furthermore, Rule 7.1(c) of the Local Rules of the United States District for the Eastern District of Pennsylvania mandates that "[e]very motion not certified as uncontested . . . ***shall*** be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion." (Emphasis added).  TruePosition reserves the right to

For the above reasons, 3GPP has not shown good cause for an extension as required under Rule 6 and contorting the briefing schedule as 3GPP suggests is illogical. A Rule 11 motion only could be addressed once the propriety of the service of process on 3GPP is determined – a subject of the Memorandum supporting the Motion to Strike, and resolution of TruePosition's Motion will reveal any Rule 11 motion to be meritless and moot. 3GPP's motion should be denied. 3GPP should respond to TruePosition's Motion to Strike by July 6, 2012.

Date:  June 28, 2012                              Respectfully submitted,

                                                     s/John G. Harkins, Jr.
John G. Harkins, Jr. (Atty. I.D. 04441)
Colleen Healy Simpson (Atty. I.D. 84956)
HARKINS CUNNINGHAM LLP
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103-7042
(215) 851-6700

Douglas E. Rosenthal
Seth D. Greenstein
Aymeric Dumas-Eymard
David Golden
CONSTANTINE CANNON LLP
1301 K Street, NW
Suite 1050 East Tower
Washington, D.C. 20005
(202) 204-3500

- and -

---

raise these issues with the Court should 3GPP choose to file a Rule 11 Motion without proper notice.

5

Gordon Schnell
Alysia Solow
Taline Sahakian
CONSTANTINE CANNON LLP
335 Madison Avenue
9th Floor
New York, N.Y. 10017
(202) 350-2700

Stuart Salen
Shelby Haverson
TRUEPOSITION, INC.
1000 Chesterbrook Blvd.
Suite 200
Berwyn, PA 19312
(610) 680-1000

*Attorneys for Plaintiff TruePosition, Inc.*

## **CERTIFICATE OF SERVICE**

I, Evelyn R. Protano, hereby certify that on June 28, 2012 I caused a true and correct copy of TruePosition's Opposition to Expedited Motion of Defendant Third Generation Partnership Project for an Order Extending the Time to Respond to TruePosition's Motion to Strike and Establishing a Coordinated Briefing Schedule, to be served upon the following by e-mail and by the Court's ECF system:

**Counsel for Qualcomm Inc.**

Robert N. Feltoon
Conrad O'Brien PC
1500 Market Street
Centre Square West Tower, Ste. 3900
Philadelphia, PA  19102-2100
rfeltoon@conradobrien.com

Roger G. Brooks
Gary A. Bornstein
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, N.Y. 10019-7475
rbrooks@cravath.com
gbornstein@cravath.com

**Counsel for Alcatel Lucent**

Francis P. Newell
Peter Michael Ryan
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103
fnewell@cozen.com
pryan@cozen.com

Ali M. Stoeppelwerth
Brian Boynton
Stephen Hut
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
ali.stoeppelwerth@wilmerhale.com
brian.boynton@wilmerhale.com
stephen.hut@wilmerhale.com

**Counsel for ETSI**

Stephen W. Armstrong
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
sarmstrong@mmwr.com

Derek Care
Richard S. Taffet
Bingham McCutchen LLP
399 Park Avenue
New York, NY  10022-4689
derek.care@bingham.com
richard.taffet@bingham.com

William S.D. Cravens
Bingham McCutchen LLP
2020 K Street, N.W.
Washington, DC  20006-1806
william.cravens@bingham.com

**Counsel for 3GPP**

Stephen W. Armstrong
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
sarmstrong@mmwr.com

Derek Care
Richard S. Taffet
Bingham McCutchen LLP
399 Park Avenue
New York, NY  10022-4689
derek.care@bingham.com
richard.taffet@bingham.com

William S.D. Cravens
Bingham McCutchen LLP
2020 K Street, N.W.
Washington, DC  20006-1806
william.cravens@bingham.com

**Counsel for LM Ericsson Telephone Company (Telefonaktiebolaget LM Ericsson)**

Steven E. Bizar
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th Street, Ste. 3200
Philadelphia, PA  19102-2555
steven.bizar@bipc.com

Arman Y. Oruc
Conor A. Reidy
Simpson Thacher & Bartlett LLP
1155 F Street, N.W.
Washington, DC  20004
AOruc@stblaw.com
CReidy@stblaw.com

        Kevin J. Arquit
        Peri L. Zelig
        Simpson Thacher & Bartlett LLP
        425 Lexington Avenue
        New York, NY  10017-3954
        karquit@stblaw.com
        pzelig@stblaw.com

                                    s/Evelyn R. Protano
                                      Evelyn R. Protano

4