IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUEPOSITION, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CIVIL ACTION |
| LM ERICSSON TELEPHONE COMPANY : | |
| (TELEFONAKTIEBOLAGET LM ERICSSON), : | |
| QUALCOMM, INC., : | No. 11-4574 |
| ALCATEL-LUCENT USA, INC., : | |
| EUROPEAN TELECOMMUNICATIONS : | |
| STANDARDS INSTITUTE and : | |
| THIRD GENERATION PARTNERSHIP : | |
| PROJECT a/k/a 3GPP, : | |
| : | |
| Defendants. : | |

**ORDER**

**AND NOW**, this  29th  day of June, 2012, upon consideration of recent filings (Doc. Nos. 114, 115, 116, 117 and 120) in this case, and the letter dated June 15, 2012, by Richard S. Taffet on behalf of Third Generation Partnership Project ("3GPP"), it is hereby **ORDERED** that:

1. "Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, a district judge also possesses the inherent power to enter a default." Kollmann v. Transtech Airport Solutions, Inc., No. 08-797, 2011 WL 6020168, at *2 (W.D. Pa. Dec. 2, 2011) (quoting City of New York v. Mickalis Pawn Shop, LLC., 645 F.3d 114, 128 (2d Cir. 2011)).  Currently, there are outstanding issues regarding proper service of process of the Amended Complaint on 3GPP.  Significantly, "[a] default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set

aside." Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985); see also D'Onofrio v. Il Mattino, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) ("A default judgment entered without personal jurisdiction is void.")  In light of the outstanding service of process issues pertaining to 3GPP, Trueposition, Inc.'s Amended Application for Entry of Default (Doc. No. 114) is **DENIED WITHOUT PREJUDICE**;

2. The original Application for Entry of Default Against 3GPP (Doc. No. 76) is **DENIED AS MOOT WITHOUT PREJUDICE** due to the filing of the Amended Complaint (Doc. No. 91) on February 3, 2012.  See Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit."); Reinhart v. PNC Bank, NA, No. 10-7384, 2012 WL 1104685, at *2 n.1 (E.D. Pa. Apr. 2, 2012) ("Prior to the filing of the Amended Complaint, Plaintiffs filed a Motion for a Default Judgment . . . .  That Motion will be denied as moot."); Enigwe v. Gainey, No. 10-684, 2012 WL 213510, at *3 (E.D. Pa. Jan. 23, 2012) (denying request for entry of default as moot after filing of amended complaint); Haamid v. United States, No. 89-0780, 1990 WL 210610, at *1 (E.D. Pa. Dec. 18, 1990) ("The filing of the amended complaint renders moot the plaintiff's motion for entry of default judgment.");

3. Plaintiff True Position, Inc.'s Motion to Strike Letter of 3GPP's Counsel Dated June 15, 2012 or, in the Alternative, to Treat the Letter as a Response to Trueposition's Amended Application for Entry of Default as to 3GPP and the Accompanying Memorandum as a Reply (Doc. No. 116) is **GRANTED IN**

    **PART AND DENIED IN PART**.  The Motion to Strike Letter of 3GPP's Counsel Dated June 15, 2012, is **DENIED**; however, Trueposition, Inc.'s Request that the June 15, 2012 Letter be treated as a Response to Trueposition, Inc.'s Amended Application for Entry of Default as to 3GPP and the Accompanying Memorandum to its Motion to Strike as a Reply is **GRANTED**.  The Clerk of Court shall docket the attached letter dated June 15, 2012, under the title of "3GPP's Response to the Amended Application for Entry of Default."  It is noted, however, that letters to chambers addressing substantive legal issues are prohibited as set forth in my judicial policies and procedures document entitled "Pretrial and Trial Procedure."  The Court will permit the letter in this instance to be docketed as a Response, but will not accept anymore letters from counsel addressing substantive legal issues;

4.  In Plaintiff TruePosition, Inc.'s Motion to Strike Letter of 3GPP's Counsel Dated June 15, 2012 or, in the Alternative, to Treat the Letter as a Response to Trueposition's Amended Application for Entry of Default as to 3GPP and the Accompanying Memorandum as a Reply, Trueposition, Inc. requests that "the Court order service [upon 3GPP] 'by other means' under Federal Rule of Civil Procedure 4(f)(3)."  (Doc. No. 116)  Under the circumstances of this case, the Court finds that Trueposition, Inc. is entitled to another opportunity to effect proper service upon 3GPP.  Having sought approval from this Court for service by other means not prohibited by international agreement, it is concluded that service of the Amended Complaint upon 3GPP is **QUASHED**.  In order to ensure that this case advances in a reasonably timely manner, Trueposition, Inc. is given

       twenty (20) days from the date of this Order to accomplish proper service of process upon 3GPP through the alternative method of serving of process by international registered mail.  If Trueposition, Inc. fails to effect proper service upon 3GPP within the time limit, Trueposition, Inc.'s action against 3GPP shall be dismissed with prejudice; and

5.    The Expedited Motion of Defendant Third Generation Partnership Project for an Order Extending the Time to Respond to Trueposition's Motion to Strike and Establishing a Coordinated Briefing Schedule (Doc. No. 117) is **DENIED**.

                                      BY THE COURT

                                      /s/ Robert F. Kelly
                                      ROBERT F. KELLY
                                      SENIOR JUDGE