# BINGHAM

JUN 1 8 2012

Richard S. Taffet
Direct Phone:  212.705.7729
Direct Fax:      212.702.3603
richard.taffet@bingham.com

June 15, 2012

**VIA FACSIMILE (215-580-2143) and FEDEX**

The Honorable Robert F. Kelly
United States District Court for the
Eastern District of Pennsylvania
601 Market Street
Room 11613
Philadelphia, PA 19106

Re:  *TruePosition, Inc. v. LM Ericsson Telephone Company, et al.,*
     **Case No. 2:11-cv-04574-RK**

Dear Judge Kelly:

The undersigned entered a special appearance today as counsel for defendant Third Generation Partnership Project ("3GPP") in the above-captioned matter for the limited purpose of addressing the Amended Application for Entry of Default by plaintiff TruePosition, Inc. ("TruePosition") against 3GPP, dated June 11, 2012 (Dkt. 114). This letter briefly responds to the Amended Application. We are also available to address it more fully according to the Court's direction and schedule.

TruePosition's Amended Application largely repeats the same arguments TruePosition made in its original Application for Entry of Default (Dkt. 76) concerning its legally deficient and therefore ineffective attempts to serve 3GPP with the original Complaint. That original Application is still pending before the Court. The defects in TruePosition's arguments are set forth at length in the undersigned's November 22, 2011 letter to the Court responding to TruePosition's original Application.[1] In sum, 3GPP was never served with process, which TruePosition's supporting affidavits admit, and indeed no return of service was ever filed.

Because the issues raised by the Amended Application are already addressed in TruePosition's original Application, TruePosition's Amended Application can be understood to serve no purpose other than to harass 3GPP and waste resources in violation of Rule 11(b)(1).

---

[1] A copy of the November 22, 2011 letter response is attached hereto as Exhibit A for the Court's convenience, and is incorporated by reference herein. The November 22, 2011 letter response was submitted pursuant to a previous special appearance (Dkt. 80) made for the sole purpose of responding to TruePosition's original Application.

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

T +1.212.705.7000
F +1.212.752.5378
bingham.com

A/74972978.1

The Honorable Robert F. Kelly
June 15, 2012
Page 2

Moreover, the only new argument included in the Amended Application – that the previous special appearance by counsel for 3GPP to challenge the original Application for Entry of Default allowed TruePosition to subsequently effect service of the Amended Complaint on 3GPP by sending it to 3GPP's counsel pursuant to Fed. R. Civ. P. 5(b)(1) (Dkt. 114 at ¶ 20) – is unsupported by, and indeed contrary to, established law, and is thus in violation of Rule 11(b)(2).

*First,* valid service of process is a prerequisite to the use of Fed. R. Civ. P. 5(b)(1). Here, TruePosition never served its original Complaint on 3GPP in a manner authorized by Fed. R. Civ. P. 4, and it therefore cannot effect service of the Amended Complaint under Fed. R. Civ. P. 5. *See Cryer v. UMass Med. Corr. Health,* Civil Acton No. 10-11346-PBS, 2011 WL 841248, at *1 (D. Mass. Mar. 7, 2011) (holding that allowing plaintiff to serve amended complaint pursuant to Rule 5 on defendant who had not been properly served with the original complaint "would eviscerate the detailed requirements under Rule 4 for noticing defendants of claims against them"); *Kohus v. Ohio State Highway Patrol,* No. 1:09-cv-658, 2009 WL 6808780, at *3 (S.D. Ohio Dec. 22, 2009) (denying application for default judgment based on defendant's failure to respond to amended complaint served under Rule 5 where that defendant was not properly served with the original complaint).[2]   Accordingly, sending an electronic copy of the Amended Complaint to 3GPP's counsel did not effect service on 3GPP, and was of no legal significance at all.

*Second,* the special appearance by counsel for 3GPP to challenge the original Application for Entry of Default did not waive 3GPP's right to proper service of process in a manner authorized by Fed. R. Civ. P. 4. *Leach v. BB & T Corp.,* 232 F.R.D. 545, 551 (N.D. W. Va. 2005) (a party "does not waive his right to service of process whenever an attorney appears on his behalf") (citing *Kiro v. Moore,* 229 F.R.D. 228, 231 (D.N.M. 2005) (same)); *see also Fehl v. Manhattan Ins. Grp.,* No. 11-CV-02688-LHK, 2012 WL 1831584, at *3 (N.D. Cal. May 18, 2012) ("The filing of an appearance in a lawsuit alone does not relieve plaintiff from executing proper service of process upon defendants."). This is particularly true here because counsel for 3GPP made the previous special appearance for the sole and specific purpose of addressing TruePosition's failure to properly serve 3GPP in connection with the original Application. *See F.T.C. v. NHS Sys., Inc.,* 708 F. Supp. 2d 456, 463 n.8

---

[2] *See also Brewer v. Assoc. of Apartment Owners of Southpointe at Waiakoa Condo.,* Cv. No. 10-00315 DAE-BMK, 2011 WL 2532757, at *1 n.2 (D. Haw. June 23, 2011) ("Although [defendant] is challenging service of Plaintiff's amended complaint, Rule 4 nonetheless applies here, rather than Rule 5, because there is no evidence that Plaintiff's original complaint was properly served.") (citing *Emp. Painters' Trust v. Ethan Enters., Inc.,* 480 F.3d 993, 995-96 (9th Cir. 2007) (clarifying that "an amended complaint can often be served in the same manner as any other pleading [in accordance with Rule 5] *if* the original complaint is properly served and the defendants appeared in the first instance") (emphasis added)).

The Honorable Robert F. Kelly
June 15, 2012
Page 3

(E.D. Pa. 2009) (special appearance to challenge jurisdiction based on plaintiff's failure to properly serve process on that defendant did not waive right to assert that challenge). Indeed, TruePosition's argument is nonsensical, as it would mean that a defendant could never challenge the sufficiency of service, because by specially appearing to challenge service he would be effectively waiving the very right he was appearing to assert.

In these circumstances, as a courtesy we have requested that TruePosition's counsel withdraw the Amended Application within five days to avoid further motion practice seeking sanctions pursuant to Fed. R. Civ. P. 11(c)(2). (*See* Exhibit B hereto.)

We stand ready to provide the Court with any additional information as Your Honor may think appropriate. At present, however, because TruePosition has not properly served either its original or Amended Complaint on 3GPP, both the original and the Amended Applications for default should be denied.

Respectfully submitted,

Richard S. Taffet

cc:    Counsel of Record (via e-mail)

Exhibit A

# BINGHΛM

Richard S. Taffet
Direct Phone:  212.705.7729
richard.taffet@bingham.com

November 22, 2011

**BY FACSIMILE (215-580-2143) and FEDEX**

The Honorable Robert F. Kelly
United States District Court for the
Eastern District of Pennsylvania
601 Market Street
Room 11613
Philadelphia, PA 19106

Re:  *TruePosition, Inc. v. LM Ericsson Telephone Company, et al.,*
    **Case No. 2:11-cv-04574-RK**

Dear Judge Kelly:

The undersigned entered a special appearance today as counsel for Defendant Third
Generation Partnership Project ("3GPP") in the above-captioned matter for the limited
purpose of responding to the Application for Entry of Default by Plaintiff TruePosition, ·
Inc. ("TruePosition") against 3GPP, dated November 14, 2011 (D.I. 76).  This letter
responds briefly to the Application, but we are also available to address it more fully
according to the court's direction and schedule.

TruePosition's Application fails to show, or even allege, that 3GPP has been served.
Instead, TruePosition merely alleges that it has attempted unsuccessfully to serve
3GPP in two deficient ways:  (1) via direct mail from TruePosition to 3GPP's alleged
offices in France without prior approval of the Court; and (2) via a failed attempt at
personal service on an employee of defendant European Telecommunications
Standards Institute ("ETSI"), who is not even alleged to be authorized to accept
service on behalf of 3GPP.  As neither of these attempts at service was valid or
successful, TruePosition's Application establishes only that 3GPP has *not* yet been
served, and that there are therefore no grounds for entry of default against 3GPP.

TruePosition first claims that it attempted service on 3GPP via direct mail pursuant to
Fed. R. Civ. P. Rule 4(f)(3), which authorizes service "by other means not prohibited
by international agreement, *as the court orders*." *Id.* (emphasis added).  (*See* Affidavit
for Entry of Default, dated November 14, 2011 (D.I. 76-2) at ¶ 2).  This Court, however,
has not issued any order allowing direct service by mail – nor did TruePosition even seek
such an order before attempting service by mail on 3GPP.  TruePosition's attempted
service of process via direct mail is thus invalid, and TruePosition does not even attempt
to argue otherwise.  *The Knit With v. Knitting Fever*, Civ. A. Nos. 08-4221, 2010 WL
2788203, at *9 (E.D. Pa. July 13, 2010) (attempted direct service by mail not authorized
under Rule 4(f)(3) where plaintiff did not seek prior court approval).

TruePosition's second unsuccessful attempt at service was not even directed to 3GPP.
Rather, TruePosition alleges that a French process server asked Erik Jansen, Director of

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

T +1.212.705.7000
F +1.212.752.5378
bingham.com

A/74602233.1

The Honorable Robert F. Kelly
November 22, 2011
Page 2

Legal Affairs for ETSI (not 3GPP) to accept service on behalf of 3GPP, which
Mr. Jansen refused to do. (*See* D.I. 76-2 at ¶ 9). TruePosition does not even allege (nor
could it) that Mr. Jansen is an agent of 3GPP authorized to accept service on 3GPP's
behalf. Nor does TruePosition allege that service was accepted – in fact TruePosition
confirms that it was not. (*See* D.I. 76-2 at ¶ 9).

The fact that TruePosition has made two unsuccessful attempts to effect service on 3GPP
by invalid means does not relieve TruePosition of its obligation to serve 3GPP by valid
means. Until it has done so, and has filed a return of service with this Court (which it has
not done), 3GPP is under no obligation to respond to the Complaint, and TruePosition's
application for entry of default should be denied.

Respectfully submitted,

Richard S. Taffet

cc:      Counsel of Record (via e-mail)

# Exhibit B

# BINGHAM

Richard S. Taffet
Direct Phone:  212.705.7729
Direct Fax:     212.702.3603
richard.taffet@bingham.com

June 15, 2012

**VIA E-MAIL**

Colleen Healy Simpson, Esq.
Harkins Cunningham
2800 One Commerce Square
2005 Market Street
Philadelphia, PA  19103-7042

Re:  *TruePosition, Inc. v. LM Ericsson Telephone Company, et al.,*
     **Case No. 2:11-cv-04574-RK**

Dear Colleen:

We write on behalf of 3GPP in connection with TruePosition's Amended Application for Entry of Default, dated June 11, 2012 (Dkt. 114), and pursuant to the special appearance we entered today for the specific purpose of addressing that Amended Application. As explained  below, the Amended Application is sanctionable under Fed. R. Civ. P. 11 for two reasons.  As a result, we ask that TruePosition withdraw the Amended Application within 5 days, or we will proceed to serve a motion for sanctions pursuant to Fed. R. Civ. P. 11(c)(2).

*First*, the Amended Application simply repeats arguments that are already before the Court as a result of TruePosition's original Application for Entry of Default. Filing the Amended Application can, therefore, be construed only to be for the improper purpose of harassing 3GPP, and needlessly increasing the costs of litigation, in violation of Fed. R. Civ. P. 11(b)(1).  *See* Fed. R. Civ. P. 11(b)(1) (motions and other papers must not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"); *see also Stewart v. State Farm Fire & Cas. Co.,* No. CIV. A. 96–0441, 1997 WL 727493, at *2-3 (E.D. Pa. Nov. 21, 1997) (Kelly, J.) (awarding sanctions against litigant pursuant to Fed. R. Civ. P. 11(b)(1) for filing frivolous and unnecessary motions directed to matters previously addressed by the Court because "[t]he only explanation for his behavior is that he intends to harass, annoy, and delay both this Court and opposing counsel").

*Second*, the sole new argument advanced in the Amended Application – that our previous special appearance on behalf of 3GPP to challenge the original Application for Entry of Default allowed TruePosition to subsequently effect service of the Amended Complaint on 3GPP through service on counsel – is unsupported by, and indeed contrary to, established law.   The point is not debatable; TruePosition's argument is simply incorrect as a matter of law, and therefore in violation of Fed. R. Civ. P. 11(b)(2).  *See* Fed. R. Civ. P. 11(b)(2) (legal contentions must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"); *Leib v. Topstone Indus., Inc.,* 788 F.2d 151, 157 (3d Cir. 1986) (to satisfy the requirements of Rule 11, counsel must

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

T +1.212.705.7000
F +1.212.752.5378
bingham.com

A/74974192.1

Colleen Healy Simpson, Esq.
June 15, 2012
Page 2

conduct "a normally competent level of legal research to support the presentation");
*Lease v. Fishel*, Civ. A. No. 1:07-CV-0003, 2009 WL 922486, at *10 (M.D. Pa. Apr. 3,
2009) (finding that counsel who asserted claims not "warranted by existing law or by
nonfrivolous argument for extending, modifying, or creating new law" violated Rule
11(b)(2)); *Cornish v. Goshen*, Civ. A. No. 1:04-CV-0232, 2005 WL 5394660, at *1
(M.D. Pa. Aug. 1, 2005) (sanctioning attorney who submitted brief making "plainly
baseless" legal argument in violation of Rule 11(b)(2)).

In these circumstances, it is clear that prior to signing the Amended Application you
did not conduct a reasonable inquiry to determine that it was not submitted for any
improper purpose, and did not contain legally frivolous or unsupportable arguments,
as required by Fed. R. Civ. P. 11(b)(1)-(2).  We hope you will, therefore, reconsider
and withdraw the Amended Application within 5 days of this letter and avoid the
need for motion practice seeking Rule 11 sanctions.

Very truly yours,

*Richard S. Taffet / DC*

Richard S. Taffet

cc:  Counsel of record