# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

|  |  |  |
|---|---|---|
| TRUEPOSITION, INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-4574 |
| | : | |
| LM ERICSSON TELEPHONE COMPANY | : | |
| (TELEFONAKTIEBOLAGET LM ERICSSON), | : | |
| QUALCOMM, INC., | : | |
| ALCATEL-LUCENT USA, INC., | : | |
| EUROPEAN TELECOMMUNICATIONS | : | |
| STANDARDS INSTITUTE, and | : | |
| THIRD GENERATION PARTNERSHIP | : | |
| PROJECT a/k/a 3GPP, | : | |
| | : | |
| Defendants. | : | |

_____:

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                    **SEPTEMBER 14, 2012**

Presently before the Court is the Joint Motion of Defendants Qualcomm, Inc.

("Qualcomm"), LM Ericsson Telephone Company (Telefonaktiebolaget LM Ericsson)

("Ericsson") and Alcatel-Lucent USA, Inc. ("ALU") (collectively, the "Corporate Defendants")

for Certification of an Interlocutory Appeal or, in the Alternative, for Reconsideration, and the

Response in opposition by Plaintiff, TruePosition, Inc. ("TruePosition").  For the reasons

provided below, the Joint Motion will be denied.

## I.    BACKGROUND[1]

This action stems from the alleged anticompetitive conduct of major players in the

---

[1] A more in-depth factual and procedural background is provided in the Court's prior Memorandum Opinion dated
August 21, 2012.  See Trueposition, Inc. v. LM Ericsson Tel. Co., No. 11-4574, 2012 WL 3584626 (E.D. Pa. Aug.
21, 2012).

international telecommunications market within the context of a Standard Setting Organization ("SSO").  (Am. Compl. ¶¶ 1-9.)  TruePosition describes itself as a "leading innovator in developing and marketing high accuracy location products that operate over cellular telecommunications networks."  (Id. ¶ 3.)  Regarding the Corporate Defendants, TruePosition alleges that Ericsson, Qualcomm and ALU conspired to exclude TruePosition's positioning technology from global standards for mobile telecommunications technologies promulgated by Defendant, Third Generation Partnership Project a/k/a 3GPP ("3GPP").[2]  (Id.)

TruePosition alleges that the Corporate Defendants' actions violated federal antitrust law, specifically Section 1 of the Sherman Act, 15 U.S.C. § 1.[3]  The Corporate Defendants jointly moved to dismiss the Amended Complaint in its entirety.  On August 21, 2012, this Court issued an Opinion and Order denying the motion deciding that the Amended Complaint plausibly states a claim for violation of Section 1 of the Sherman Act under the dismissal standard announced in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and clarified in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The Corporate Defendants now move to certify that ruling for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or, in the alternative, move for reconsideration.

## II.   LEGAL STANDARD

Generally, an order denying a motion to dismiss is not immediately appealable because it is not a final judgment.  See In re Chocolate Confectionary Antitrust Litig., 607 F. Supp. 2d 701, 704 (M.D. Pa. 2009) ("Denials of motions to dismiss are not final orders, and a losing party may not ordinarily pursue an immediate appeal from them."); Babyage.com, Inc. v. Toys "R" Us, Inc.,

---

[2] 3GPP has filed a Motion to Dismiss Plaintiff TruePosition, Inc.'s Amended Complaint, which will be decided in the near future.

[3] Pursuant to 28 U.S.C. § 1331, federal question jurisdiction exists based upon the Sherman Act, 15 U.S.C. § 1.

Nos. 05-6792 & 06-242, 2008 WL 2746302, at *1 (E.D. Pa. July 15, 2008) (concluding that a ruling denying a motion to dismiss was a non-final order and "[d]istrict-court orders ordinarily become appealable only upon a 'final' judgment").  However, district courts may certify a non-final order for interlocutory appeal under 28 U.S.C. § 1292(b).  Id. (citing 28 U.S.C. § 1292(b)); Babyage.com, 2008 WL 2746302, at *1.  Under Section 1292(b), a district court may certify an interlocutory order for immediate appeal if the order (1) involves "a controlling question of law," (2) there is "substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  Id. (quoting 28 U.S.C. § 1292(b); Simon v. United States, 341 F.3d 193, 199 (3d Cir. 2003)); see also In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 643 (E.D. Pa. 2010) (citing Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974)).  In order for a court to certify an order for interlocutory appeal, all three conditions are required to be met.  In re Blood Reagents, 756 F. Supp. 2d at 644.

"The decision to certify an interlocutory order for appeal under Section 1292(b) 'rests within the sound discretion of the trial court.'"  L.R. v. Manheim Twp. Sch. Dist., 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008) (quoting Douris v. Schweiker, 229 F. Supp. 2d 391, 407-08 (E.D. Pa. 2008)).  The party seeking certification carries the "burden of demonstrating that 'exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of final judgment.'"  Id. (quoting Douris, 229 F. Supp. 2d at 408); see also In re Blood Reagents, 756 F. Supp. 2d at 644 ("[A] court should certify decisions for interlocutory review only in exceptional circumstances.").

3

III.     <u>DISCUSSION</u>

Regarding this Court's non-final Opinion and Order dated August 21, 2012, denying their Joint Motion to Dismiss, the Corporate Defendants request certification of the following two issues for interlocutory appeal: (1) the Court erroneously concluded that the alleged parallel conduct occurring within the context of a standard-setting organization was a sufficient basis from which to infer that otherwise innocuous parallel conduct was the result of an unlawful agreement; and (2) the Court failed to evaluate the sufficiency of the allegations of participation in a conspiracy as to each individual defendant.  Upon examination of each argument, I find that neither issue satisfies the Section 1292(b) criteria and, thus, an interlocutory appeal is inappropriate.

The Corporate Defendants' first argument that the Court assumed "the fact that alleged parallel conduct occurred within the context of a standard-setting organization was a sufficient basis from which to infer that otherwise innocuous parallel conduct was the result of an unlawful agreement" is factually incorrect.  (Mem. Law Support Joint Mot. for Interlocutory Appeal or, in the Alternative, Reconsideration at 2.)  They wrongly assert that this Court's analysis of the Amended Complaint involved "essentially assuming that parallel conduct sufficiently implies an unlawful agreement among the Corporate Defendants simply because that conduct occurred within the context of a standards-setting organization."  (<u>Id.</u> at 3.)  As correctly pointed out by TruePosition, the Court properly noted the importance of the standard-setting context, but did not imply an unlawful agreement simply because of the standards-setting organization context. (Response of TruePosition to Mot. for Cert. of an Interlocutory Appeal or for Reconsideration at 1-6.)

4

"It is, of course, true that judging the sufficiency of a pleading is a context-dependent exercise."  W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010) (citing Iqbal, 129 S. Ct. at 1950; Twombly, 550 U.S. at 567-68; Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008)).  The context of the conspiracy alleged by TruePosition is not only within the confines of a standard-setting organization, but includes the premise that the Corporate Defendants cloaked themselves with the authority of 3GPP, and allegedly abused 3GPP's rules and procedures, in order to frustrate competition in the marketplace.  The Court viewed all of the allegations against each Corporate Defendant through the lens of the conspiracy as a whole.  In so doing, I did not find that parallel conduct taking place within a standard-setting organization alone sufficiently implies an unlawful agreement.  The Corporate Defendants' mischaracterization of the ruling does not present a "controlling issue of law" as required for certification pursuant to 28 U.S.C. § 1292(b).  In light of the Corporate Defendants' failure to establish the first requirement for certification, I decline to address the remaining requirements because all three requirements must be met for a court to certify an issue for appeal.

The second argument asserted by the Corporate Defendants is that the Court failed to evaluate the sufficiency of the allegations of participation in a conspiracy as to each defendant. (Mem. Law Support Joint Mot. for Interlocutory Appeal or, in the Alternative, Reconsideration at 6-8.)  Again, the Corporate Defendants incorrectly characterize the Court's analysis. TruePosition properly notes that a court, in deciding a motion to dismiss under Twombly, must view the allegations in the complaint as a whole.  (Response of TruePosition to Mot. For Cert. of an Interlocutory Appeal or for Reconsideration at 4.)  "To evaluate the articulated allegations as to an individual defendant in the context of a multi-defendant, multi-faceted conspiracy, the

conspiracy must not be compartmentalized."  In re Processed Egg Prods. Antitrust Litig., 821 F.
Supp. 2d 709, 718 (E.D. Pa. 2011).  "The 'character and effect of the conspiracy are not to be
judged by dismembering it and viewing it in separate parts, but only looking to it as a whole.'"
Id. (quoting Cont'l Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 699 (1962)).

  In viewing the Amended Complaint, this Court considered all of the allegations with
respect to the individual Corporate Defendants in the context of the larger conspiracy alleged.  In
so doing, I analyzed each factual allegation against the individual Corporate Defendants
according to the applicable law and concluded that the Amended Complaint plausibly alleged
that each individual Corporate Defendant joined the conspiracy and played a role in it.
Consequently, the Corporate Defendants' argument that I did not evaluate the sufficiency of the
allegations of participation in a conspiracy as to each defendant is factually incorrect, and does
present a "controlling issue of law" as required for certification pursuant to 28 U.S.C. § 1292(b).
Since the Corporate Defendants fail to establish the first requirement for certification, I will not
address the remaining requirements because all three requirements of 28 U.S.C. § 1292(b) must
be met for a court to certify an issue for appeal.

## IV. CONCLUSION

  Both arguments for interlocutory appeal certification by the Corporate Defendants are
based upon erroneous grounds.  As such, Defendants have not identified any controlling
questions of law as required by 28 U.S.C. § 1292(b).  Accordingly, certification pursuant to 28
U.S.C. § 1292(b) is improper and will be denied.  Also, the Corporate Defendants do not show
any exceptional circumstances warranting certification of an interlocutory appeal.

  The Corporate Defendants alternatively request reconsideration stating that

"[r]econsideration is proper where there is a need to correct a clear error of law."  (Mem. Law Support Joint Mot. for Interlocutory Appeal or, in the Alternative, Reconsideration at 11 n.5.)  As previously explained, the two arguments set forth by the Corporate Defendants are factually incorrect and, therefore, do not provide a basis for reconsideration.  Accordingly, the Corporate Defendants' Joint Motion for Certification of an Interlocutory Appeal or, in the Alternative, for Reconsideration, is denied.

An appropriate Order follows.