**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUEPOSITION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:11-cv-4574 (RK) |
| | ) | |
| LM ERICSSON TELEPHONE COMPANY, | ) | |
| | ) | |
| QUALCOMM INC., | ) | |
| | ) | |
| ALCATEL-LUCENT, USA INC., | ) | |
| | ) | |
| THIRD GENERATION PARTNERSHIP | ) | |
| PROJECT a/k/a 3GPP, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EUROPEAN TELECOMMUNICATIONS | ) | |
| STANDARDS INSTITUTE | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this _____ day of _____, 2012, upon

consideration of Third Generation Partnership Project a/k/a 3GPP's Motion For An Order

Extending Its Time To Answer TruePosition Inc.'s Amended Complaint and the Opposition of

Plaintiff TruePosition, Inc., it is hereby ORDERED that the Motion is DENIED.  3GPP shall

answer the Amended Complaint by October 18, 2012.

BY THE COURT

_____

R. Kelly, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUEPOSITION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:11-cv-4574 (RK) |
| | ) | |
| LM ERICSSON TELEPHONE COMPANY, | ) | |
| | ) | |
| QUALCOMM INC., | ) | |
| | ) | |
| ALCATEL-LUCENT, USA INC., | ) | |
| | ) | |
| THIRD GENERATION PARTNERSHIP | ) | |
| PROJECT a/k/a 3GPP, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EUROPEAN TELECOMMUNICATIONS | ) | |
| STANDARDS INSTITUTE | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO THIRD GENERATION PARTNERSHIP PROJECT'S**
**MOTION FOR AN ORDER EXTENDING ITS TIME TO ANSWER**
**TRUEPOSITION, INC.'S AMENDED COMPLAINT**

The Court should deny defendant Third Generation Partnership Project's ("3GPP's")

Motion For An Order Extending Its Time To Answer TruePosition, Inc.'s Amended Complaint.

Under Fed. R. Civ. P 6(b), a party seeking an extension of time to answer must demonstrate

"good cause."  No good cause has been demonstrated by 3GPP, and indeed none here exists.

3GPP's motion does not begin from a clean slate.  TruePosition cannot ignore that 3GPP

already has imposed months of attempted evasion and delay concerning service of the Complaint

and Amended Complaint.[1]  Counsel for 3GPP has had a copy of TruePosition's initial Complaint

since July 2011, and of the Amended Complaint since February 3, 2012.  3GPP finally accepted

service of the Amended Complaint on July 9, 2012.

TruePosition also cannot ignore that 3GPP's strategy to delay the proceedings was also

employed by the same attorneys while representing ETSI.  Acting as counsel for ETSI, the same

lawyers sought to delay proceedings by moving for a protective order to prevent jurisdictional

discovery, claiming that the Hague Convention should govern rather than the Federal Rules of

Civil Procedure.  (Def. ETSI's Mot. for Protective Order, Jan. 27, 2012, D.E. 89).  The Court

rejected ETSI's motion (March 6, 2012 Op. and Order, D.E. 100), but ETSI was nevertheless

successful in delaying discovery.  And, on a separate occasion, ETSI claimed "good cause" and

sought an extension to respond to the Amended Complaint, but the Court refused to grant the

requested extension.  (Def. ETSI's Mot. for an Order Extending Time to Respond to

TruePosition, Inc.'s Am. Compl., Feb. 16, 2012, D.E. 94; February 27, 2012 Order, D.E. 98).[2]

---

[1]  The Court will recall the long history of 3GPP's efforts to avoid accepting service of the
Complaint and Amended Complaint via registered mail, personal service under the Hague
Convention, and service upon 3GPP's counsel.  *See e.g.*, Application for Entry of Default, ¶¶ 2-
5, Nov. 14, 2011, D.E. 76; Aff. of Jean-Paul Barnel, ¶ 3, Oct. 31, 2011, D.E. 71-1; Am.
Application of Entry of Default, ¶¶ 2-5, 9, 11, 19-20, June 11, 2012, D.E. 114; Mot. to Strike
Letter of 3GPP's Counsel, at 2-3, June 19, 2012, D.E. 116.  3GPP's tactics were ended by the
Court's June 29, 2012 Order and the parties' later stipulation regarding service.  (June 29, 2012
Order, D.E. 122; Stipulation for Extension of Time and Briefing Schedule, July 10, 2012, D.E.
125).  As part of its strategy to avoid service of process and delay proceedings, 3GPP even went
so far as to claim that, despite holding dozens of meetings around the world each year, and
enjoying an annual budget exceeding 5 million Euros, it did not exist as a juridical entity.
(Barnel Aff. ¶ 3, D.E. 71-1).

[2]  It might also be noted that the same 3GPP counsel now seeking "professional courtesy" made
baseless Rule 11 threats against TruePosition's counsel by letter to the Court and TruePosition.
(June 15, 2012 Letter from Richard S. Taffet to the Court).

Continuing the pattern of seeking delays, 3GPP now asks until November 19, 2012 to answer the Amended Complaint that it and its counsel have had in hand for nearly eight (8) months.   It *now* suddenly says it needs to consult its six organizational partners.  (3GPP's Mem. of Law for an Order Extending Time to Answer ("3GPP Mem."), at 2, Oct. 10, 2012, D.E. 151-1).  That claim rings hollow.  ETSI, the organizational partner that actively manages the administration of 3GPP, has had a copy of the original Complaint since the very beginning of the lawsuit.  3GPP undoubtedly distributed the Amended Complaint promptly to all six partners, and consulted with all partners months ago before deciding whether to move to dismiss the Amended Complaint, and to review the grounds for that motion.  Thus, all 3GPP's Motion reveals is that it either intentionally seeks to delay further the orderly progress of the litigation, or that to date it has brushed off the allegations in the Amended Complaint.  Neither constitutes "good cause" as required by Federal Rule 6(b).[3]

While 3GPP calls TruePosition "unreasonable" and arbitrary in not consenting to a lengthy extension, and claims that TruePosition is only acting out of frustration (3GPP Mem. at 1), 3GPP misunderstands the cause of the frustration.  It *is not* frustration with the pace of the litigation generally, but exclusively with the tactics of 3GPP and its counsel.  What 3GPP does not recognize is that the good cause standard "focuses on the diligence of the party seeking the

---

[3]  Pursuant to Fed. R. Civ. P. 6(b)(1):

> When an act may or must be done within a specified time, the court may, *for good cause*, extend the time:
>> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

(emphasis added).

extension." *Spindler v. Baker & Daniels, LLP*, Cause No. I:09-cv-5, 2010 U.S. Dist. LEXIS 79708, at *8 (N.D. Ind. Aug. 6, 2010) (citation omitted).  While often allowed, the granting of a motion for extension is far from automatic or obligatory.  *See, e.g., Mickalis Pawn Shop, LLC v. Bloomberg*, 465 F. Supp. 2d 543, 546-47 (D.S.C. 2006) (denying extension of time to respond to plaintiff's motion to remand where court found defendants had adequate time to prepare and delaying addressing plaintiff's alleged injuries to his reputation and  his business' reputation would be prejudicial).  Because 3GPP has failed to demonstrate any "good cause" or diligence on its part, its motion should be denied.

3GPP's motion should also be denied because any extension would be prejudicial to TruePosition.  *See Mickalis Pawn Shop, LLC*, 465 F. Supp. 2d at 545 ("'[A]n application under Rule 6(b)(1) normally will be granted *in the absence* of bad faith or prejudice to the adverse party.'") (quotation omitted) (emphasis added).  Any extension of 3GPP's time to answer the Amended Complaint would impede TruePosition's ability to move forward with the litigation and further delay the ultimate relief sought.  Here, that means that the inclusion of TruePosition's technology, U-TDOA, in the 4G standard may be delayed.  Such delay not only prevents TruePosition and others from marketing and selling U-TDOA positioning-based products for 4G systems (and even 2G and 3G systems), but it also extends the "first mover" advantage enjoyed by technologies already "in" the 4G standard.  (Am. Compl. ¶¶ 8, 48, 138, 152, D.E. 91).

Apart from the Answer from 3GPP, this litigation is poised to move forward.  The corporate defendants have answered the Amended Complaint and are discussing discovery and other matters with TruePosition.  Getting an Answer to the Amended Complaint from 3GPP and

an Initial Disclosure under Rule 26, which 3GPP also seeks to delay, will expedite the process of moving on to the merits.

3GPP's request is prejudicial to TruePosition and should be denied.

### CONCLUSION

For all of the above reasons, the Court should deny 3GPP's Motion to Extend the Time to Answer TruePosition, Inc.'s Amended Complaint.

Date:   October 15, 2012                                   Respectfully submitted,

<u>          s/John G. Harkins, Jr.                    </u>
John G. Harkins, Jr. (Atty. I.D. 04441)
Colleen Healy Simpson (Atty.  I.D. 84956)
HARKINS CUNNINGHAM LLP
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103-7042
(215) 851-6700

- and -

Douglas E. Rosenthal
Seth D. Greenstein
Aymeric Dumas-Eymard
David Golden
CONSTANTINE CANNON LLP
1301 K Street, NW
Suite 1050 East Tower
Washington, D.C. 20005
(202) 204-3500

Gordon Schnell
Alysia Solow
Taline Sahakian
CONSTANTINE CANNON LLP
335 Madison Avenue
9th Floor
New York, N.Y. 10017
(202) 350-2700

5

- and -

Stuart Salen
Shelby Haverson
TRUEPOSITION, INC.
1000 Chesterbrook Blvd.
Suite 200
Berwyn, PA 19312
(610) 680-1000

*Attorneys for Plaintiff TruePosition, Inc.*

6

## <u>CERTIFICATE OF SERVICE</u>

I, Evelyn R. Protano, hereby certify that on October 15, 2012 I caused a true and correct copy of Plaintiff's Opposition to Third Generation Partnership Project's Motion for an Order Extending its Time to Answer TruePosition, Inc.'s Amended Complaint, to be served upon the following by ECF and electronic mail:

**Counsel for Qualcomm Inc.**

Robert N. Feltoon
Conrad O'Brien PC
1500 Market Street
Centre Square West Tower, Ste. 3900
Philadelphia, PA  19102-2100
rfeltoon@conradobrien.com

Roger G. Brooks
Gary A. Bornstein
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, N.Y. 10019-7475
rbrooks@cravath.com
gbornstein@cravath.com

**Counsel for Alcatel-Lucent USA Inc.**

Francis P. Newell
Peter Michael Ryan
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103
fnewell@cozen.com
pryan@cozen.com

Ali M. Stoeppelwerth
Brian Boynton
A.  Stephen Hut
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
ali.stoeppelwerth@wilmerhale.com
brian.boynton@wilmerhale.com
stephen.hut@wilmerhale.com

**Counsel for 3GPP**

Stephen W. Armstrong
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
sarmstrong@mmwr.com

Derek Care
Richard S. Taffet
Bingham McCutchen LLP
399 Park Avenue
New York, NY  10022-4689
derek.care@bingham.com
richard.taffet@bingham.com

William S.D. Cravens
Bingham McCutchen LLP
2020 K Street, N.W.
Washington, DC  20006-1806
william.cravens@bingham.com

**Counsel for LM Ericsson Telephone Company**
         **(Telefonaktiebolaget LM Ericsson)**

Steven E. Bizar
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th Street, Ste. 3200
Philadelphia, PA  19102-2555
steven.bizar@bipc.com

2

Arman Y. Oruc
Conor A. Reidy
Simpson Thacher & Bartlett LLP
1155 F Street, N.W.
Washington, DC  20004
AOruc@stblaw.com
CReidy@stblaw.com

Kevin J. Arquit
Peri L. Zelig
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY  10017-3954
karquit@stblaw.com
pzelig@stblaw.com


                                        s/Evelyn R. Protano
                                    Evelyn R. Protano