IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUEPOSITION, INC.,<br><br>                        Plaintiff,<br>v.<br><br>LM ERICSSON TELEPHONE COMPANY (Telefonaktiebolaget LM Ericsson), QUALCOMM INC., ALCATEL-LUCENT U.S.A., INC., and THIRD GENERATION PARTNERSHIP PROJECT a/k/a 3GPP,<br>                        Defendants. | CIVIL ACTION<br>2:11-cv-04574-RFK |

**REPLY BRIEF IN SUPPORT OF THIRD GENERATION
PARTNERSHIP PROJECT'S MOTION FOR AN ORDER EXTENDING
ITS TIME TO ANSWER TRUEPOSITION, INC.'S AMENDED COMPLAINT**

Defendant Third Generation Partnership Project ("3GPP") submits this Reply Brief in support of its Motion to extend 3GPP's time to answer the Amended Complaint until Monday November 19, 2012 (30 days). (Dkt. 151). This reply is necessary to address the gross distortions and untruths of TruePosition's opposition. (Dkt. 152). When stripped of such rhetoric, the opposition provides no reasonable basis for any prejudice to it from granting the motion.

## I.    ARGUMENT

TruePosition makes clear that it is not genuinely concerned with a thirty-day extension causing any prejudice to its claims as it is satisfied with the proposed length of the discovery process. Rather, TruePosition's refusal to consent to the requested extension is retaliation against what it misperceives to be previous alleged delays in the case that had nothing to do with 3GPP, and are in fact attributable to TruePosition itself.

*First*, TruePosition accuses 3GPP's counsel of seeking "to delay proceedings" nine months ago by filing a motion for a protective order seeking to have jurisdictional discovery of

ETSI taken in accordance with the Hague Convention. (Dkt. 152 at 2). At the time, this Court determined that ETSI had sought relief in good faith in an attempt to shield ETSI from the risk of criminal sanctions under French law. (Dkt. 100 at 10-11). It was not sought to "delay proceedings," did not in fact result in delay, and had nothing to do with 3GPP.

*Second*, TruePosition has only itself to blame for any frustration with the time and resources it wasted taking jurisdictional discovery of ETSI. It was TruePosition's decision to serve requests requiring the costly and time-consuming production by ETSI of more than 86,000 pages of documents, only to then dismiss ETSI from the case with prejudice just weeks after document production was completed, and before resubmitting the issue of personal jurisdiction to the Court. TruePosition could have saved itself and ETSI considerable time and expense by simply dismissing ETSI nine months ago.

*Third*, TruePosition accuses 3GPP of "impos[ing] months of attempted evasion and delay concerning service of the Complaint and Amended Complaint." (Dkt. 152 at 1-2 & n.1). Again, any delay in serving 3GPP can be attributed only to TruePosition. TruePosition twice chose improperly to seek entry of default against 3GPP without having effected service, which the Court ultimately denied (Dkt. 122 at ¶ 1), rather than simply pursuing proper service in the manner ultimately permitted by the Court.

*Finally*, TruePosition can show no prejudice because it concedes that all aspects of the case are going forward regardless of when 3GPP answers. (Dkt. 152 at 4). TruePosition's obstinancy in opposing the requested extension can therefore be seen only as an impediment directed against 3GPP specifically, particularly in light of TruePosition's consent to the Corporate Defendants' identical request for a 30-day extension just a month ago, and the 15 months that TruePosition itself has proposed will be required for fact discovery alone.

## II. CONCLUSION

For the foregoing reasons, and for the reasons set forth in its Memorandum of Law in Support of its Motion (Dkt. 151-1), 3GPP respectfully requests that its Motion for an Order extending 3GPP's time to respond to TruePosition's Amended Complaint by 30 days, to and including Monday November 19, 2012, be granted.

Dated: October 15, 2012

                                    **BINGHAM MCCUTCHEN LLP**

By: /s/ Richard S. Taffet
Richard S. Taffet, *admitted pro hac vice*
Derek Care, *admitted pro hac vice*
399 Park Avenue
New York, NY 10022-4689
(212) 705-7729
richard.taffet@bingham.com
derek.care@bingham.com

William S.D. Cravens, *admitted pro hac vice*
**BINGHAM McCUTCHEN LLP**
william.cravens@bingham.com
2020 K Street N.W.
Washington, DC 20006-1806
(202) 373-6083
william.cravens@bingham.com

Stephen W. Armstrong
**MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP**
123 South Broad Street
Philadelphia, PA 19109
(215) 772-7552
sarmstrong@mmwr.com

*Attorneys for Defendant
Third Generation Partnership Project*

## CERTIFICATE OF SERVICE

I, Derek Care, hereby certify that on October 15, 2012, I caused true and correct copies of the foregoing to be served on all parties to this litigation by ECF:

1. Unopposed Motion for Leave to File a Reply Brief in Support of Third Generation Partnership Project's Motion For An Order Extending Its Time To Respond To TruePosition, Inc.'s Amended Complaint, dated October 15, 2012; and

2. Proposed Order.

Dated:  October 15, 2012

/s/ Derek Care
Derek Care