# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUEPOSITION, INC. Plaintiff, vs. LM ERICSSON TELEPHONE COMPANY, QUALCOMM INC., ALCATEL-LUCENT USA INC., and THIRD GENERATION PARTNERSHIP PROJECT, a/k/a 3GPP Defendants. | Case No. 2:11-cv-4574 (RK) |

## PLAINTIFF TRUEPOSITION INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT 3GPP'S COUNTERCLAIMS

Pursuant to Federal Rules of Civil Procedure 7 and 8, TruePosition, Inc. ("TruePosition"), by and though its undersigned attorneys, hereby answers and provides its affirmative defenses to the counterclaims asserted by the Third Generation Partnership Project ("3GPP") in its Answer, Affirmative Defenses, and Counterclaims, filed on November 19, 2012 (Dkt. No. 157). TruePosition denies every allegation not explicitly admitted herein. TruePosition denies any allegation to the extent that it suggests or purports to suggest any wrongdoing by TruePosition. TruePosition reserves its right to amend or seek to amend its answers and affirmative defenses.

## I. ANSWER

1. TruePosition admits that 3GPP develops globally-applicable technical specifications that are adopted as standards by its Organizational Partners (hereinafter, "standards") but otherwise denies the allegations of Paragraph 1.

2. TruePosition denies the allegations of Paragraph 2.

3. TruePosition denies the allegations of Paragraph 3.

4. TruePosition denies the allegations of Paragraph 4.

5. TruePosition, on information and belief, admits the allegations of Paragraph 5.

6. TruePosition lacks knowledge and information sufficient to form a belief in the truth of Sentence 1 of Paragraph 6, except that it admits that 3GPP membership is drawn from throughout the world. TruePosition admits that 3GPP members "participate in 3GPP through their membership in one of the Organizational Partners."

7. TruePosition admits that 3GPP develops globally-applicable standards but otherwise denies the allegations of Sentence 1 of Paragraph 7. TruePosition admits that 3GPP standards are promulgated "by each Organizational Partner in its respective geographic region" but otherwise denies the allegations of Sentence 2 of Paragraph 7.

8. TruePosition admits the allegations of Paragraph 8.

9. TruePosition admits the allegations of Sentence 1 of Paragraph 9. TruePosition admits the allegations of Sentence 2 of Paragraph 9. In response to Sentence 3 of Paragraph 9, TruePosition admits that its positioning technology has been successfully deployed on more than 90,000 cell tower sites in the United States by major wireless carriers to meet the FCC E-911 location requirements, but TruePosition denies the remaining allegations of Sentence 3.

10. TruePosition admits the allegations of Paragraph 10.

11. TruePosition admits the allegations of Sentence 1 of Paragraph 11. Sentence 2 of Paragraph 11 sets forth legal conclusions to which no responses are required. To the extent a response is required, TruePosition denies the allegations of Sentence 2 of Paragraph 11.

12. TruePosition, on information and belief, admits the allegations of Paragraph 12.

13. TruePosition, on information and belief, admits the allegations of Sentences 1 and 2 of Paragraph 13. TruePosition admits that 3GPP and its members develop technical standards "relating to LTE technologies to this day" but otherwise denies the allegations of Sentence 3 of Paragraph 13.

14. TruePosition admits the allegations of Paragraph 14.

15. To the extent that Sentence 1 of Paragraph 15 purports to limit the "rules and procedures governing the development of 3GPP technical specifications" to "3GPP's Working Procedures," TruePosition denies that allegation. Sentence 2 of Paragraph 15 sets forth legal conclusions to which no responses are required. To the extent a response is required, TruePosition denies the allegations of Sentence 2 of Paragraph 15. TruePosition admits that the 3GPP Working Procedures apply to the development of standards by 3GPP but otherwise denies the allegations of Sentence 3 of Paragraph 15.

16. TruePosition admits that 3GPP's Technical Specification Groups ("TSGs") are responsible for the development, approval, and maintenance of the standards under their control but otherwise denies the allegations and characterizations of Sentence 1 of Paragraph 16. TruePosition admits the allegations of Sentence 2 of Paragraph 16. TruePosition admits that TSGs include Working Groups that meet regularly throughout the year but lacks knowledge and

information sufficient to form a belief in the truth of the remaining allegations of Sentence 3 of Paragraph 16.  TruePosition denies the allegations of Sentence 4 of Paragraph 16 as drafted.

17. TruePosition admits the allegations of Sentence 1 of Paragraph 17.  TruePosition denies the allegations of Sentence 2 of Paragraph 17.  TruePosition admits the allegations of Sentence 3 of Paragraph 17.

18. TruePosition denies the allegations and characterizations of Paragraph 18.  To the extent that Paragraph 18 purports to characterize Article 25 of 3GPP's Working Procedures, that Article speaks for itself.

19. TruePosition denies the allegations of Sentence 1 of Paragraph 19.  Sentence 2 of Paragraph 19 (including subparts (a), (b), and (c)) purports to characterize Articles 8 and 39 of 3GPP's Working Procedures, the content of which speak for themselves.

20. TruePosition denies the allegations of Paragraph 20.

21. TruePosition denies the allegations of Paragraph 21.  To the extent that Paragraph 21 purports to characterize Article 40 of 3GPP's Working Procedures, that Article speaks for itself.

22. TruePosition denies the allegations and characterizations of Sentence 1 of Paragraph 22.  To the extent that Sentence 2 of Paragraph 22 purports to characterize Article 29 of 3GPP's Working Procedures, that Article speaks for itself.

23. TruePosition denies the allegations of Paragraph 23.  To the extent that Paragraph 23 purports to characterize Articles 29 and 40 of 3GPP's Working Procedures, those Articles speak for themselves.

24. TruePosition admits that it markets and sells high-accuracy network-based positioning equipment based on U-TDOA technologies. TruePosition further admits that its U-TDOA technologies are implemented in standalone Location Measurement Units ("LMUs") that are collocated and interoperate with RAN equipment at multiple cell sites, and those LMUs capture the signals sent over the cellular network and assist in the calculation of the location of a mobile handset. TruePosition denies all other allegations of Paragraph 24.

25. TruePosition admits the allegations of Paragraph 25.

26. TruePosition admits the allegations of Sentences 1 and 2 of Paragraph 26. TruePosition lacks knowledge and information sufficient to form a belief in the truth of Sentence 3 of Paragraph 26.

27. TruePosition denies the allegations of Paragraph 27. To the extent that Paragraph 27 purports to characterize 3GPP's Working Procedures, those Articles speak for themselves.

28. TruePosition admits the allegations of Sentence 1 of Paragraph 28. TruePosition denies the allegations of Sentence 2 of Paragraph 28. TruePosition denies the allegations of Sentence 3 of Paragraph 28. To the extent that Sentence 3 of Paragraph 28 purports to characterize Article 39 3GPP's Working Procedures, that Article speaks for itself.

29. TruePosition admits that a Work Item proposing to standardize positioning technologies (including O-TDOA) in the LTE standard was introduced at December 2008 RAN Plenary #42 in Athens Greece but otherwise denies the allegations and characterizations of Sentence 1 of Paragraph 29. TruePosition admits that U-TDOA was barred from that Work Item but otherwise denies the allegations of Sentence 2 of Paragraph 29.

30. TruePosition denies the allegations of Paragraph 30.

31. TruePosition admits that it attempted to add U-TDOA to the Work Item introduced at the December 2008 RAN Plenary meeting but otherwise denies the allegations of Sentence 1 of Paragraph 31. TruePosition admits that the RAN Plenary Chairman denied TruePosition's requests to add U-TDOA to the Work Item but otherwise denies the allegations and characterization of Sentence 2 of Paragraph 31.

32. TruePosition denies the allegations of Paragraph 32. To the extent that Paragraph 32 purports to characterize 3GPP's Working Procedures, those Working Procedures speak for themselves. To the extent that Paragraph 32 sets forth legal conclusions, no responses are required.

33. TruePosition denies the allegations of Paragraph 33. To the extent that Paragraph 33 purports to characterize Articles 39 and 40 of 3GPP's Working Procedures, those Articles speak for themselves. To the extent that Paragraph 33 sets forth legal conclusions, no responses are required.

34. TruePosition denies the allegations of Paragraph 34. To the extent that Paragraph 34 purports to characterize Article 40 of 3GPP's Working Procedures, that Article speaks for itself.

35. TruePosition denies the allegations of Paragraph 35. To the extent that Paragraph 35 sets forth legal conclusions, no responses are required.

36. TruePosition admits that it submitted a Work Item to standardize U-TDOA at the March 2009 RAN Plenary #43 meeting in Biarritz, France but otherwise denies the allegations and characterizations of Sentence 1 of Paragraph 36. TruePosition denies the allegations and characterizations of Sentence 2 of Paragraph 36 except that TruePosition admits that it, AT&T,

TeleCommunications Systems, and Andrew Corporation supported the creation of the Work Item at the March 2009 RAN Plenary #43 meeting. TruePosition admits the allegations of Sentence 3 of Paragraph 36 but denies all characterizations therein.

37. TruePosition admits that the Work Item to standardize O-TDOA and other positioning technologies was pending before the RAN TSG Working Groups during the specified time period, but denies the remaining allegations and characterizations of Sentence 1 of Paragraph 37. TruePosition denies the allegations of Sentence 2 of Paragraph 37. To the extent that Sentence 2 of Paragraph 37 purports to characterize Articles 29, 39, or 40 of 3GPP's Working Procedures, those Articles speak for themselves. TruePosition admits that O-TDOA was included in Release 9 but otherwise denies the allegations of Sentence 3 of Paragraph 37. TruePosition admits that it did not object to the inclusion of O-TDOA in Release 9 but otherwise denies the allegations of Sentence 4 of Paragraph 37. To the extent that Sentence 4 of Paragraph 37 purports to characterize Articles 29 and 40 of the 3GPP's Working Procedures, those Articles speak for themselves.

38. TruePosition denies the allegations of Sentence 1 of Paragraph 38. TruePosition admits that Frederic Beckley e-mailed Erik Jansen on June 2, 2010 to arrange a meeting with Mr. Jansen to discuss TruePosition's concerns relating to 3GPP and the standardization process for LTE but otherwise denies the allegations and characterizations of Sentence 2 of Paragraph 38. TruePosition admits that Mr. Beckley met with Mr. Jansen on or about June 16, 2010 but otherwise lacks knowledge and information sufficient to form a belief in the truth of Sentence 3 of Paragraph 38. TruePosition lacks knowledge and information sufficient to form a belief in the truth of Sentence 4 of Paragraph 38.

39. TruePosition admits that Mr. Beckley met with Adrian Scrase on or about June 16, 2010 but otherwise lacks knowledge and information sufficient to form a belief in the truth of Sentence 1 of Paragraph 39.  TruePosition lacks knowledge and information sufficient to form a belief in the truth of Sentence 2 of Paragraph 39.  TruePosition admits that Mr. Beckley e-mailed Mr. Jansen on June 22, 2010 but otherwise denies the allegations and characterizations of Sentence 3 of Paragraph 39.  TruePosition admits that Mr. Jansen e-mailed Mr. Beckley on June 26, 2010 and that Mr. Beckley e-mailed Mr. Jansen on July 2, 2010, but otherwise denies the allegations and characterizations of Sentence 4 of Paragraph 39.

40. TruePosition denies the allegations of Paragraph 40.

41. TruePosition denies the allegations of Paragraph 41.  To the extent that Paragraph 41 sets forth legal conclusions, no response is required.

42. TruePosition denies the allegations of Sentence 1 of Paragraph 42.  TruePosition admits that the U-TDOA work item remains under review in the RAN TSG but otherwise denies the allegations of Sentence 2 of Paragraph 42.

43. TruePosition admits that it brought this action to end the Corporate Defendants' conspiracy, in violation of the U.S. antitrust laws, to foreclose competition in the markets for products that provide highly accurate locations of mobile cellular devices for public safety, law enforcement and homeland security purposes and alleges that, pursuant to this conspiracy, the Corporate Defendants in their capacities as chairs of various 3GPP committees have abused the authority granted them in 3GPP.  TruePosition denies the remaining allegations and characterizations in Paragraph 43.

44. TruePosition denies the allegations of Paragraph 44.

45. Paragraph 45 states legal conclusions to which no responses are required. To the extent a response is required, TruePosition denies the allegations of Paragraph 45.

46. Paragraph 46 states legal conclusions to which no responses are required. To the extent a responses is required, TruePosition denies the allegations of Paragraph 46.

47. Paragraph 47 states legal conclusions to which no responses are required. To the extent a responses is required, TruePosition denies the allegations of Paragraph 47.

48. In response to Paragraph 48, TruePosition repeats and incorporates by reference its responses to Paragraphs 1 to 47.

49. Paragraph 49 states a legal conclusion to which no response is required. To the extent a response is required, TruePosition denies the allegations of Paragraph 49.

50. Paragraph 50 states a legal conclusion to which no response is required. To the extent a response is required, TruePosition denies the allegations of Paragraph 50. Paragraph 50 also purports to characterize the requirements of Articles 8, 29, 39, and 40 of 3GPP's Working Procedures, and those Articles speak for themselves.

51. Paragraph 51 states a legal conclusion to which no response is required. To the extent a response is required, TruePosition denies the allegations of Paragraph 51.

52. Paragraph 52 states a legal conclusion to which no response is required. To the extent a response is required, TruePosition denies the allegations of Paragraph 52.

53. In response to Paragraph 53, TruePosition repeats and incorporates by reference its responses to Paragraphs 1 to 52.

54. Paragraph 54 states a legal conclusion to which no response is required. To the extent a response is required, TruePosition denies the allegations of Paragraph 54. Paragraph 54

also purports to characterize 3GPP's Working Procedures, and those Procedures speak for themselves.

55. Paragraph 55 states a legal conclusion to which no response is required. To the extent a response is required, TruePosition denies the allegations of Paragraph 55.

56. TruePosition denies the allegations of Paragraph 56.

57. In response to Paragraph 57, TruePosition repeats and incorporates by reference its responses to Paragraphs 1 to 56.

58. Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, TruePosition denies the allegations and characterizations of Paragraph 58. To the extent that Paragraph 58 purports to characterize the requirements of Articles 8, 29, 39, and 40 of 3GPP's Working Procedures, those Articles speak for themselves.

59. Paragraph 59 states legal conclusions to which no responses are required. To the extent a response is required, TruePosition admits that O-TDOA was included in Release 9 and that U-TDOA remains under consideration for adoption in a future release, but otherwise denies the allegations and characterizations of Paragraph 59. To the extent that Paragraph 59 purports to characterize the requirements of Articles 29 and 40 of 3GPP's Working Procedures, those Articles speak for themselves.

60. In response to Paragraph 60, TruePosition repeats and incorporates by reference its responses to Paragraphs 1 to 59.

61. Paragraph 61 states legal conclusions to which no responses are required. To the extent a response is required, TruePosition denies the allegations and characterizations of

Paragraph 61. Paragraph 61 also purports to characterize the requirements of Articles 8, 29, 39, and 40 of 3GPP's Working Procedures, and those Articles speak for themselves.

62. Paragraph 62 states legal conclusions to which no response is required. To the extent a response is required, TruePosition admits that it has filed a lawsuit contending that defendants engaged in a conspiracy to violate the antitrust laws as alleged in the Amended Complaint, but denies the remaining allegations and characterizations of Paragraph 62, and denies the characterization of Articles 29 and 40 of 3GPP's Working Procedures. Those Articles speak for themselves.

63. Paragraph 63 states a legal conclusion to which no response is required. To the extent a response is required, TruePosition denies the allegations and characterizations of Paragraph 63.

64. Defendant 3GPP has no right to a jury trial on its equitable claims for declaratory relief.

No responses are required to Defendant 3GPP's demand for judgment and prayers for relief.

## II. AFFIRMATIVE DEFENSES

TruePosition states the following affirmative defenses and expressly reserves the right to raise additional applicable defenses not stated below.

### FIRST AFFIRMATIVE DEFENSE

### Lack of Subject Matter Jurisdiction

The Court does not have supplemental jurisdiction as to any of 3GPP's claims and should decline to exercise supplemental jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

### No Case or Controversy

There is no case or controversy as to 3GPP's claims for declaratory relief (Counterclaims 2-4).

## THIRD AFFIRMATIVE DEFENSE

### Failure to State a Claim

3GPP's claims are all barred because 3GPP has failed to state a claim for legal or equitable relief.

## FOURTH AFFIRMATIVE DEFENSE

### Lack of Contract

3GPP's breach of contract claim is barred because 3GPP has not alleged facts supporting all the elements or the existence of a binding contract.

## FIFTH AFFIRMATIVE DEFENSE

### Lack of Capacity to Contract

To the extent that 3GPP has repeatedly argued that it lacks capacity to conspire and is not a legal entity, 3GPP is equitably and judicially estopped from arguing that it has the capacity to enter into a contract.

## SIXTH AFFIRMATIVE DEFENSE

### Illegality, Unconscionability, Void against Public Policy

3GPP's alleged claims are all illegal, unconscionable and void for being contrary to public policy since they rely on an argument that a purported contract should operate as a prospective waiver of antitrust liability.

## SEVENTH AFFIRMATIVE DEFENSE

### Lack of Standing

3GPP lacks standing to bring all of its claims.

## EIGHTH AFFIRMATIVE DEFENSE

### In Pari Delicto and Unclean Hands

3GPP's claims are all barred since it did not perform its own obligations under the terms of the purported contract it seeks to enforce.

## NINTH AFFIRMATIVE DEFENSE

### Protected Speech and Petitioning

3GPP's claims are all barred because the conduct complained of (TruePosition petitioning the Court for relief from a violation of the U.S. antitrust laws) is protected by the First Amendment of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

### No Right to Equitable Relief

3GPP is barred from obtaining any equitable relief because, among other reasons, it has an adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE

### No Injury or Damages

3GPP's claims are barred because it has suffered no injury or damage.

## TWELFTH AFFIRMATIVE DEFENSE

### No Causation

3GPP's claims are barred because the direct and proximate cause of any damage or injury it allegedly suffered are the actions and omissions of 3GPP and its agents acting with its authority.

## THIRTHEENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

3GPP's alleged damages or injury were self-inflicted and aggravated by its own failures to secure due process to all 3GPP members.


Dated:  December 10, 2012　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　s/John G. Harkins, Jr.
　　　　　　　　　　　　　　　　　　　　　　John G. Harkins, Jr. (Atty. I.D. 04441)
　　　　　　　　　　　　　　　　　　　　　　Colleen Healy Simpson (Atty.  I.D. 84956)
　　　　　　　　　　　　　　　　　　　　　　HARKINS CUNNINGHAM LLP
　　　　　　　　　　　　　　　　　　　　　　4000 Two Commerce Square
　　　　　　　　　　　　　　　　　　　　　　2001 Market Street
　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103-7044
　　　　　　　　　　　　　　　　　　　　　　(215) 851-6700

　　　　　　　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　　　　　　　Douglas E. Rosenthal
　　　　　　　　　　　　　　　　　　　　　　Seth D. Greenstein
　　　　　　　　　　　　　　　　　　　　　　Aymeric Dumas-Eymard
　　　　　　　　　　　　　　　　　　　　　　David Golden
　　　　　　　　　　　　　　　　　　　　　　Nneka Ukpai
　　　　　　　　　　　　　　　　　　　　　　CONSTANTINE CANNON LLP
　　　　　　　　　　　　　　　　　　　　　　1301 K Street, NW, Suite 1050 East Tower
　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20005
　　　　　　　　　　　　　　　　　　　　　　(202) 204-3500

Gordon Schnell
Alysia Solow
Taline Sahakian
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, N.Y. 10017
(202) 350-2700

- and -

Stuart Salen
Shelby Haverson
TRUEPOSITION, INC.
1000 Chesterbrook Blvd., Suite 200
Berwyn, PA 19312
(610) 680-1000

*Attorneys for Plaintiff TruePosition, Inc.*

# CERTIFICATE OF SERVICE

I, Evelyn R. Protano, hereby certify that on December 10, 2012 I caused a true and correct copy of Plaintiff TruePosition Inc.'s Answer and Affirmative Defenses to Defendant 3GPP's Counterclaims, to be served upon the following by ECF and electronic mail:

**Counsel for Qualcomm Inc.**

Robert N. Feltoon
Conrad O'Brien PC
1500 Market Street
Centre Square West Tower, Ste. 3900
Philadelphia, PA 19102-2100
rfeltoon@conradobrien.com

Roger G. Brooks
Gary A. Bornstein
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, N.Y. 10019-7475
rbrooks@cravath.com
gbornstein@cravath.com

**Counsel for Alcatel-Lucent USA Inc.**

Francis P. Newell
Peter Michael Ryan
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103
fnewell@cozen.com
pryan@cozen.com

Ali M. Stoeppelwerth
Brian Boynton
A. Stephen Hut
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
ali.stoeppelwerth@wilmerhale.com
brian.boynton@wilmerhale.com
stephen.hut@wilmerhale.com

**Counsel for 3GPP**

Stephen W. Armstrong
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
sarmstrong@mmwr.com

Derek Care
Richard S. Taffet
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689
derek.care@bingham.com
richard.taffet@bingham.com

William S.D. Cravens
Bingham McCutchen LLP
2020 K Street, N.W.
Washington, DC 20006-1806
william.cravens@bingham.com

**Counsel for LM Ericsson Telephone Company (Telefonaktiebolaget LM Ericsson)**

Steven E. Bizar
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th Street, Ste. 3200
Philadelphia, PA 19102-2555
steven.bizar@bipc.com

Arman Y. Oruc
Conor A. Reidy
Simpson Thacher & Bartlett LLP
1155 F Street, N.W.
Washington, DC 20004
AOruc@stblaw.com
CReidy@stblaw.com

Kevin J. Arquit
Peri L. Zelig
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954
karquit@stblaw.com
pzelig@stblaw.com

        s/ Evelyn R. Protano
        Evelyn R. Protano