IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUEPOSITION, INC. | : | CIVIL ACTION |
| vs. | : | |
| LM ERICSSON TELEPHONE COMPANY, | : | |
| QUALCOMM INC., | : | FILED |
| ALCATEL-LUCENT USA INC., | : | DEC 20 2012 |
| and | : | MICHAEL E. KUNZ, Clerk By_____Dep. Clerk |
| THIRD GENERATION PARTNERSHIP PROJECT a/k/a 3GPP | : | NO. 11-4574 |

## ORDER

**AND NOW**, this 20th day of December, 2012, the Court hereby approves and adopts the "DISCOVERY PLAN" agreed to by the parties and attached hereto.

**SO ORDERED**.

BY THE COURT:

_Robert F. Kelly_
ROBERT F. KELLY
SENIOR JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUEPOSITION, INC. | ) |
|                 Plaintiff, | ) |
| vs. | ) Case No. 2:11-cv-4574 (RK) |
| LM ERICSSON TELEPHONE COMPANY, | ) |
| QUALCOMM INC., | ) |
| ALCATEL-LUCENT USA INC., | ) |
| and | ) |
| THIRD GENERATION PARTNERSHIP PROJECT a/k/a 3GPP | ) |
|                 Defendants. | ) |

**DISCOVERY PLAN**

The parties, having met and considered the requirements of a Discovery Plan as set forth in Rule 26(f)(3) of the Federal Rules of Civil Procedure, hereby agree on such Plan. The lettering which follows corresponds to the paragraphs under Rule 26(f)(3).

A. Changes in the requirements for disclosure under Rule 26(a)(1), which Initial Disclosures have been made by the parties in a manner consistent with this Discovery Plan.

    1. Persons who may have discoverable information may be identified using the headquarters address of his or her corporate or other employer, except where the person is retired. The individual address for any such person will be provided, if known. Telephone numbers need not be provided. The subjects of such information may be stated in general terms.

  2. Documents may be listed by category and copies (including copies of electronically stored information) need not be provided. Production of documents shall await discovery under Rule 34.

  3. A general description of the categories of damages alleged to have been suffered by TruePosition and the concept(s) underlying each category shall be deemed sufficient. Production of any documents relating to damages shall await discovery under Rule 34.

  4. Defendants need not list any insurance agreement that may provide coverage for the subject matter of this action.

 B. Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases.

  1. Discovery will be needed with respect to (1) the claim of conspiracy among the defendants in unreasonable restraint of trade or commerce in the relevant markets described in the Amended Complaint; (2) whether TruePosition has suffered injury in fact, and if so, the nature and amount of damages suffered by TruePosition; (3) 3GPP's counterclaims against TruePosition for breach of contract, specific performance and for declaratory judgment; and (4) whether 3GPP has suffered damages or is otherwise entitled to the relief it seeks as a result of the conduct by TruePosition alleged in 3GPP's counterclaims, and if so, the nature and amount of damages suffered by 3GPP and the form of other relief to which it is entitled.

  2. Fact discovery should be completed by not later than February 14, 2014.

  3. The conduct and completion of expert discovery shall be as provided in the Court's Scheduling Order under Rule 16.

  4. Discovery on the topics listed in Paragraph 1 may be conducted concurrently rather than in phases.

C. Electronically stored information.

The parties agree that on or before January 4, 2013, the parties shall present to the Court a joint stipulation regarding the discovery of electronically stored information ("ESI"). The joint stipulation will address issues relating to the form of production, production specifications, including the metadata fields to be produced, bates numbering, redaction, and privilege logging, along with any other issues the parties agree to include. In the event the parties are not able to agree to all of the terms of this joint stipulation, the document presented to the Court will identify those matters on which there is no agreement and include the language proposed by each side, for resolution by the Court. In no event shall any party refrain from preserving or collecting documents based on the fact that the parties have not yet entered into a stipulation.

D. Claims of privilege and work product.

1. The parties agree to a claw-back right with respect to any inadvertently produced privileged materials or work product, which right will be incorporated in a Stipulation and Proposed Order to be submitted to the Court.

2. The provisions of Rule 26 will govern as to expert material and communications.

E. Changes in limitations on discovery imposed under the Rules.

1. The parties agree that plaintiff may take up to 44 depositions, which shall include 40 individual depositions and one 30(b)(6) deposition of each defendant. Each 30(b)(6) deposition may require several individuals to fulfill the needs of the notice and those depositions may extend beyond one day. Defendants collectively may take up to 44 depositions, including any 30(b)(6) depositions (which can be noticed separately by each defendant). These totals do not include expert depositions. If a party wishes to take more than the above number of

depositions, it must seek leave of Court and meet the standards for allowance of additional depositions.

    2. The parties agree that each party may serve up to 25 interrogatories upon each other party, including discrete subparts.

  F. The parties agree that on or before January 4, 2013, the parties shall present to the Court a Protective Order in a form submitted to the Court by Stipulation and Proposed Order. In the event the parties are not able to agree to all of the terms of this Protective Order, the document presented to the Court will identify those matters on which there is no agreement and include the language proposed by each side, for resolution by the Court.

Signed this 14th day of December, 2012

| | |
|---|---|
| s/John G. Harkins, Jr. | s/William S.D. Cravens |
| John G. Harkins, Jr. | William S. D. Cravens |
| Colleen Healy Simpson | BINGHAM McCUTCHEN LLP |
| HARKINS CUNNINGHAM LLP | 2020 K Street, N.W. |
| 4000 Two Commerce Square | Washington, DC 20006-1806 |
| 2001 Market Street | |
| Philadelphia, PA 19103-7044 | Richard S. Taffet |
| | Derek Care |
| Douglas E. Rosenthal | BINGHAM McCUTCHEN LLP |
| Seth D. Greenstein | 399 Park Avenue |
| Aymeric Dumas-Eymard | New York, NY 10022-4689 |
| David Golden | |
| Nneka Ukpai | Stephen W. Armstrong |
| CONSTANTINE CANNON LLP | MONTGOMERY, McCRACKEN, WALKER |
| Suite 1050 East Tower | & RHOADS, LLP |
| 1301 K Street, N.W. | 123 South Broad Street |
| Washington, DC 20005 | Philadelphia, PA 19109 |
| | **Counsel for 3GPP** |

Gordon Schnell
Alysia Solow
Taline Sahakian
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017

Stuart Salen
Shelby Haverson
TRUEPOSITION, INC.
1000 Chesterbrook Blvd., Suite 200
Berwyn, PA 19312

**Counsel for TruePosition, Inc.**

  s/Francis P. Newell
Francis P. Newell
Peter Michael Ryan
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103

Ali M. Stoeppelwerth
Brian Boynton
A. Stephen Hut
WILMER CUTLER PICKERING HALE
  AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

**Counsel for Alcatel-Lucent USA Inc.**

  s/Steven E. Bizar
Steven E. Bizar
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street
Suite 3200
Philadelphia, PA 19102-2555

Arman Y. Oruc
Conor A. Reidy
SIMPSON THACHER & BARTLETT LLP
1155 F Street, N.W.
Washington, DC 20004

Kevin J. Arquit
Peri L. Zelig
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954

**Counsel for LM Ericsson Telephone Company**

5

                                                                                                _s/Robert N. Feltoon_
Robert N. Feltoon
CONRAD O'BRIEN PC
1500 Market Street
Centre Square West Tower, Ste. 3900
Philadelphia, PA 19102-2100

Roger G. Brooks
Gary A. Bornstein
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

**Counsel for Qualcomm Inc.**

6