**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUEPOSITION, INC.<br>Plaintiff,<br><br>vs.<br><br>LM ERICSSON TELEPHONE COMPANY,<br><br>QUALCOMM INC.,<br><br>ALCATEL-LUCENT USA INC.,<br><br>and<br><br>THIRD GENERATION PARTNERSHIP PROJECT, a/k/a 3GPP<br><br>Defendants. | Case No. 2:11-cv-4574 (RK) |

**JOINT MOTION FOR A PROTECTIVE ORDER**

Pursuant to Rule 26(c), Plaintiff TruePosition, Inc. ("TruePosition") and Defendants LM Ericsson Telephone Company ("Ericsson"), Qualcomm Inc. ("Qualcomm"), Alcatel-Lucent USA Inc. ("Alcatel-Lucent"), and the Third Generation Partnership Project ("3GPP") (collectively, the "Parties") jointly move this Court for a protective order to protect the disclosure of the Parties' (and non-parties') confidential information in this action. The Parties agree on most provisions of the proposed protective order, but the Parties have reached impasse on two disputed provisions. Accordingly, the Parties respectfully request that the Court resolve these issues prior to entering a protective order that will govern discovery in this litigation. This joint motion is the entirety of the Parties' briefing on this matter.

Exhibit A is the proposed protective order. It includes in separate brackets the Plaintiff's and Defendants' proposed clauses for each of the disputed sections: Section 6.2(b) at Pages 10-

11; and Section 7 at Pages 14-15. Below are the Parties' respective position statements on each disputed section.

**Section 6.2(b) of the Proposed Protective Order**

**Plaintiff's Position**

Several persons who once were employed by the Parties and were directly involved in events relevant to this case no longer work for the Parties. It is reasonable to expect over the next two to three years, additional employees who are knowledgeable about the facts of this case will leave the employment of the Parties. The Parties may continue to need the testimony of these former employees after their employment ends. Consequently, TruePosition proposes to grant "former officers, directors, and employees of Parties" access to Confidential Information (not the more sensitive Highly Confidential or Outside Counsel Eyes Only Information) only if (a) "disclosure is reasonably necessary for this litigation" and (b) they accept the "Acknowledgement and Agreement to be Bound" binding themselves to abide by the terms of the Protective Order and subjecting themselves to the jurisdiction of this Court if they fail to do so. This will help the Parties obtain for the jury the full benefit of testimony from those whose memories may need to be refreshed as to events in which they participated. The two conditions upon such disclosure adequately safeguard against any potential harm to the Parties from disclosure of Confidential Information to the former employees.

Defendants propose to deny former officers, directors, and employees any access to Confidential Information that could assist their recollection of events. Instead, Defendants would permit such disclosures only under the procedures of section 6.5, requiring prior notice, objection, and application to the Court for dispute resolution. Defendants can show no "good cause" or "particular need" to prevent disclosure in confidence to former employees under the

Protective Order. *See Great W. Life Assur. Co v. Levithan,* 152 F.R.D. 494, 496 (E.D. Pa. 1994) (the party seeking the protective order under Rule 26 bears the burden of demonstrating "good cause" or "particular need" for the protection); *Miles v. Boeing Co.*, 154 F.R.D. 112, 114 (E.D. Pa. 1994) (good cause requires the moving party to show specific injury that allegedly would result); *Trans Pac. Ins. Co. v. Trans-Pacific Ins. Co.*, 136 F.R.D. 385, 391 (E.D. Pa. 1991) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule." (internal citations omitted)).[1] Moreover, Defendants' proposal is cumbersome, burdensome and inefficient. It would require amendments to the Protective Order to show former employees documents that describe their involvement in the events at issue in this case. It would also require amendments to the Protective Order every time a key employee leaves the employment of one of the Parties. Such procedures are acceptable to TruePosition where applied to third Parties with limited or tangential involvement in the case, or to Highly Confidential Information or Outside Counsel Eyes Only Information. They should not automatically apply to former employees whose testimony on the subjects is reasonably necessary and who affirmatively sign on to the terms of the Protective Order. TruePosition's proposal resolves this issue in advance in a manner that is most efficient for the Parties and the Court.

**Defendants' Position**

Section 6.2 subsections (c), (f), (g), (h), (i), and (j) provide that Confidential information may be shown to several types of individuals who are unaffiliated with any party or with the

---

[1] Rather than attempt to demonstrate good cause, defendants argue that their proposal to block former employees from viewing documents designated Confidential should be satisfactory because former employees might be permitted to view them under one of the other provisions of Section 6.2. Clearly, there will be circumstances where former employees do not fall within one of the other provisions of Section 6.2 and those are the very circumstances plaintiff seeks to address here.

adjudicative process. TruePosition insists that, in addition, it be permitted to disclose Confidential information to any of its "*former* officers, directors, and employees" based only on its unilateral determination of "reasonable necessity," and without notice to the Producing Party. However, a party has very little control over *former* officers, directors, and employees, and can have no general need to disclose litigation-related information to them. Defendants recognize that there may be specific situations in which disclosure to former officers, directors or employees is needed, but Defendants believe that such situations are amply provided for by Section 6.2 subsections (c), (f), (g), (h), (i), and (j). Thus, a person formerly associated with a party may be permitted to view Confidential information under subsection (f) if he is one of the "the author, addressees, or recipients of the document," or under subsection (g) if he is "identified in the document" or his "conduct or communications are substantially described in the document," or under subsections (h) and (i) if he is a witness at a deposition or at trial, or under subsection (c) if he is retained by a party as a consultant for purposes of the litigation. Meanwhile, subsection (j) provides flexibility to deal with any other legitimate need for disclosure to former employees that may arise. Defendants assume that all parties will cooperate in good faith in the application of these provisions.

TruePosition protests that some of its former employees were "directly involved in events relevant to this case," such that all former employees should have unfettered access to Defendants' Confidential information.[2] But TruePosition fails to acknowledge the numerous other subsections granting former employees access to this information when actually appropriate. In particular, to address TruePosition's two specific concerns, subsections (h) and (i) apply where TruePosition will "need the testimony" of a former employee, and subsections (f)

---

[2] TruePosition is free, of course, to show its former employees its own Confidential information.

and (g) permit a former employee to see documents regarding "events in which they participated." TruePosition fails to give any reason why former employees should be given access to Confidential information where none of these provisions apply.

In short, Defendants believe that Section 6.2 as a whole provides more than adequate access to former employees to view Confidential information. Stated another way, if a former employee is not an author, addressee, or copyee of a document, that person's name or conduct is not described in the document, and the former employee has not been retained as a consultant by the party, then it is logical and appropriate to require the party to use the fallback provision in subsection (j) and either obtain consent to the disclosure from the Designating Party, or seek permission from the Court. What does not make sense is to grant—as TruePosition proposes—carte blanche access to confidential information to any former employee of a party, in situations where that former employee never saw the document prior to litigation, the former employee's name or conduct is not otherwise mentioned in it, and that person is not a retained consultant or expert. Defendants' proposal is carefully and reasonably crafted and should be adopted by the Court, while TruePosition's is inappropriately permissive and will provide inadequate protection to producing parties.

## Section 7 of the Proposed Protective Order

### Plaintiff's Position

Defendants propose to require TruePosition to identify *any* expert or consultant – whether testifying or non-testifying – to whom it wishes to disclose confidential information and to obtain the Defendants' *approval* before making the disclosure. Such a provision represents an unwarranted intrusion into the "sacrosanct category" of which people counsel will employ for confidential pretrial consultation. *See In re Pizza Time Theatre Sec. Litig.*, 113 F.R.D. 94, 98

(N.D. Cal. 1986) ("A lawyer's decisions about which people to use in confidence for which purposes in preparing a case for trial is as central to lawyering strategy as one can get."); *see also* Fed. R. Civ. P. 26(b)(3). Such a provision is also contrary to the Federal Rules of Civil Procedure. Rule 26 provides that testifying experts will be identified "at an appropriate time during the discovery period," but the identities of non-testifying experts are generally not discoverable.[3]

There is no need for Defendants' broadly invasive procedure where there is a more targeted way to address the potential risk of disclosing competitively sensitive information to competitors. TruePosition's proposal respects the carefully-constructed categories of Rule 26 by creating a duty to disclose the identity of an expert or consultant only when that expert has worked for another Party or a direct competitor during the preceding 12 months.

Defendants seek to change the predominant practice of expert disclosures, and carry a very heavy burden to do so. *See, e.g., Bove v. Worlco Data Systems, Inc.*, Civ. A. No. 86-1419, 1987 U.S. Dist. LEXIS 422, at *6-7 (E.D. Pa. Jan. 22, 1987) (a party may only seek "through interrogatories" the identity of retained, non-testifying experts when information is not available through any other means). As courts repeatedly have found, merely seeking to protect confidential information from competitors is not a sufficient basis upon which to justify the forced disclosure of a party's experts pursuant to a protective order. *See, e.g., Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 251-52 (D. Kan. 2010); *MGP Ingredients, Inc. v. Mars, Inc.* No. 06-2318-JWL-DJW, 2007 U.S. Dist. LEXIS 16815, at *10-13 (D. Kan. Mar. 8, 2007). So

---

[3] *See* Notes of Advisory Committee on Rules – 1993 Amendment; Notes of Advisory Committee on Rules – 1970 Amendment ("Subdivision (b)(4)(B) . . . *precludes* discovery against experts who were informally consulted in preparation for trial, but not retained or specially employed . . . a party may *on a proper showing* require the other party to name experts retained or specially employed . . . .") (emphasis added).

long as the experts agree to be bound by the terms of the protective order, the confidential information is appropriately protected. *Layne Christensen*, 271 F.R.D. at 252; *MGP Ingredients*, 2007 U.S. Dist. LEXIS 16815, at *10-13.[4]

The Federal Rules and the cases to address this specific issue recognize that litigants should not be compelled to disclose any aspect of their litigation strategy to their adversaries. These long-accepted principles should not be ignored here, especially where the Defendants have offered no compelling explanation as to why this case deserves extraordinary treatment.

**Defendants' Position**

Under the proposed Protective Order, parties are authorized to disclose all confidential information, including "Outside Counsel's Eyes Only" information, to their retained experts. The world of positioning technology is very compact, however, and there is a genuine risk that any expert in these technologies or related markets either has or has had business relationships with competitors or potential competitors of one or more of the Defendants. An expert may even

---

[4] The cases relied upon by Defendants during the negotiation of the protective order further support TruePosition's position. The protective order in *In re Welding Fume Products Liability Litigation* did not require advance disclosure of expert identities; it required *in camera*, *ex parte* disclosure of an expert's identity and resume to the court for the most-sensitive "formulas and codes" documents, along with an "affirmation" that the expert is not employed by a competitor. *See* Confidentiality and Protective Order, 03-cv-17000, Dkt. No. 131 at 4, 7 (N.D. Ohio Feb. 9, 2004). *Eisai Co., Ltd. v. Teva Pharmaceuticals USA, Inc.* concerned patent infringement claims and was handed down after the relevant factual issues were developed so that the particularized need for the information could be properly evaluated by the court. *See, e.g.*, Letter from Plaintiffs to Compel Discovery, 05-cv-05727, Dkt. No. 61 (D.N.J. Mar. 22, 2007) (describing several rounds of discovery requests, depositions, and document productions). Here, in contrast, no documents have been produced and only one set of documents requests have been served to each Defendant. *Eisai* also concerned patent infringement claims, which are frequently litigated under special patent local rules to which accelerated, patent-only discovery schedules and procedures apply, including the mandatory disclosure of experts. *See, e.g.*, U.S. District Court of Western Pennsylvania Local Patent Rules § 4.3. Local patent rules do *not* apply in this case. *Id.* at § 1.3 ("These rules apply to all civil actions . . . which allege infringement of a utility patent . . . or which seek a declaratory judgment that a utility patent is not infringed, is invalid or is unenforceable.").

have had an antagonistic relationship with one of the Parties in the past. As a safeguard, and consistent with substantial precedent in this Circuit, Defendants propose a provision requiring minimal notice of an expert's identity (nothing but name, affiliation, and CV) and opportunity to object, before confidential information is disclosed to that expert. TruePosition insists that it be able to disclose Defendants' most confidential information to retained experts *without* any notice to the producing party, and thus without any opportunity to object, except in the very narrow case of an expert who has worked for another party or given "technical assistance" to "another Party or a direct competitor" within the past twelve months.

TruePosition's narrow view of what interactions require notice and the bare twelve-month period covered are gravely inadequate to guard against the risk of (even inadvertent) inappropriate use of Defendants' highly confidential business and technical information. Further, TruePosition proposes a purely unilateral decision: if a party hires a non-testifying expert who has worked (or still works) for a competitor of a Defendant, but decides that the nature of his work is not "technical assistance" (a vague term), or that his employer is not a "*direct*" competitor of the Defendant (another vague term), then neither the Defendants nor this Court will ever be aware of the engagement of, and disclosure of Defendants' confidential information to, this expert, and Defendants will have no opportunity to consider and raise any objections they may have, however strongly justified. TruePosition's definition also makes no sense with respect to testifying experts, whose identities *are* eventually disclosed. If a party has a legitimate basis to object to a testifying expert based on some past employment or engagement, that issue should be contested early on rather than when the expert submits a report and after that expert has been given, inappropriately, the confidential information of another party.

Defendants' request for minimal notice of *all* experts (testifying or not) to whom confidential information is to be disclosed is reasonable and non-intrusive. It is also basic discoverable information permitted by Rule 26(b)(1), as courts in this Circuit have recognized repeatedly.[5] In fact, a number of Federal district courts now expressly *require* such basic disclosure in local rules.[6] This Court should do the same in this case.

[5] *See Arco Pipeline Co. v. S/S Trade Star*, 81 F.R.D. 416, 417 (E.D. Pa. 1978) (holding that the "identity and location" of "Experts, whether or not they will be called to testify at trial" are discoverable under Rule 26(b)(1) without a showing of "exceptional circumstances"); *Butler v. Harrah's Marina Hotel Casino*, No. 86-cv-4471, 1987 WL 16691, *2 (E.D. Pa. 1987) (holding that Rule 26 "allows for the discovery of the identities of experts who are not expected to testify as witnesses," which is different from seeking facts or opinions held by an expert under the "exceptional circumstances" standard); *MacGillivray v. Consol. Rail Corp.*, No. 91-cv-774, 1992 WL 57915, *2, 3 (E.D. Pa. 1992) (citing *Butler* and *Arco* with approval); *see also Eisai Co. v. Teva Pharm. USA, Inc.*, 247 F.R.D. 440, 442 & n.2 (D.N.J. 2007) (requiring disclosure of non-testifying expert's identity and stating that providing an expert's name "does not . . . appear to provide any sort of a 'chilling effect' on the future use of experts" and is "not subject to a heightened showing of 'exceptional circumstances'"). The cases TruePosition cites all apply the "exceptional circumstances" standard, which as noted numerous district courts in the Third Circuit have not applied. *See also In re Welding Fume Prods. Liab. Litig.*, 534 F. Supp. 2d 761, 767-68 & n.8 (N.D. Ohio 2008) (noting that the rule of *Arco*, *Butler*, and *MacGillivray* has "greater general appeal").

[6] For example, the standard form of protective order adopted for use in the Northern District of California in cases such as this provides that a party seeking to disclose certain Protected Material to an Expert must first inform the Designating Party of the Expert's (1) name, (2) resume, (3) current employer, (4) sources of compensation, and (5) involvement in litigation in the past five years. *See* Section 7.4 in the Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, N. D. Cal. *See also* Default Protective Order, § 2.5, Local Patent Rules, S.D. Ohio (requiring advance disclosure of an expert's "name, address, and corporate, business or other professional affiliation or employment, together with a copy of the expert's *curriculum vitae* and a list of the expert's litigation or consulting engagements for the past three years").

Dated: January 9, 2013

Respectfully submitted,

/s/ John G. Harkins, Jr.

John G. Harkins, Jr.
Colleen Healy Simpson
HARKINS CUNNINGHAM LLP
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103-7042

Douglas E. Rosenthal
Seth D. Greenstein
Aymeric Dumas-Eymard
David Golden
Nneka Ukpai
CONSTANTINE CANNON LLP
Suite 1050 East Tower
1301 K Street, N.W.
Washington, DC 20005

Gordon Schnell
Alysia Solow
Axel Bernabe
Joel Chernov
Taline Sahakian
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017

Stuart Salen
Shelby Haverson
TRUEPOSITION, INC.
1000 Chesterbrook Blvd., Suite 200
Berwyn, PA 19312

*Counsel for TruePosition, Inc.*

/s/ Steven E. Bizar

Steven E. Bizar
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Ste. 3200
Philadelphia, PA 19102
(215) 665-8700

Arman Y. Oruc
SIMPSON THACHER & BARTLETT LLP
1155 F Street, N.W.
Washington, DC 20004
(202) 636-5500

Kevin J. Arquit
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000

*Counsel for LM Ericsson Telephone Company*

/s/ Francis P. Newell
Francis P. Newell
Peter M. Ryan
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

Ali M. Stoeppelwerth
Brian M. Boynton
WILMER CUTLER PICKERING HALE and DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000

*Counsel for Alcatel-Lucent USA Inc.*

/s/ Robert N. Feltoon
Robert N. Feltoon
CONRAD OBRIEN PC
1500 Market Street
West Tower - Suite 3900
Philadelphia, PA 19102
(215) 864-8064

Roger G. Brooks
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Counsel for Qualcomm Incorporated*

/s/ William S. D. Cravens
William S. D. Cravens
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, DC 20006-1806

Richard S. Taffet
Derek Care
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, NY 10022-4689

Stephen W. Armstrong
MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109

*Counsel for 3GPP*

**CERTIFICATE OF SERVICE**

I, Evelyn R. Protano, hereby certify that on January 9, 2013, I caused a true and correct copy of the Joint Motion for a Protective Order to be served upon the following by ECF and electronic mail:

**Counsel for Qualcomm Inc.**

Robert N. Feltoon
Conrad O'Brien PC
1500 Market Street
Centre Square West Tower, Ste. 3900
Philadelphia, PA 19102-2100
rfeltoon@conradobrien.com

Roger G. Brooks
Gary A. Bornstein
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, N.Y. 10019-7475
rbrooks@cravath.com
gbornstein@cravath.com

**Counsel for Alcatel-Lucent USA Inc.**

Francis P. Newell
Peter Michael Ryan
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103
fnewell@cozen.com
pryan@cozen.com

Ali M. Stoeppelwerth
Brian Boynton
Perry Lange
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
ali.stoeppelwerth@wilmerhale.com
brian.boynton@wilmerhale.com

perry.lange@wilmerhale.com

**Counsel for 3GPP**

Stephen W. Armstrong
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
sarmstrong@mmwr.com

Derek Care
Richard S. Taffet
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689
derek.care@bingham.com
richard.taffet@bingham.com

William S.D. Cravens
Bingham McCutchen LLP
2020 K Street, N.W.
Washington, DC 20006-1806
william.cravens@bingham.com

**Counsel for LM Ericsson Telephone Company (Telefonaktiebolaget LM Ericsson)**

Steven E. Bizar
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th Street, Ste. 3200
Philadelphia, PA 19102-2555
steven.bizar@bipc.com

Arman Y. Oruc
Conor A. Reidy
Simpson Thacher & Bartlett LLP
1155 F Street, N.W.
Washington, DC 20004
AOruc@stblaw.com
CReidy@stblaw.com

Kevin J. Arquit
Peri L. Zelig
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954
karquit@stblaw.com
pzelig@stblaw.com

s/ Evelyn R. Protano
Evelyn R. Protano