IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUEPOSITION, INC. | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-4574 (RK) |
| | ) | |
| v. | ) | |
| | ) | |
| LM ERICSSON TELEPHONE COMPANY, | ) | |
| | ) | |
| QUALCOMM INC., | ) | |
| | ) | |
| ALCATEL-LUCENT USA INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THIRD GENERATION PARTNERSHIP | ) | |
| PROJECT, a/k/a 3GPP | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

AND NOW, this _____ day of _____, upon consideration of Plaintiff

TruePosition, Inc.'s Motion to Compel Discovery Directed to Defendant Qualcomm Inc., it is

hereby ORDERED that the Motion is GRANTED.  For each search query proposed by

TruePosition that Qualcomm, Inc. asserts would require production of a burdensome number

of documents, it shall provide TruePosition with a report identifying the number of unique

documents "hit" by each such query that would not otherwise be required to be produced in

response to any other queries. Such report shall be provided to TruePosition within ten (10)

days of this Order.

BY THE COURT

_____
Hon. Robert F. Kelly, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUEPOSITION, INC. | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-4574 (RK) |
| | ) | |
| v. | ) | |
| | ) | |
| LM ERICSSON TELEPHONE COMPANY, | ) | |
| | ) | |
| QUALCOMM INC., | ) | |
| | ) | |
| ALCATEL-LUCENT USA INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THIRD GENERATION PARTNERSHIP | ) | |
| PROJECT, a/k/a 3GPP | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF TRUEPOSITION, INC.'S MOTION TO
COMPEL DISCOVERY DIRECTED TO DEFENDANT QUALCOMM INC.**

Plaintiff TruePosition, Inc. hereby moves the Court to compel defendant Qualcomm Inc. to produce documents pursuant to Federal Rules of Civil Procedure 37(a) and 26(g), and the Stipulated Order Establishing Protocol for Electronic Discovery (Dkt. No. 175).  The grounds set forth for this Motion are set forth in the accompanying Memorandum of Law and the Declaration of Axel Bernabe and Tuan Nguyen-Huynh, with Exhibits.

Date:  September 23, 2013                    Respectfully submitted,

                                            _____s/John G. Harkins, Jr._____
                                            John G. Harkins, Jr. (Atty. I.D. 4441)
                                            Colleen Healy Simpson (Atty.  I.D. 84956)
                                            HARKINS CUNNINGHAM LLP
                                            4000 Two Commerce Square
                                            2001 Market Street
                                            Philadelphia, PA 19103-7044
                                            (215) 851-6700

                                            Douglas E. Rosenthal
                                            Seth D. Greenstein
                                            Allison Sheedy
                                            David Golden
                                            Nneka Ukpai
                                            CONSTANTINE CANNON LLP
                                            1301 K Street, NW, Suite 1050 East Tower
                                            Washington, D.C. 20005
                                            (202) 204-3500

                                            Gordon Schnell
                                            Alysia Solow
                                            Jean Kim
                                            Axel Bernabe
                                            Taline Sahakian
                                            Daniel Vitelli
                                            CONSTANTINE CANNON LLP
                                            335 Madison Avenue, 9th Floor
                                            New York, N.Y. 10017
                                            (212) 350-2700

                                            Stuart Salen
                                            Shelby Haverson
                                            TRUEPOSITION, INC.
                                            1000 Chesterbrook Blvd., Suite 200
                                            Berwyn, PA 19312
                                            (610) 680-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUEPOSITION, INC. | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:11-cv-4574 (RK) |
| v. | ) | |
| | ) | |
| LM ERICSSON TELEPHONE COMPANY, | ) | |
| | ) | |
| QUALCOMM INC., | ) | |
| | ) | |
| ALCATEL-LUCENT USA INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THIRD GENERATION PARTNERSHIP | ) | |
| PROJECT, a/k/a 3GPP | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF TRUEPOSITION, INC.'S
MOTION TO COMPEL DISCOVERY DIRECTED TO DEFENDANT QUALCOMM INC.**

Plaintiff TruePosition, Inc. ("TruePosition") submits this Memorandum in Support of its Motion to Compel Discovery Directed to Defendant Qualcomm Inc. ("Qualcomm").

## I.    INTRODUCTION

TruePosition seeks by this motion to compel Qualcomm to comply with the procedures established by the Court in Stipulated Order Establishing Protocol for Electronic Discovery (Dkt. No. 175) (hereinafter "ESI Order"), requiring the parties to substantiate claims of burden with easily-generated computer search "hit" reports. The ESI Order unequivocally requires that the parties "*will* produce search term hit reports to support any claim that a particular search term is overbroad or burdensome." *See* ESI Order G.6(e) (emphasis added). Plaintiff and every defendant other than Qualcomm have followed this procedure, and as a result have successfully worked through differences as to the scope of the searches. Qualcomm has resisted providing hit

reports for 56 of the searches requested by TruePosition—more than half of the total number of proposed searches—based on a subjective belief that the searches may be too broad.  But the ESI Order requires the parties to provide objective reasons to narrow searches, not subjective beliefs. Where the hit report process was followed with the other defendants, TruePosition and the other parties successfully revised the searches to avoid burden, and TruePosition already has applied those refinements to its search terms for Qualcomm.

As shown below, TruePosition's request to follow the ESI Order procedures is reasonable, and the searches at issue are plainly relevant to the issues and defenses in this case. Qualcomm's refusal to provide the required hit reports has delayed discovery in this matter and ground negotiations to a standstill—thus necessitating this Motion.  TruePosition requests that its Motion be granted.

## II.     STATEMENT OF FACTS

### A.      The ESI Order Requires the Use of Search Terms and Hit Reports to Identify Relevant Documents to be Produced.

The ESI Order governs electronic discovery in this case.  Under that Order, and in accordance with standard, accepted electronic discovery practices, the parties may identify documents responsive to discovery requests by searching for key words in the documents.  *See* ESI Order G.3(d).  The search terms (or, when involving more than one word or term, "search queries") used in this process consist of a string of words that would likely be found in responsive documents among the universe of collected electronically stored information ("ESI"), connected by instructions that narrow the search and target the desired documents.[1]  Upon

---

[1] *See* Declaration of Axel Bernabe, dated September 23, 2013 ("Bernabe Decl.") Ex. 3 (2 Adam I. Cohen & David J. Lender, *Electronic Discovery: Law and Practice* §§ 33.01-.02 (2d ed. 2013)).

entering a search "query," the search software returns documents that contain the key words or "search terms."[2]

Parties electing to use key word searching must abide by the protocol established in the ESI Order.  First, each party discloses the search queries it proposes to use to identify responsive documents; and the opposing party provides a counterproposal.  Second, each party tests the accuracy and efficacy of the proposed search queries.  Third, any party claiming that a particular search query is overbroad or unduly burdensome (i.e., that the terms are imprecise or result in too many documents) must provide a report showing how many documents would be returned by a particular search query (a "hit report") to substantiate that claim of burden.  *See* ESI Order G.3-4, 6.  The parties must strictly follow this protocol as key word searching is the primary means of locating responsive documents.[3]

Generating the hit report requested by this Motion is a three-step process: (i) Qualcomm would electronically paste the list of TruePosition's requested searches into a text viewer and review text for syntax issues; (ii) electronically paste the text of the searches into a computer search engine for a final syntax check and correct any remaining issues; and (iii) use the computer to run the search and print the results.  *See* Declaration of Tuan Nguyen-Huynh, dated September 23, 2013 ("Nguyen-Huynh Decl.") ¶¶ 3-6.  This highly-automated process is not burdensome.  The human effort for steps (i) and (ii) may take a few seconds or minutes per search query; likewise, computers complete the search in a matter of seconds or minutes per query.  *Id.* ¶ 6.

---

[2] Bernabe Decl. Ex. 4 (Michael R. Arkfeld, *Arkfeld's Best Practices Guide: Information Technology Primer for Legal Professionals* § 6.4(A) (2013-2014 ed.)).

[3] *See* ESI Order G.8 (The parties "have no obligation to produce any documents . . . that are not either (a) captured by the agreed-upon or Court-ordered search terms and methodology to be applied to ESI; or (b) otherwise identified or known by the party to be non-privileged and responsive to a specific propounded discovery request . . . .").

TruePosition and all other Defendants have complied with the Court's Order and provided the required hit reports.

In accordance with the ESI Order, TruePosition presented to each of the Defendants a similar number of searches of similar character and length.  All other Defendants ran these searches and provided hit reports to support any claim that a particular search was overbroad or unduly burdensome in terms of the number of documents identified.  In response to these hit reports, TruePosition negotiated and narrowed any proposed searches that the hit reports showed were too broad.  Such negotiations have been productive and have resulted in agreement on searches to be used.[4]

TruePosition has followed the same process for the searches proposed by the Defendants. TruePosition agreed to run 237 separate search queries requested by Defendants.  Bernabe Decl. ¶ 7.  Those queries have resulted in the identification of over 1 million unique documents to be reviewed by TruePosition.  *Id.*  In addition to agreeing to a disproportionally larger number of searches, TruePosition also provided substantial hit reports and sampling data.  *See* Bernabe Decl. ¶ 7; Exs. 5-6, 10, 26.

TruePosition brings this Motion because, after months of negotiation, Qualcomm is the only party that refuses to follow the protocol established in the ESI Order by providing objective evidence of claims of burden, in two respects.  First, Qualcomm contends that "burden" should be calculated by adding the number of individual search words, rather than the number of documents identified by the search query process, and has refused to provide hit reports on that basis.  Second, Qualcomm claims that it is only required to provide a hit report when Qualcomm

---

[4] TruePosition and Ericsson have agreed to approximately 94 search queries, TruePosition and 3GPP have agreed to 157 search queries and are finalizing negotiations over eight queries, and TruePosition and Alcatel-Lucent have agreed to approximately 100 search queries and are finalizing negotiations on a handful of those queries. *See* Bernabe Decl. ¶¶ 2-6.

decides that the query is sufficiently tailored to warrant one.  As explained below, both positions are contrary to standard electronic discovery practice, and are untenable.

>    1.    *The Number of Document Hits Generated by a Search Query is the Relevant Metric, Not the Number of Words in the Query.*

TruePosition requests that Qualcomm run 107 search queries in total.  The parties have agreed to the use of 51 queries, and 56 queries remain in dispute.  Bernabe Decl. Exs. 1-2.  Although Qualcomm originally proposed using 120 queries, it now complains that TruePosition's queries use too many words and has refused to provide hit reports on that basis.[5]  But the number of words in a search query does not define the burden of a proposed search query.  And, as explained in the Declaration of Constantine Cannon's Director of Litigation Support, Tuan Nguyen-Huynh, there is minimal burden for Qualcomm to electronically "cut and paste" search queries from the list produced by TruePosition into the Qualcomm search software, and then run the search on computer; the impact of the number of words in a search query on that burden is inconsequential.  *See* Nguyen-Huynh Decl. ¶ 3.  What *is* relevant to burden is the number of documents that are "hit" by a particular query and would, therefore, need to be reviewed.

Longer search queries often *narrow* the search, reduce the number of document hits, and thereby reduce the burden.  Multi-term search queries can use limiting operators (e.g., AND or NOT) or proximity operators (e.g., using "W/#" to locate only documents where the connected words are within a specified distance from each other) to narrow the results.[6]  For example, a

---

[5] Bernabe Decl. Exs. 7-9.

[6] This type of searching is called "Boolean" searching.  *See* Bernabe Decl. Ex. 3 (2 Cohen & Lender, *Electronic Discovery: Law and Practice* § 33.02).  Multi-term Boolean search queries are generally more precise than single-term searches; and including synonyms or abbreviations separated by "OR" operators (e.g., "Eastern District of Pennsylvania" OR EDPA OR "E.D. Pa.") increases the likelihood of capturing relevant documents.  Another common technique uses a

search for "3GPP" will return any document with the word "3GPP" present, while a search query of "3GPP AND position" returns only documents that have both terms present; adding "NOT GPS" would further reduce the number of hits.  Thus, the number of words in a search query is an irrelevant metric.  A longer, well-crafted query often returns fewer document hits than a shorter query, and is therefore less burdensome.

Thus, the only way to analyze burden is to provide a hit report that calculates the number of documents identified.  In particular, given that different searches often identify some of the same documents, it is necessary to calculate the number of additional, unique documents identified by a particular search when calculating the incremental burden of that search.  This is done by eliminating from the calculation repeat documents that are identified by more than one search.

2. *The ESI Order Requires Hit Reports to Support Any Claims that Searches Are Overly Broad or Unduly Burdensome*.

The ESI Order expressly requires the parties to provide hit reports to support claims that a particular search and its results are overbroad or unduly burdensome: "Regarding search terms and the search process, The Parties agree: . . . (e) To test the accuracy and efficacy of their proposed search terms and *will produce search term hit reports to support any claim that a particular search term is overbroad or burdensome*."  ESI Order G.6(e) (emphasis added).

Hit reports are required for two reasons.  First, hit reports avoid the unproductive exercise of debating subjective beliefs as to whether a particular search query will or will not capture a significant number of documents, and provide concrete, objective data as to whether a search is burdensome or not.  Since running the search is itself not burdensome, the burden of a particular

---

shortened form of a word followed by an asterisk or exclamation point, to "hit" all forms (e.g., singular, plural, different tenses, noun, verb, and gerund) of the word from that root.

search is defined by the number of unique documents "returned," that is, identified, by that search. Second, hit reports allow a party to identify the word or words that result in the burden, and to rectify the imprecision as appropriate to narrow the number of "hits" to a reasonable level.[7] By providing objective data, hit reports facilitate productive negotiations. They are the essential tool to allow parties and courts to weigh the "burden or expense of the proposed discovery" against its "likely benefit." *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

Qualcomm recognizes the importance of hit reports in substantiating burden objections, because it asked TruePosition to produce such reports concerning TruePosition's documents. In its correspondence to TruePosition, Qualcomm has stated that "to the extent that TruePosition continues to object to [Defendants' proposed] queries on the basis of a claim of burden, we request that TruePosition provide the overall number of *unique* documents hit by the queries and terms proposed by Defendants . . . . Only such a calculation will enable Defendants to assess any claim of undue burden with respect to any particular query or term." Bernabe Decl. Ex. 10. But when asked to provide such a hit report for TruePosition's proposed queries, Qualcomm's position is different: Qualcomm claims that it is not required to provide a hit report until it unilaterally decides that a query is sufficiently tailored to the allegations in the Amended Complaint to warrant a hit report. This position turns the ESI Order on its head, requiring TruePosition to respond to Qualcomm's claims of overbreadth or burden *before* it will provide the hit report.[8]

---

[7] For example, a search may unintentionally capture a word that appears in the footer of every email sent by a custodian. A hit report would reveal this imprecision and would allow the parties to revise the search to avoid such "miss-hits."

[8] Qualcomm also is refusing to substantiate its own proposals to narrow the search terms at issue. At least ten of the disputed searches were originally proposed, and subsequently narrowed, by Qualcomm itself. Yet Qualcomm will not produce hit reports to justify why those searches should be narrowed.

As one example, TruePosition crafted a query to locate clearly relevant documents concerning violations of the rules, regulations, procedures, guidelines, due process requirements, or other policies of 3GPP's Organizational Partners, including ETSI.[9]  The query includes terms that TruePosition used repeatedly in the Amended Complaint, including variations on the words "due process," "violation," "influence" and "abuse."  *See*, *e.g.*, Am. Compl. ¶¶ 8, 13, 14, 45, 64, 65, 77, 108, 136 (Dkt. No. 91).  TruePosition further targeted the request to "hit" only the uses of those words within 25 words of ETSI.  Qualcomm argues that the query would "subject[] Qualcomm to undue burden."  Mem. in Opp'n to Pl. TruePosition's Mot. to Compel Disc. Directed to Def. Qualcomm at 20 (Dkt. No. 201).  Yet Qualcomm refuses to generate a hit report to substantiate its contention.  Bernabe Decl. Ex. 12.  It is precisely to avoid disputes over hypothetical burdens that the ESI Order requires hit reports.  If Qualcomm provides a hit report that supports its objections, TruePosition is willing to negotiate and narrow the query.  Bernabe Decl. Exs. 12-14.  However, it is contrary to the ESI Order, and fundamentally unfair, for Qualcomm to insist that TruePosition repeatedly negotiate against itself and narrow its queries unless Qualcomm substantiates its claim of burden with a hit report.  *See id.*

Moreover, as noted above, it is not burdensome for Qualcomm to provide the hit report requested by this Motion.  It likely would take Qualcomm approximately **three hours or less** to run a hit report for the contested searches.  The entire process of generating a hit report would have taken Qualcomm less time, and would have been less burdensome, than writing a letter objecting to providing the hit report.  In fact, when Qualcomm refused to provide a hit report for an earlier counterproposal (containing more than the 107 proposed searches), not only did

---

[9] *See* Bernabe Decl. Ex. 11 (Request No. 34).  The dispute over this document request is currently pending before the Court.  Pl. TruePosition, Inc.'s Mot. to Compel Disc. Directed to Def. Qualcomm (Dkt. No. 190); Mem. in Opp'n to Pl. TruePosition's Mot. to Compel Disc. Directed to Def. Qualcomm (Dkt. No. 201).

TruePosition confirm with its e-discovery vendor that it would take approximately three hours to enter the searches and approximately thirty minutes of computer time to generate the report, but TruePosition's counsel's litigation support department actually ran the searches in the stated time frame.  Bernabe Decl. Ex. 15.

      **B.**      **Qualcomm Has Violated the ESI Order and Impeded Negotiations.**

The parties exchanged search proposals in February and March of this year.[10]  Even after months of negotiation, Qualcomm still refuses to produce a hit report for 56 of the total 107 queries proposed by TruePosition.

Qualcomm's initial proposal was incomplete and inadequate.  It lacked synonyms for many search terms, and did not include searches designed to capture documents relevant to issues and defenses in this antitrust case, such as documents concerning competition, market power, or the alleged conspiracy.  Qualcomm refused to accept TruePosition's counterproposal and refused to provide a hit report to substantiate its objections.  Bernabe Decl. Exs. 8-9. Instead, Qualcomm requested that TruePosition narrow its counter-proposed searches *before* it would provide a hit report.  Qualcomm repeatedly promised that if TruePosition continued narrowing its queries Qualcomm would provide hit reports that provided the unique number of hits for the contested searches.

In an effort to resolve this dispute, TruePosition narrowed its counterproposal on five separate occasions: May 10, May 24, June 19, July 9, and August 20.  Bernabe Decl. Exs. 17-21. Qualcomm has only provided hit-rate information with respect to twenty-seven searches.  Of

---

[10] Qualcomm's initial proposal consisted of 120 queries, 57 of which were multi-term search queries.  Bernabe Decl. Ex. 7.  TruePosition's initial counterproposal consisted of 239 queries. Bernabe Decl. Exs. 16-17.

these, Qualcomm only provided the unique number of documents identified with respect to two searches. In response, TruePosition further narrowed those two queries. Bernabe Decl. ¶ 9.

Shortly before this motion was filed, Qualcomm asserted that <u>all</u> contested searches resulted in 1.2 million document hits in the aggregate. Bernabe Decl. ¶ 10. Qualcomm would not identify which of the searches it considered to remain "contested," or any particular query that had a disproportionately large hit rate. *Id.* Without such information, it is impossible to know which searches may be overbroad and how they should be narrowed.

TruePosition respectfully requests the Court to Order that for each search query proposed by TruePosition that Qualcomm asserts would require production of a burdensome number of documents, it shall provide TruePosition with a report identifying the number of unique documents "hit" by each such query that would not otherwise be required to be produced in response to any other queries. Such report shall be provided to TruePosition within ten (10) days of this Order.

## III.    ARGUMENT

### A.    Legal Standard

Under the Federal Rules of Civil Procedure, courts balance the "burden or expense of the proposed discovery" against its "likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii); *see also Wilson v. Int'l Flavors & Fragrances, Inc.,* Civ. A. No. 09-5475 (AET), 2010 U.S. Dist. LEXIS 43405, at *15 (D.N.J. May 4, 2010) (internal quotation omitted) (Courts "balance the clear relevance of the information against the burden on defendant."). "Where a party contends that the sought discovery causes an undue burden, they must demonstrate *specifically* how each item of discovery is objectionable by 'offering evidence revealing the nature of the burden.'" *Northern v. City of Phila.,* Civ. A. No. 98-6517, 2000 U.S. Dist. LEXIS 4278, at *5-6 (E.D. Pa. Apr. 4,

2000) (emphasis added) (quoting *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296 (E.D. Pa. 1980)); *see also Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 103 (E.D. Pa. 2010) (ordering production of documents where defendant failed to adequately substantiate argument as to burden).

Pursuant to the stipulation of all parties, this Court's ESI Order already provides a means to measure burden in an objective manner.

Courts in this Circuit have often looked to the Sedona Principles and Sedona Commentaries to resolve disputes regarding the production of ESI or metadata. *See, e.g., Larson v. AT&T Mobility LLC*, 687 F.3d 109, 131 n.33 (3d Cir. 2012); *Romero*, 271 F.R.D. at 106-07; *Ford Motor Co. v. Edgewood Props., Inc.,* 257 F.R.D. 418, 424 (D.N.J. 2009).  In accordance with these principles, courts have found that the burden rests with the party objecting to the production of ESI or metadata to show undue hardship or expense. *See, e.g.*, *Romero*, 271 F.R.D. at 107.  The Sedona Principles likewise contemplate that the parties provide one another (and courts) with a *factual foundation* by which to evaluate claims of burden. The Sedona Conference, *The Case for Cooperation,* 10 Sedona Conf. J. 339, 350 (2009 Supp.) found at https://thesedonaconference.org/system/files/caseforcooperation_0.pdf; *see also Am. Fed. of State Cnty. & Mun. Emps. v. Ortho-McNeill Janssen Pharm., Inc.*, Civ. A. No. 08-cv-5904, 2010 U.S. Dist. LEXIS 13571, at *14 & n.40 (E.D. Pa. Dec. 21, 2010) (citing same and ordering parties to cooperate).  The ESI Order in this case imposes the same reasonable obligation: a party must support its claim that a particular search term is overbroad or burdensome by providing hit reports.  ESI Order G.6(e).

**B.      The Court Should Order Qualcomm to Run All Search Queries Requested Because the Search Queries Are Tailored to Identify Responsive Documents.**

This antitrust case alleges anticompetitive conduct by three telecom leaders – Qualcomm, Ericsson, and Alcatel-Lucent.  The Amended Complaint charges that defendants acted in concert to violate the due process rules of an international standard-setting organization, Defendant 3GPP, and thereby delay or exclude TruePosition's positioning technology from the 3GPP standards for 4G networks (and therefore from the market for positioning equipment).  Am. Compl. ¶¶ 1, 2, 4 (Dkt. No. 91).  TruePosition alleges that the three Corporate Defendants conspired to exclude TruePosition's U-TDOA positioning technology in order to gain a decisive lead in getting to market their competing positioning technology and to cement their dominant position in the market.  *Id.* ¶ 2.  TruePosition alleges that Defendants effectuated their conspiracy through their abuse of their Chairman positions within 3GPP, and by violating the due process required of standard-setting organizations.  *Id.* ¶ 1.

TruePosition counter-proposed 107 searches to identify responsive documents that reference (i) positioning technologies standardized at 3GPP; (ii) competition and the alleged conspiracy to exclude TruePosition's technology; and (iii) the parties, key custodians, and non-parties that were directly involved in the standardization of positioning technologies at 3GPP. Bernabe Decl. Exs. 1-2.  Qualcomm accepts fifty-one of those searches, but contests and refuses to provide hit reports for fifty-six of those searches.  Of those fifty-six, Qualcomm contests the relevance of only six.  Bernabe Decl. Exs. 22-24.  Four of the six searches target documents responsive to Requests for Production 34 and 35 and Second Requests for Production 1 and 2,

the relevance of which is fully briefed by the parties and pending the Court's determination.[11]
The remaining two searches for which there is a dispute over relevance are:

1.    ((market OR markets) W/10 (power* OR control* OR domina* OR
      exclu* OR foreclos*)) OR "market share" OR "market shares" OR "share
      of the market"
2.    conspir* OR collu*

The terms in the first search target documents related to fundamental elements of
TruePosition's antitrust claim: documents concerning the relevant markets, and defendants'
power within those markets to exclude or foreclose competition.  The terms in the second search
target documents at the core of TruePosition's antitrust conspiracy case.  The word "conspiracy"
(and variants thereof) appears 54 times in the Amended Complaint.  The word "collude" (and
variants thereof) appears 23 times in the Amended Complaint.  These searches are relevant.  The
searches are also precise, given that they will be applied to the ESI of 18 custodians, all of whom
were involved in events alleged in the Amended Complaint and all of whom worked on the
standardization of positioning technologies.  Notably, other defendants have accepted these
searches, or variations thereof.

The only rational objection to these searches is that they might identify too many
documents; this is an objection of burden, not of relevance.  But under the ESI Order, claims that
searches are overbroad or burdensome must be supported by hit reports.  ESI Order G.6(e).

As demonstrated above, generating a hit report is not burdensome.  In fact, Qualcomm
has demonstrated that it is able to generate hit reports when it suits Qualcomm.  In Qualcomm's
Opposition to TruePosition's recent Motion to Compel, Qualcomm provided aggregate hit

---

[11] Pl. TruePosition, Inc.'s Mot. to Compel Disc. Directed to Def. Qualcomm (Dkt. No. 190);
Mem. in Opp'n to Pl. TruePosition's Mot. to Compel Disc. Directed to Def. Qualcomm (Dkt.
No. 201).

reports in an effort to convince the Court that it would face a heavy burden if the Court granted TruePosition's motion.[12]

In any event, Qualcomm has not quantified or articulated any purported burden in providing the required hit reports.  As early as April 12 TruePosition requested that Qualcomm "articulate and quantify the burden" of providing the requested hit report.  Bernabe Decl. Ex. 13.  Qualcomm's only response was that "those Defendants who have raised your recent proposal with their [ESI] vendor, were told that running your proposal would take close to a week . . . ."  Bernabe Decl. Ex. 25.  While TruePosition challenged this statement, the best proof of its baselessness is this:  all three Defendants other than Qualcomm *did* run hit reports which served as the basis for successful negotiations that achieved an agreed set of terms for each.  Yet, nearly five months later and despite repeated and substantial narrowing of TruePosition's counter-proposed searches, Qualcomm still has not provided the hit reports that the ESI Order requires.

## IV.    CONCLUSION

For the foregoing reasons, TruePosition respectfully requests the Court to Order that for each search query proposed by TruePosition that Qualcomm asserts would require production of a burdensome number of documents, it shall provide TruePosition with a report identifying the number of unique documents "hit" by each such query that would not otherwise be required to be produced in response to any other queries.  Such report shall be provided to TruePosition within ten (10) days of this Order.

---

[12] Mem. in Opp'n to Pl. TruePosition's Mot. to Compel Disc. Directed to Def. Qualcomm at 20 (Dkt. No. 201); Decl. of R. Feltoon In Supp. of Mem. in Opp'n to Pl. TruePosition's Mot. to Compel Disc. Directed to Def. Qualcomm ¶ 8 (Dkt. 201-1).  Notably, Qualcomm did not provide these hit reports to TruePosition; it only provided them to the Court *after* the motion was filed. In any event, the report neither responds to this Motion nor complies with the ESI Order. Qualcomm ran queries that TruePosition had already agreed in writing to narrow; and aggregate hit reports covering multiple queries do not identify which specific queries may create the bulk of the burden.

Date:  September 23, 2013                    Respectfully submitted,

                                                  s/John G. Harkins, Jr.
                                           John G. Harkins, Jr. (Atty. I.D. 4441)
Colleen Healy Simpson (Atty.  I.D. 84956)
HARKINS CUNNINGHAM LLP
4000 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103-7044
(215) 851-6700

Douglas E. Rosenthal
Seth D. Greenstein
Allison Sheedy
David Golden
Nneka Ukpai
CONSTANTINE CANNON LLP
1301 K Street, NW, Suite 1050 East Tower
Washington, D.C. 20005
(202) 204-3500

Gordon Schnell
Alysia Solow
Jean Kim
Axel Bernabe
Taline Sahakian
Daniel Vitelli
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, N.Y. 10017
(212) 350-2700

Stuart Salen
Shelby Haverson
TRUEPOSITION, INC.
1000 Chesterbrook Blvd., Suite 200
Berwyn, PA 19312
(610) 680-1000

Attorneys for TruePosition, Inc.

15

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUEPOSITION, INC. | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-4574 (RK) |
| | ) | |
| v. | ) | |
| | ) | |
| LM ERICSSON TELEPHONE COMPANY, | ) | |
| | ) | |
| QUALCOMM INC., | ) | |
| | ) | |
| ALCATEL-LUCENT USA INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THIRD GENERATION PARTNERSHIP | ) | |
| PROJECT, a/k/a 3GPP | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF COMPLIANCE

In compliance with Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B) and

Local Rule 26.1(f), undersigned counsel hereby certifies that counsel representing plaintiff has in

good faith conferred and attempted to confer on a number of occasions through oral

conversations and written correspondence with counsel for defendants in efforts to obtain

without court action the materials sought by Plaintiff TruePosition, Inc.'s Motion to Compel

Discovery Directed to Defendant Qualcomm Inc.  Despite these efforts, the parties have been

unable to resolve the disputes.

_____
s/Axel Bernabe

Date:  September 23, 2013

## CERTIFICATE OF SERVICE

I, Evelyn R. Protano, hereby certify that on September 23, 2013 I caused true and correct copies of Plaintiff TruePosition, Inc.'s Motion to Compel Discovery Directed to Defendant Qualcomm Inc.; and Declaration of Tuan Nguyen-Huynh, to be served upon the following by ECF.  The Declaration of Axel Bernabe with exhibits is being filed under seal by hand in the Clerk's Office today and will be served on counsel on Tuesday, September 24, 2013 by the following means:

### BY HAND DELIVERY

Stephen W. Armstrong
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
sarmstrong@mmwr.com

Steven E. Bizar
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th Street, Ste. 3200
Philadelphia, PA 19102-2555
steven.bizar@bipc.com

Robert N. Feltoon
Conrad O'Brien PC
1500 Market Street
Centre Square West Tower, Ste. 3900
Philadelphia, PA 19102-2100
rfeltoon@conradobrien.com

Francis P. Newell
Peter Michael Ryan
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103
fnewell@cozen.com
pryan@cozen.com

**BY FIRST CLASS MAIL**

Kevin J. Arquit
Peri L. Zelig
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954
karquit@stblaw.com
pzelig@stblaw.com

Roger G. Brooks
Gary A. Bornstein
Yonatan Even
John D. Biancamano
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, N.Y. 10019-7475
rbrooks@cravath.com
gbornstein@cravath.com
yevens@cravath.com
jbiancamano@cravath.com

Derek Care
Richard S. Taffet
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689
derek.care@bingham.com
richard.taffet@bingham.com

William S.D. Cravens
Bingham McCutchen LLP
2020 K Street, N.W.
Washington, DC 20006-1806
william.cravens@bingham.com

Conor A. Reidy
Peter C. Thomas
Simpson Thacher & Bartlett LLP
1155 F Street, N.W.
Washington, DC 20004
CReidy@stblaw.com
pthomas@stblaw.com

2

Ali M. Stoeppelwerth
Brian Boynton
Perry Lange
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
ali.stoeppelwerth@wilmerhale.com
brian.boynton@wilmerhale.com
perry.lange@wilmerhale.com

s/Evelyn R. Protano