IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUEPOSITION, INC. | ) | |
|                  Plaintiff, | ) | Case No. 2:11-cv-4574 (RK) |
| | ) | |
| v. | ) | |
| | ) | |
| LM ERICSSON TELEPHONE COMPANY, | ) | |
| | ) | |
| QUALCOMM INC., | ) | |
| | ) | |
| ALCATEL-LUCENT USA INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THIRD GENERATION PARTNERSHIP PROJECT, a/k/a 3GPP | ) | |
| | ) | |
|                  Defendants. | ) | |

## **ORDER**

AND NOW, this _____ day of _____, 2013, upon consideration of the Motion of Third Generation Partnership Project for Reconsideration and, in the Alternative, for Certification of an Interlocutory Appeal, and the response of plaintiff TruePosition, Inc., IT IS HEREBY ORDERED that the Motion is DENIED.

BY THE COURT

_____
Hon. Robert F. Kelly, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUEPOSITION, INC. | ) | |
|                  Plaintiff, | ) | Case No. 2:11-cv-4574 (RK) |
| | ) | |
| v. | ) | |
| | ) | |
| LM ERICSSON TELEPHONE COMPANY, | ) | |
| | ) | |
| QUALCOMM INC., | ) | |
| | ) | |
| ALCATEL-LUCENT USA INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THIRD GENERATION PARTNERSHIP PROJECT, a/k/a 3GPP | ) | |
| | ) | |
|                  Defendants. | ) | |

**RESPONSE OF TRUEPOSITION, INC. TO MOTION OF DEFENDANT THIRD GENERATION PARTNERSHIP PROJECT FOR RECONSIDERATION AND, IN THE ALTERNATIVE, FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL**

TruePosition opposes 3GPP's Motion for reconsideration or certification under 28 U.S.C. § 1292(b). 3GPP contends that the Court has made two clear errors of law.[1] 3GPP Memorandum in Support of Motion ("3GPP Mem.") at 2 (Oct. 17, 2013) (Dkt. No. 218-1). The only errors here are 3GPP's, and both result from 3GPP's mischaracterizations of the Court's Opinion – not from the Opinion itself. There is no basis either for reconsideration or for certification of any question on interlocutory appeal, and therefore 3GPP's Motion should be denied.

---

[1] Clear error of law is one of three grounds justifying a motion for reconsideration. *See N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). 3GPP does not assert any intervening change in law or new evidence.

**1. 3GPP's Motion Asserts No Valid Basis for Reconsideration.**

3GPP first asserts that the Court found the four allegedly-breached Working Procedure Articles were ambiguous, and that ambiguities should be resolved after discovery and not on the pleadings.  *Id.* at 3-7.  This argument misstates this Court's holding: that the four Articles are too indefinite to be enforceable as a matter of contract law.  In granting TruePosition's Motion for Judgment on the Pleadings against 3GPP's Counterclaims and related affirmative defenses, the Court held that "even if the parties did intend to form a contract, the terms of Working Procedures Articles 8, 29, 39 and 40 are too indefinite to be enforced."  Memorandum Opinion at 11 (E.D. Pa. Oct. 9, 2013) (Docket No. 209) ("Opinion").  The Court found that "the parties' obligations are unclear" under each of the four Articles,[2] and that "the Articles do not discuss what actions constitute a breach and what would occur if a Member fails to abide by their terms."  *Id*. at 12-13.  Because those Articles fail to set forth the nature and extent of a Member's obligations, or what constitutes a breach, or what consequences might flow from a breach, "the factfinder, as well as this Court, are left in the untenable position of determining what actions actually constitute a breach without being able to rely on the requisite certainty of the Articles' terms."  *Id.* at 13.  The Court thus held that these Articles failed to create an enforceable contract and dismissed 3GPP's Counterclaims and redundant affirmative defenses.  Recognizing that the fundamental legal deficiency of the alleged contractual language could not be ameliorated by pleading additional facts, the Court properly denied 3GPP leave to amend the Counterclaims.  *Id.* at 18-19.

---

[2] *See Lombardo v. Gasparini Excavating Co.*, 123 A.2d 663, 666 (Pa. 1956) ("for there to be an enforceable contract, the nature and extent of its obligation must be certain").

3GPP hooks on to the Opinion's use of the word "ambiguous" when introducing examples of how the Working Procedures fail to specify the obligations of a member or the nature or consequences of an alleged breach. 3GPP Mem. at 3-4 (citing Opinion at 13). However, the Court did not hold the Articles to be legally ambiguous, *i.e.*, that their terms are capable of more than one definite and enforceable meaning.[3] Indefiniteness is different: their terms are incapable of forming any enforceable contract.[4] The Opinion is clear as to this difference, and that indefiniteness grounds its holding. The Court refers to its finding of indefiniteness more than ten (10) times, Opinion at 10 n.10, 11, 13, 14 & n.12, 17; and discusses at length the legal requirement of definiteness to support the existence of an enforceable contract, *id*. at 5-6, 11-13.

3GPP's second argument, that failure to specify the grounds and consequences of a breach does not render the Articles unenforceable,[5] similarly misstates the Court's findings. Although as a matter of law those failures standing alone would support a determination of unenforceability,[6] they are not standing alone. The Court held that the Articles lack the requisite certainty about another necessary contract element – what obligations the Articles purport to

---

[3] *See Z&L Lumber Co. of Atlasburg v. Nordquist*, 502 A.2d 697, 700 (Pa. Super. 1985) (contract is ambiguous "if, and only if, it is reasonably or fairly susceptible of different constructions and is capable of being understood in more senses than one and is obscure in meaning through indefiniteness of expression or has a double meaning.") (quoting *Metzger v. Clifford Realty Corp.*, 476 A.2d 1, 11 (Pa. Super. 1984).

[4] *See Reed v. Pittsburgh Bd. of Pub. Educ.*, 862 A.2d 131, 135 (Pa. Commw. Ct. 2004) ("If a court, due to indefiniteness or incompleteness, is unable to determine if a contract was performed, the court must find no contract existed in the first place") (citation omitted).

[5] 3GPP Mem. at 7-9.

[6] Pennsylvania has adopted the Restatement (Second) of Contracts § 33 (1979), which provides that a contract is not formed unless its terms "provide a basis for determining the existence of a breach and for giving an appropriate remedy." *Reed*, *supra*, 862 A.2d at 135.

create. "The lack of specificity regarding a 3GPP member's obligations makes the Articles too indefinite to support the formation of a contract." Opinion at 11; *id.* at 12-13. In other words, the Articles are unenforceable because they fail to define not only what it means to breach but also, more fundamentally, what is required to comply. 3GPP cites no case finding a contract where terms also fail that requirement.

In short, 3GPP cannot win reconsideration by assuming away the underpinnings of the Court's decision. There is no ambiguity in the Court's holding of indefiniteness, and no substantive grounds for reconsideration.

Nor is there a procedural reason for the Court to reconsider 3GPP's arguments. First, there is no reason to delay decision pending discovery. No factual dispute exists as to which terms allegedly form a contract, and the parties' subjective intent is irrelevant. *Am. Eagle Outfitters v. Lyle & Scott Ltd.,* 584 F.3d 575, 585 (3d Cir. 2009). There exists only a question of law as to whether the terms meet the definiteness requirement, *id.*, on which 3GPP bears the burden of proof. *Edmondson v. Zetusky*, 674 A.2d 760, 764 (Pa. Commw. Ct. 1996). Second, 3GPP's contention that it had no opportunity to address indefiniteness (3GPP Mem. at 2) is readily dispatched using 3GPP's own words. As its Response in Opposition succinctly states, 3GPP understood TruePosition's indefiniteness argument was on the table, and it responded with the precise "ambiguity" theory upon which it now seeks reconsideration:

> TruePosition attempts to escape this conclusion by arguing that these Articles describe only optional, rather than mandatory, conduct *and are too indefinite to be enforced*. At most, however, TruePosition offers only a competing interpretation of the Working Procedures and *a suggestion of ambiguity – which argument cannot as a matter of law be decided on a motion for judgment on the pleadings*.

3GPP Response in Opposition at 15 (Aug. 30, 2013) (Dkt. No. 196) (emphasis added; footnote and citation omitted).  Thus, 3GPP's Motion attempts to improperly reargue matters already presented to and decided by the Court, and should be denied.  *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (a proper motion for reconsideration asks the Court to consider matters it overlooked, not to "rethink what [it] already had thought through") (quotation and citations omitted).

## 2.  Certification of Interlocutory Appeal Should be Denied.

Under 28 U.S.C. § 1292(b), "a district court may certify an interlocutory order for immediate appeal if the order (1) involves 'a controlling question of law,' (2) there is 'substantial ground for difference of opinion,' and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'"  Memorandum Opinion denying Corporate Defendants' Motion for Certification at 3 (E.D. Pa. Sept. 14, 2012) (Dkt. No. 142) (quotations and citations omitted).  None of these factors is met here.  Misstatements about the Court's Opinion do not raise any question of law, let alone a controlling one.  That 3GPP had to resort to such misstatements to contrive its Motion demonstrates the absence of any "substantial ground."  And, in light of the above, 3GPP's Motion makes clear its purpose solely to delay progress of the litigation.  The alternative grounds for the Motion have no merit.

WHEREFORE, and for such reasons as this Court may find just and proper, 3GPP's Motion for Reconsideration or Certification should be denied.

Date:  October 22, 2013                    Respectfully submitted,

                                                               s/ John G. Harkins, Jr.
John G. Harkins, Jr. (Atty. I.D. 4441)
Colleen Healy Simpson (Atty.  I.D. 84956)
HARKINS CUNNINGHAM LLP
4000 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103-7044
(215) 851-6700

Douglas E. Rosenthal
Seth D. Greenstein
Allison Sheedy
David Golden
Nneka Ukpai
CONSTANTINE CANNON LLP
1301 K Street, NW, Suite 1050 East Tower
Washington, D.C. 20005
(202) 204-3500

Gordon Schnell
Alysia Solow
Jean Kim
Axel Bernabe
Taline Sahakian
Daniel Vitelli
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, N.Y. 10017
(212) 350-2700

Stuart Salen
Shelby Haverson
TRUEPOSITION, INC.
1000 Chesterbrook Blvd., Suite 200
Berwyn, PA 19312
(610) 680-1000

## **CERTIFICATE OF SERVICE**

I, Evelyn R. Protano, hereby certify that on October 22, 2013 I caused true and correct copies of Plaintiff TruePosition's Response to Motion of Defendant Third Generation Partnership Project for Reconsideration and, in the Alternative, For Certification of An Interlocutory Appeal to be served upon the following by ECF and electronic mail:

Stephen W. Armstrong
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
sarmstrong@mmwr.com

Steven E. Bizar
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th Street, Ste. 3200
Philadelphia, PA 19102-2555
steven.bizar@bipc.com

Robert N. Feltoon
Conrad O'Brien PC
1500 Market Street
Centre Square West Tower, Ste. 3900
Philadelphia, PA 19102-2100
rfeltoon@conradobrien.com

Francis P. Newell
Peter Michael Ryan
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103
fnewell@cozen.com
pryan@cozen.com

Kevin J. Arquit  
Peri L. Zelig  
Simpson Thacher & Bartlett LLP  
425 Lexington Avenue  
New York, NY 10017-3954  
karquit@stblaw.com  
pzelig@stblaw.com  

Roger G. Brooks  
Gary A. Bornstein  
Yonatan Even  
John D. Biancamano  
Benjamin H. Diessel  
Cravath, Swaine & Moore LLP  
Worldwide Plaza  
825 Eighth Avenue  
New York, N.Y. 10019-7475  
rbrooks@cravath.com  
gbornstein@cravath.com  
yevens@cravath.com  
jbiancamano@cravath.com  
bdiessel@cravath.com  

Derek Care  
Richard S. Taffet  
Bingham McCutchen LLP  
399 Park Avenue  
New York, NY 10022-4689  
derek.care@bingham.com  
richard.taffet@bingham.com  

William S.D. Cravens  
Bingham McCutchen LLP  
2020 K Street, N.W.  
Washington, DC 20006-1806  
william.cravens@bingham.com  

Conor A. Reidy  
Peter C. Thomas  
Simpson Thacher & Bartlett LLP  
1155 F Street, N.W.  
Washington, DC 20004  
CReidy@stblaw.com  
pthomas@stblaw.com

        Ali M. Stoeppelwerth
        Brian Boynton
        Perry Lange
        Wilmer Cutler Pickering Hale and Dorr LLP
        1875 Pennsylvania Avenue, NW
        Washington, DC 20006
        ali.stoeppelwerth@wilmerhale.com
        brian.boynton@wilmerhale.com
        perry.lange@wilmerhale.com

                            s/ Evelyn R. Protano
                              Evelyn R. Protano