# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| TRUEPOSITION, INC., | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| LM ERICSSON TELEPHONE COMPANY (TELEFONAKTIEBOLAGET LM ERICSSON), QUALCOMM, INC., ALCATEL-LUCENT USA, INC., EUROPEAN TELECOMMUNICATIONS STANDARDS INSTITUTE and THIRD GENERATION PARTNERSHIP PROJECT a/k/a 3GPP, | : : : : : : : : | No. 11-4574 |
| Defendants. | : | |

## ORDER

**AND NOW**, this 25ᵗʰ day of October, 2013, upon consideration of the Motion

of Defendant Third Generation Partnership Project ("3GPP") For Reconsideration And, In The

Alternative, For Certification Of An Interlocutory Appeal (Doc. No. 218), and the Response In

Opposition filed by TruePosition, Inc. ("TruePosition") (Doc. No. 219), it is hereby **ORDERED**

that the Motion is **DENIED**.

The portion of 3GPP's Motion requesting reconsideration is **DENIED** because

reconsideration is only granted in three situations: (1) an intervening change in the controlling

law; (2) the availability of new evidence that was not available previously; or (3) the need to

correct a clear error of law or fact to prevent manifest injustice. See Max's Seafood Café v.

Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance

Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). In this case, there is no intervening change in

controlling law. 3GPP has submitted no new evidence. Pertaining to our decision to grant TruePosition's Motion for Judgment on the Pleadings, we find that there is no need to correct a clear error or to prevent manifest injustice. Thus, we will not grant a motion for reconsideration in these circumstances.

Arguing in the alternative, 3GPP moves for certification of an interlocutory appeal. Pursuant to 28 U.S.C. § 1292(b), a District Court must certify that : (1) that the order involves a controlling question of law; (2) that there is substantial ground for difference of opinion; and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). We are of the opinion that the granting of TruePosition's Motion for Judgment on the Pleadings did not involve a controlling question of law and an immediate appeal from the Court's October 9, 2013 Order (Doc. No. 210) will not materially advance the ultimate termination of the litigation. See id. As such, 3GPP's request for certification of an interlocutory appeal is **DENIED**.

BY THE COURT

ROBERT F. KELLY
SENIOR JUDGE

2