OUTSIDE COUNSEL EYES ONLY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUEPOSITION, INC.<br>　　　　　　Plaintiff,<br>v.<br>LM ERICSSON TELEPHONE COMPANY,<br>QUALCOMM INC.,<br>ALCATEL-LUCENT USA INC.,<br>and<br>THIRD GENERATION PARTNERSHIP PROJECT, a/k/a 3GPP<br>　　　　　　Defendants. | Case No. 2:11-cv-4574 (RK) |

### REPLY IN SUPPORT OF PLAINTIFF TRUEPOSITION'S
### CROSS-MOTION TO AMEND PROTECTIVE ORDER

TruePosition respectfully submits this short reply to clarify the factual record and correct several misstatements contained in Defendants' Combined Memorandum in Opposition to Plaintiff TruePosition's Cross-Motion to Amend Protective Order and Reply in Support of Defendants' Motion to Compel ("Defendants' Combined Brief") (Dkt. No. 240).

*First*, TruePosition seeks, as it proposed in its October 29, 2013 meet-and-confer and its letter of that date to Defendants, to redact only the customer identifying information of REDACTED

REDACTED

REDACTED

REDACTED (*See* Ex. 1 to Decl. of T. Sahakian ("Sahakian Decl."), Dkt. No. 235 (filed under seal); Decl. of S. Salen ("Salen Decl.") ¶¶ 6-7 and Ex. 1 to Decl. of S. Salen, Dkt. No. 235

(filed under seal)).[1] As stated in that October 29 letter, TruePosition is providing unredacted information and documents concerning its other government and commercial customers, and is willing to provide all responsive information, including sales information, related to that REDACTED REDACTED acquisition of U-TDOA based equipment and services from TruePosition, redacting *only* information that would disclose the customer's identity. (Ex. 1 to Sahakian Decl., Dkt. No. 235 (filed under seal); *see also* Ex. 2 to Sahakian Decl., Dkt. No. 235 (filed under seal) (sample proposed redactions)). (Alternatively, TruePosition has proposed to use a codename for the customer such as "Customer A.") (Dkt. No. 235, Salen Decl. ¶ 9 (filed under seal)). This is the sole issue raised by TruePosition's Motion to Amend Protective Order, the sole proposal on the table, and the sole issue for the Court to decide.

*Second*, the cases cited by Defendants in their Combined Brief do not support their contentions. In *United States v. Reynolds*, 345 U.S. 1 (1953), widows of deceased civilians brought tort claims against the government related to the crash of a military aircraft. The United States attempted to withhold from discovery the official accident report associated with the crash, on the basis of the military and state secret privileges. *Id.* at 4-5, 7.[2] Here, TruePosition does not invoke any such privilege, but more importantly, no similarly substantive discovery is at issue: TruePosition proposes to protect *only the identity* of REDACTED (*See*

---

[1] Contrary to the implications of Defendants' Combined Brief, TruePosition generally discussed with Defendants a number of its objections to the Second Request for Production of Documents before October 29. However, the October 29 meet-and-confer was the first and only opportunity to discuss TruePosition's October 23 proposal to jointly amend the Protective Order. As TruePosition's October 29 letter demonstrates, those discussions had only begun, and pending proposals and questions to Defendants remained unresolved.

[2] The other case cited by Defendants, *Grumman Aerospace Corp. v. Titanium Metals Corp. of Am.*, 91 F.R.D. 84 (E.D.N.Y. 1981), similarly involved production of a substantive report prepared by a defendant related to its liability in the case. The Court ordered the report produced on a number of grounds, but none involving REDACTED REDACTED  *Id.* at 87-90.

2

Ex. 1 to Sahakian Decl., Dkt. No. 235 (filed under seal)).  Unlike in *Reynolds,* Defendants' ability to analyze responsive documents, to understand all pertinent facts concerning the substance of the contract, and otherwise to formulate their defenses, will not be affected.  (*Id.*).

To the extent Defendants argue that *TruePosition* has no cause to raise this issue (Defendants' Combined Brief, Dkt. No. 240, at 9-10), we politely disagree.  REDACTED REDACTED REDACTED,[3] as explained in the sworn declaration from TruePosition's General Counsel attached to TruePosition's Motion, and the Confidentiality Agreement attached thereto.  (Salen Decl. ¶¶ 6-9, Dkt. No. 235 (filed under seal)).  REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED REDACTED

As for potential prejudice, which is the only substantive portion of Defendants' Combined Brief (Dkt. No. 240, at 11-12), Defendants' argument is pretextual.  TruePosition will

---

[3] The case law cited in footnote 8 of Defendants' Combined Brief likewise fails to address this. *See Krumwiede v. Brighton Assocs., L.L.C.*, Case No. 05 C 3003, 2006 U.S. Dist. LEXIS 70535, at *7 (N.D. Ill. Sept. 12, 2006) (analyzing whether disclosure of documents produced pursuant to protective order in one case in a separate litigation violated protective order); *Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 234 (N.D. Ind. 1992) (holding that defendant failed to demonstrate the information he attempted to shield was the confidential information of a third party).

not rely on the identity of REDACTED for any portion of its affirmative case against

Defendants. REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

TruePosition would produce these documents redacting only identifying information.

*Finally*, while this is not the time or place to address the merits, Defendants' second attempt to take a free swipe at U-TDOA technology bears correction. (Defendants' Combined Brief, at 2-3, Dkt. No. 240). The "scathing" comments of T-Mobile to the FCC relate solely to the utility of U-TDOA location in rural counties, and apply equally to all location methods that rely on communications with multiple cell sites—*including Defendants' O-TDOA technology*.[4] Despite Defendants' willingness to hurl stones at their own glass house, the cited comments have nothing to do with the efficacy of TruePosition's technology in urban, suburban, and indoor environments, which are the environments cited in the allegations of the Amended Complaint. (*See* Am. Compl. ¶¶ 113-114, Dkt. No. 91). More to the point, they are irrelevant to the subject of the present motion—amending the Protective Order to shield the name and identifying information of REDACTED

REDACTED

---

[4] That was the conclusion of a committee tasked by the FCC with reviewing positioning technologies potentially useful for indoor location. *See* Communications Security, Reliability and Interoperability Council, Working Group 4C, "Technical Options for E9-1-1 Location Accuracy Final Report" at 37 (March 14, 2011) ("OTDOA is also expected to be challenged in areas where cell site spacing is greater than 15 miles, where there is difficult terrain (such as large hills or mountains), or in areas where the cell site geometry is in a line providing coverage along only a major road (the 'string of pearls' configuration)."), *available at* http://transition.fcc.gov/pshs/docs/csric/CSRIC_4C_Comprehensive_Final_Report.pdf

OUTSIDE COUNSEL EYES ONLY

For the reasons set forth above, TruePosition respectfully requests that its Motion to Amend Protective Order be granted.

Dated:  November 20, 2013                              Respectfully submitted,

*/s/ John G. Harkins, Jr.*
John G. Harkins, Jr. (Atty. I.D. 04441)
Colleen Healy Simpson (Atty. I.D. 84956)
HARKINS CUNNINGHAM LLP
4000 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103-7044
(215) 851-6700

Douglas E. Rosenthal
Seth D. Greenstein
Allison Sheedy
David Golden
Nneka Ukpai
CONSTANTINE CANNON LLP
1301 K Street, NW, Suite 1050 East Tower
Washington, D.C. 20005
(202) 204-3500

Gordon Schnell
Alysia Solow
Jean Kim
Axel Bernabe
Taline Sahakian
Daniel Vitelli
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, N.Y. 10017
(212) 350-2700

Stuart Salen
Shelby Haverson
TRUEPOSITION, INC.
1000 Chesterbrook Blvd., Suite 200
Berwyn, PA 19312
(610) 680-1000