IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUEPOSITION, INC.<br><br>          Plaintiff,<br><br>vs.<br><br>LM ERICSSON TELEPHONE COMPANY (TELEFONAKTIEBOLAGET LM ERICSSON)<br><br>QUALCOMM, INC.<br><br>ALCATEL-LUCENT USA INC.<br><br>and<br><br>THIRD GENERATION PARTNERSHIP PROJECT A/K/A 3GPP<br><br>          Defendants. | Case No. 2:11-cv-4574-RK<br><br>**REDACTED** |

**DECLARATION OF BENJAMIN H. DIESSEL IN SUPPORT OF DEFENDANT QUALCOMM INC.'S MOTION TO COMPEL PLAINTIFF TRUEPOSITION, INC. TO ANSWER CERTAIN INTERROGATORIES**

I, BENJAMIN H. DIESSEL, hereby declare as follows:

1. I am an Associate attorney at Cravath, Swaine & Moore LLP, which represents Defendant Qualcomm Incorporated ("Qualcomm") in the above-captioned action. I have been admitted *pro hac vice* to practice before this Court. I submit this declaration in support of Defendant Qualcomm Inc.'s Motion to Compel Certain Interrogatory Responses Directed to Plaintiff TruePosition, Inc. ("TruePosition").

2. On August 14, 2013, TruePosition served its First Set of Interrogatories Directed to Defendant Qualcomm (Aug. 14, 2013) ("TruePosition's Interrogatories").

3. On September 20, 2013, Qualcomm served its First Set of Interrogatories Directed to Plaintiff TruePosition, Inc. ("Qualcomm's Interrogatories"), a true and correct copy of which is attached hereto as Exhibit 3.

4. On September 30, 2013, Qualcomm served its Responses and Objections to Plaintiff TruePosition, Inc.'s First Set of Interrogatories, a true and correct copy of which is attached hereto as Exhibit 12.

5. Among TruePosition's Interrogatories were two that asked Qualcomm to identify "all communications" on two topics: "all oral communications relating to the December 2008 Work Item from July 1, 2008 to March 31, 2009" (Interrogatory No. 2); and "all communications by those persons outside of Your company relating to simulations of U-TDOA for potential inclusion in a 3GPP standard for LTE" (Interrogatory No. 6). In responding to these interrogatories, Qualcomm undertook considerable effort to identify responsive communications, including

conducting interviews of nine Qualcomm employees and review of thousands of documents.

   6. Qualcomm's relevant responses to TruePosition's Interrogatories Nos. 2 and 6 ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████

███████████████████████

   7. On October 21, 2013, TruePosition served its Responses and Objections to Defendant Qualcomm's First Set of Interrogatories ("Responses"), a true and correct copy of which is attached hereto as Exhibit 10.  TruePosition's Responses were deficient, including because they failed substantively to respond to Interrogatories Nos. 3 and 4, and because TruePosition refused discovery concerning TruePosition's foreign government customers.

   8. On November 12, 2013, counsel for Qualcomm wrote to counsel for TruePosition concerning these deficiencies and asking TruePosition to meet and confer on these subjects.  A true and correct copy of this letter is attached hereto as Exhibit 4.

   9. On November 14, 2013, counsel for TruePosition wrote to counsel for Qualcomm, stating, with respect to Interrogatory No. 4, that Interrogatory No. 4 is a "contention interrogatory" and premature "until expert reports are required". TruePosition failed to address Interrogatory No. 3 at all, as well as the specific deficiencies in its Responses identified by Qualcomm in its November 12 letter.

TruePosition refused to meet and confer on all requested topics, stating that it would not meet and confer with Qualcomm with respect to "information about communications with foreign governments" while Qualcomm's previous Motion to Compel was pending, but stating that counsel would be willing to meet and confer on "any other issue".  A true and correct copy of this letter is attached hereto as Exhibit 5.

10. On November 18, 2013, TruePosition served its Amended Responses and Objections to Defendant Qualcomm's First Set of Interrogatories ("Amended Responses"), in which TruePosition amended its response to Interrogatory No. 3.  TruePosition's Amended Responses, like its Responses, did not identify any communications responsive to, or any customers with whom TruePosition communicated concerning the subject of, Qualcomm's Interrogatory No. 3. ███████████████ ███████████████████████████████████████████████ ███████████████████  A true and correct copy of TruePosition's Amended Responses is attached hereto as Exhibit 9.

11. On December 2, 2013, counsel for Qualcomm wrote to counsel for TruePosition, again requesting to meet and confer, "leaving aside those issues that are the subject of the pending motion to compel".  Counsel for Qualcomm stated that TruePosition "continues to ignore both the clear language of Interrogatory 3 and our November 12 letter, and [its] Amended Response continues to be nonresponsive," and that TruePosition's justifications for its deficient Responses to Interrogatory No. 4 are without any basis in the law.  Qualcomm requested that TruePosition meet and confer on these points on either December 6 or December 11.  A true and correct copy of this letter is attached hereto as Exhibit 6.

12. TruePosition did not respond to this request to meet and confer. On December 6, 2013, counsel for Qualcomm wrote to counsel for TruePosition and again requested to meet and confer on December 9 regarding TruePosition's deficient responses to Interrogatory Nos. 3 and 4. A true and correct copy of this letter is attached hereto as Exhibit 7.

13. On December 9, 2013, counsel for TruePosition wrote to counsel for Qualcomm reiterating that it would stand on its responses to Interrogatory Nos. 3 and 4. TruePosition did not accept, or even mention, Qualcomm's offer to meet and confer. A true and correct copy of this letter is attached hereto as Exhibit 8.

14. In light of the foregoing events, I certify pursuant to Local Rule 26(f) that the parties, after reasonable effort, are unable to resolve the disputes discussed in the accompanying Memorandum of Law.

15. Attached hereto as Exhibit 2 is a true and correct copy of "Reply Comments of AT&T" filed with the FCC, dated February 18, 2011.

16. Attached hereto as Exhibit 1 is a true and correct copy of "Reply Comments of T-Mobile USA, Inc." filed with the FCC, dated November 16, 2013.

17. Attached hereto as Exhibit 11 is a true and correct copy of excerpts from TruePosition's Amended Complaint, dated February 3, 2012.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 6, 2014.

*/s/ Benjamin Diessel*
Benjamin Diessel